FILED
JANUARY 29, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRISTOBAL GARIBAY, RODRIGO ALVARENGA, and CARLOS GONZALEZ, on behalf of themselves and all other similarly situated persons, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>GARDEN FRESH - MOUNT PROSPECT, INC., GARDEN FRESH – ARLINGTON HEIGHTS, INC. GARDEN FRESH FRUIT MARKET, INC and ADI MOR, individually,<br><br>Defendants. | Case No.<br><br>Judge<br><br>**08 C 636**<br><br>**JUDGE GUZMAN**<br><br>**MAGISTRATE JUDGE VALDEZ** |

## COMPLAINT

Plaintiffs Cristobal Garibay, Rodrigo Alvarenga, and Carlos Gonzalez, on behalf of themselves and all other similarly situated persons, known and unknown, through their attorneys, for their Complaint against Defendants Garden Fresh – Mt. Prospect, Inc., Garden Fresh – Arlington Heights, Inc., Garden Fresh Market, Inc., and Adi Mor, individually (collectively "Defendants") state as follows:

### NATURE OF PLAINTIFFS' CLAIMS

1.  This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C.§ 201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.* ("IMWL"), for Defendants' failure to pay all overtime wages to Plaintiffs and other similarly situated persons for all time worked in excess of forty (40) hours in individual workweeks. A copy of Plaintiffs'

1

consent forms to act as representative Plaintiffs in this collective action under the FLSA are attached hereto as Group Exhibit A.

2. Defendants own and operate at least 8 grocery stores in the Chicago metropolitan area. Plaintiffs and the class they represent are hourly employees who work for Defendants in excess of forty (40) hours in individual work weeks, but are not paid state and federal overtime wages required by 820 ILCS 105/1, *et seq.* and 29 U.S.C. §201, *et seq.*

## THE PARTIES

3. At all material times hereto, Plaintiffs were "employee(s)" of Defendants as that term is defined in the FLSA and the IMWL.

4. Plaintiffs reside in and are domiciled within this judicial district.

5. Within the prior three years, Plaintiffs were employed by Defendants as "employee(s)" as defined by Section 3(d) of the IMWL, 820 ILCS 105/3, and Section 3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1).

6. At all relevant times, Defendants were Plaintiffs' "employers" subject to the IMWL, 820 ILCS §105/3(c) and the FLSA, 29 U.S.C. §203(d).

7. During the course of their employment, Plaintiffs handled goods that moved in interstate commerce and were not exempt from the maximum hour provisions of the FLSA, 29 U.S.C. §207, or the IMWL, 820 ILCS 105/1 *et seq.*

8. Defendant Garden Fresh – Mt. Prospect, Inc. is an Illinois corporation doing business within this judicial district. Defendant Garden Fresh – Mt. Prospect, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

9. Defendant Garden Fresh – Arlington Heights, Inc. is an Illinois corporation doing business within this judicial district. Defendant Garden Fresh – Arlington Heights, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

10. Defendant Garden Fresh Fruit Market, Inc. is an Illinois corporation doing business within this judicial district. Defendant Garden Fresh Fruit Market, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

11. Defendant Adi Mor is involved in the day-to-day business operations of Defendants. Among other things, Defendant Adi Mor has the authority to hire and fire employees, to direct and supervise the work of the employees, sign on the checking accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures.

12. Defendant Adi Mor resides and is domiciled in this judicial district.

### BACKGROUND FACTS

13. Defendants operate multiple grocery stores throughout the Chicago metropolitan area that operate under the name "Garden Fresh Market," including the following:

    a. Garden Fresh Market - Chicago
       5701 West Belmont Ave.

    b. Garden Fresh Market - Wheeling
       1786 Hintz Rd.

    c.    Garden Fresh Market - Mundelein
          400 Townline Rd.

    d.    Garden Fresh Market - Northbrook
          275 Skokie Blvd.

    e.    Garden Fresh Market - Mt. Prospect
          1145 Mt. Prospect Plaza

    f.    Garden Fresh Market - Arlington Heights
          600 East Rand Rd.

    g.    Garden Fresh Market - Round Lake Beach
          965 East Rollins Rd.

    h.    Garden Fresh Market - Naperville
          955 W 75th Street

14.    All the stores identified in paragraph 13, above, operate as a unified operation and a common enterprise, with a common business purpose. Among other things:

    a.    Plaintiff Garibay worked for Defendants at both their Mt. Prospect and Arlington Heights stores. Similarly, Plaintiff Carlos Gonzales worked for Defendants at both their Mt. Prospect and Arlington Heights stores;

    b.    Other persons employed by Defendants likewise worked for various Garden Fresh Market locations operated by Defendants;

    c.    Employee payroll is prepared at a common location by the same employees;

    d.    The stores use the same vendors and suppliers;

    e.    The stores have the same business purpose;

    f.    Defendants are commonly owned by Adi Mor and/or certain other unknown partners and/or other shareholders;

    g.    Defendants have, from time to time, shared and continued to share managers, supervisors, and employees;

    h.    Each store utilizes the same payroll practices that are alleged herein to violate the FLSA and IMWL.

4

15. Defendants failed to compensate Plaintiffs, and failed to compensate other employees, at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks. For example, Defendants:

   a. Pay employees their straight-time regular rate of pay for all time worked, including time worked in excess of forty (40). For the workweek ending October 21, 2007, Plaintiff Garibay worked 46 hours, but Garibay was paid his regular straight rate of pay ($10.00) for all 46 hours, without overtime wages. See Exhibit B, attached hereto.

   b. Split employee payroll checks between different store locations to avoid the payment of overtime pay. Plaintiff Carlos Gonzales worked at the Arlington Heights and Mt. Prospect stores during the work week ending December 23, 2007. Gonzales worked for Defendants a total of total of 72 hours during this work week; 49.5 hours at the Arlington Heights location and 22.50 hours at the Mt. Prospect location. Defendants paid Gonzales with two paychecks for this work week, one check from the Arlington Heights locations in the amount of 49.5 hours (40 hours straight-time and 9.5 hours of overtime) and a second check from the Mt. Prospect location in the amount of 22.5 hours at his straight-time regular rate of pay. Thus, Plaintiff was paid only 9.5 hours of overtime pay, instead of the 32 hours of overtime that he actually worked for Defendants. See Exhibit C, attached hereto.

   c. Split employee payroll checks between an employee and a pseudonym. Defendant required Plaintiff Rodrigo Alvarenga to work under two names in the same work week. Defendants then "split" Plaintiff Alvarenga's compensation between two weekly payroll checks, to avoid the payment of overtime pay. For example, in one work week, Plaintiff Alvarenga was paid with a payroll check made payable to (a) Kelvin Alvarenga reflecting the hours Plaintiff worked up to forty (40) hours per week, and (b) the a payroll check made payable to Jesus Peralta reflecting the hours Plaintiff worked over forty (40) in the work week. See Exhibit D, attached hereto. At different times, Plaintiff Rodrigo Alvarenga was required to work under the names Kelvin Alvarenga, Jesus Peralta, Adrian Celaya and Kelvin Alvarrayoa.

16. Other employees likewise worked in excess of forty (40) hours in individual work weeks, but were not paid their earned overtime wages.

5

17. Defendants have previously been sued in the state and federal courts for their failure to pay overtime wages. See, for example, Case No, 2004 CH 11421, filed in the Circuit Court of Cook County, and Case No. 05 C 643, filed in the Northern District of Illinois.

## JURISDICTION AND VENUE

18. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C §1331, rising under 29 U.S.C. §216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

## CLASS ACTION ALLEGATIONS

19. With respect to the IMWL claim, Plaintiffs seek to represent a class that is composed of and defined as:

> all persons who have been employed by Defendants or their predecessors in at least the past three (3) years, or since January, 2005, through and including the present, and who have not been paid overtime wages at a rate of one and one half times their regular rate for all the time they worked over forty (40) hours in individual work weeks (herein "IMWL Class")

20. Plaintiffs seeks certification of this lawsuit as a class action, in order that the rights of Plaintiffs and the IMWL Class, including all overtime wages due, punitive damages, prejudgment interest, and any other damages due, be resolved.

21. This action is brought as a class action, Fed. R. Civ. P. 23, because the the IMWL Class is so numerous that joinder of all class members is impracticable.

22. The Named Plaintiffs and the IMWL Class have been equally affected by the maximum hour violations of Defendants and their failure to pay overtime wages. While the precise number the IMWL Class has not been determined at this time, Plaintiffs believe that Defendants have had in excess of 100 persons (100) employees during the IMWL Class Period.

6

The Named Plaintiffs and the IMWL Class have been equally affected by Defendants' failure to pay overtime wages to Plaintiffs and the class.

23. Furthermore, the IMWL Class members still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

24. The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations which may exist between members of the class, if any.

25. The Named Plaintiffs and the IMWL Class, and Defendants have a commonality of interest in the subject matter and remedy sought.

26. The Named Plaintiffs are able to fairly and adequately represent and protect the interests of the IMWL Class. Plaintiffs' Counsel is competent and experienced in litigating large wage and hour and other employment class actions.

27. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the IMWL Class, to the Court, and to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

28. The books and records of Defendants are material to Plaintiffs' case as they disclose the hours worked by the IMWL Class and what each member of the IMWL Class was paid for that work.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages
### (Collective Action)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 28 of this Complaint, as if fully set forth herein.

29. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, in failing to pay overtime wages to Plaintiffs and similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks.

30. Plaintiffs were directed by Defendants to work, and worked, in excess of forty (40) hours per week.

31. Pursuant to 29 U.S.C. § 207, Plaintiffs were entitled to be compensated at a rate of one and one-half times their regular hourly for all time worked in excess of forty (40) hours in individual workweeks.

32. Pursuant to 29 U.S.C. § 207, other similarly situated employees were entitled to be compensated at a rate of one and one-half times their regular hourly for all time worked in excess of forty (40) hours in individual workweeks.

33. Defendants' failure and refusal to pay Plaintiffs overtime wages for time worked in excess of forty (40) hours per week violated the Fair Labor Standards Act, 29 U.S.C. § 207.

34. Defendants' failure to pay Plaintiffs overtime wages for time worked in excess of forty (40) hours per week violated the Fair Labor Standards Act, 29 U.S.C. § 207.

35. Defendants' failure to pay other similarly situated employees overtime wages for time worked in excess of forty (40) hours per week to violated the Fair Labor Standards Act, 29 U.S.C. § 207.

36. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiffs and other similarly-situated employees overtime wages for time worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. a judgment in the amount of one and one-half times Plaintiffs' and similarly situated employees' hourly wage rate for all time which Plaintiffs worked in excess of forty (40) hours per week;

B. liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. reasonable attorneys' fees and costs incurred in filing this action; and

D. such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (Class Action)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 28 of this Complaint, as if fully set forth herein.

37. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

38. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this class action pursuant to 820 ILCS 105/12(a) and Fed. R. Civ. P 23.

39. Pursuant to 820 ILCS 105/4(a), for all weeks during which Plaintiffs and the IMWL Class worked in excess of forty (40) hours, Plaintiffs and the IMWL Class are entitled to

9

be compensated at one and one-half times their regular hourly rates of pay for time worked in excess of forty (40) hours per week.

40. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiffs and the IMWL Class at one and one-half times their regular hourly rate of pay for time worked in excess of forty (40) hours per week.

41. Pursuant to 820 ILCS 105/12(a), Plaintiffs and the IMWL Class are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs and the IMWL Class pray for a judgment against Defendants as follows:

A. a judgment in the amount of one and one-half times Plaintiffs' and the IMWL Class' hourly rate for all time which Plaintiffs worked in excess of forty (40) hours in individual work weeks;

B. punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. reasonable attorneys' fees and costs incurred in filing this action; and

D. such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: January 29, 2008

s/Douglas M. Werman
DOUGLAS M. WERMAN (ARDC #6204740)
MAUREEN A. BANTZ (ARDC#6289000)
Werman Law Office, P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiffs

# EXHIBIT A

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by Garden Fresh Mt. Prospect, or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendants time in excess of forty (40) hours in individual work weeks, and have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: _Cristobal Garibay_ (Print your name)

Signature: _[signature]_

Date on which I signed this Notice: _12/4/07_ (Today's date)

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by Garden Fresh Mt. Prospect, Inc, or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendants time in excess of forty (40) hours in individual work weeks, and have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: _Rodrigo Alvarenga._   (Print your name)

Signature: _[signature]_

Date on which I signed this Notice: _01-18-08_
(Today's date)

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by Garden Fresh, or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendant time in excess of forty (40) hours in individual work weeks, and have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: __CARLOS GONZALEZ__   (print your name)

Signature: _/s/_

Date on which I signed this Notice: __01/16/08__
(today's date)

# EXHIBIT B

Case 1:08-cv-00636 Document 1 Filed 01/29/2008 Page 16 of 20

| File Number | Name | | | | |
|---|---|---|---|---|---|
| 0292 | CRISTOBAL GARIBAY | | | | GARDEN FRESH MT PROSPECT INC |
| Company 0349 | Division | Department 0002 | Check Number | Social Security Number XXX-XX-1541 | 1145 MT PROSPECT PLAZA MT PROSPECT, IL 60056 |
| Period Start OCT 15, 2007 | Period Ending OCT 21, 2007 | Check Date OCT 25, 2007 | Fed M 06 St M 06 | | |

| EARNINGS | | | | TAXES | | DEDUCTIONS | | YEAR TO DATE | |
|---|---|---|---|---|---|---|---|---|---|
| DESCRIPTION | HOURS | RATE | AMOUNT | DESCRIPTION | AMOUNT | DESCRIPTION | AMOUNT | DESCRIPTION | AMOUNT |
| REGULAR | 46.00 | 10.0000 | 460.00 | FICA | 28.52 | | | GROSS | 2216.88 |
| | | | | MEDFICA | 6.67 | | | FICA | 137.45 |
| | | | | IL | 6.88 | | | MEDFICA | 32.14 |
| | | | | | | | | STATE | 24.98 |
| **Totals** | 46.00 | | 460.00 | | 42.07 | | 0.00 | Check Number 0054574 | Net Pay *******417.93 |

# EXHIBIT C

## Paystub 1

| File Number | Employee Name | Company Name and Address |
|---|---|---|
| 0027 | CARLOS GONZALES | GARDEN FRESH MT PROSPECT INC |
| Company: 0349 | Department: 0002 | 1145 MT PROSPECT PLAZA |
| | Social Security Number: XXX-XX-9033 | MT PROSPECT, IL 60056 |
| Period Start: DEC 17, 2007 | Period Ending: DEC 23, 2007 | Check Date: DEC 27, 2007 |
| | FW- M 03  ST- M 03 | |

### EARNINGS

| DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|
| REGULAR | 22.50 | 8.5000 | 191.25 |

### TAXES

| DESCRIPTION | AMOUNT |
|---|---|
| FICA | 11.86 |
| MEDFICA | 2.78 |
| IL | 2.28 |

### DEDUCTIONS

| DESCRIPTION | AMOUNT |
|---|---|
| | 0.00 |

### YEAR TO DATE

| DESCRIPTION | AMOUNT |
|---|---|
| GROSS | 12063.21 |
| FICA | 747.92 |
| MEDFICA | 174.92 |
| STATE | 181.94 |

**Totals:** 22.50 | 191.25 | 16.92 | 0.00
Check Number: 0055303 | Net Pay: *******174.33

---

## Paystub 2

| File Number | Employee Name | Company Name and Address |
|---|---|---|
| 0080 | CARLOS GONZALES | GARDEN FRESH ARLINGTON HTS INC |
| Company: 0358 | Department: 0007 | 600 E RAND RD |
| | Social Security Number: XXX-XX-9033 | ARLINGTON HTS, IL 60004 |
| Period Start: DEC 17, 2007 | Period Ending: DEC 23, 2007 | Check Date: DEC 27, 2007 |
| | FW- M 03  ST- M 03 | |

### EARNINGS

| DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|
| REGULAR | 40.00 | 8.7500 | 350.00 |
| O/TIME | 9.50 | 13.1250 | 124.69 |

### TAXES

| DESCRIPTION | AMOUNT |
|---|---|
| FICA | 29.43 |
| MEDFICA | 6.88 |
| FED WTH | 12.47 |
| IL | 10.78 |

### DEDUCTIONS

| DESCRIPTION | AMOUNT |
|---|---|
| | 0.00 |

### YEAR TO DATE

| DESCRIPTION | AMOUNT |
|---|---|
| GROSS | 22182.86 |
| FICA | 1371.62 |
| MEDFICA | 320.78 |
| FED WTH | 392.29 |
| STATE | 483.74 |
| VAC BAL | -40.00 |

**Totals:** 49.50 | 474.69 | 59.56 | 0.00
Check Number: 0055393 | Net Pay: *******415.13

# EXHIBIT D

Case 1:08-cv-00636   Document 1   Filed 01/29/2008   Page 19 of 20

| File Number | Employee Name | | | Company Name and Address |
|---|---|---|---|---|
| 0244 | KELVIN ALVARENGA | | | GARDEN FRESH MT PROSPECT INC |
| Company 0349 | Division | Department 0002 | Clock Number | Social Security Number XXX-XX-3278 | 1145 MT PROSPECT PLAZA MT PROSPECT, IL 60056 |
| Period Start NOV 26, 2007 | Period Ending DEC 2, 2007 | Check Date DEC 6, 2007 | FW - S 04 ST - S 04 | |

| EARNINGS | | | | TAXES | | DEDUCTIONS | | YEAR TO DATE | |
|---|---|---|---|---|---|---|---|---|---|
| DESCRIPTION | HOURS | RATE | AMOUNT | DESCRIPTION | AMOUNT | DESCRIPTION | AMOUNT | DESCRIPTION | AMOUNT |
| REGULAR | 40.00 | 7.5000 | 300.00 | FICA | 18.60 | | | GROSS | 9079.70 |
| | | | | MEDFICA | 4.35 | | | FICA | 562.94 |
| | | | | IL | 4.38 | | | MEDFICA | 131.66 |
| | | | | | | | | FED WTH | 89.90 |
| | | | | | | | | STATE | 145.61 |
| Totals | 40.00 | | 300.00 | | 27.33 | | 0.00 | Check Number 0055065 | Net Pay *******272.67 |



| File Number | Employee Name | | | Company Name and Address |
|---|---|---|---|---|
| 0212 | JESUS PERALTA | | | GARDEN FRESH MT PROSPECT INC |
| Company 0349 | Division | Department 0002 | Clock Number | Social Security Number XXX-XX-5733 | 1145 MT PROSPECT PLAZA MT PROSPECT, IL 60056 |
| Period Start NOV 26, 2007 | Period Ending DEC 2, 2007 | Check Date DEC 6, 2007 | FW - S 03 ST - S 03 | |

| EARNINGS | | | | TAXES | | DEDUCTIONS | | YEAR TO DATE | |
|---|---|---|---|---|---|---|---|---|---|
| DESCRIPTION | HOURS | RATE | AMOUNT | DESCRIPTION | AMOUNT | DESCRIPTION | AMOUNT | DESCRIPTION | AMOUNT |
| REGULAR | 23.50 | 7.5000 | 176.25 | FICA | 10.93 | | | GROSS | 5209.52 |
| | | | | MEDFICA | 2.56 | | | FICA | 322.99 |
| | | | | IL | 1.83 | | | MEDFICA | 75.54 |
| | | | | | | | | FED WTH | 11.78 |
| | | | | | | | | STATE | 58.49 |
| Totals | 23.50 | | 176.25 | | 15.32 | | 0.00 | Check Number 0055071 | Net Pay *******160.93 |