IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRISTOBAL GARIBAY, RODRIGO ALVARENGA, and CARLOS GONZALEZ, on behalf of themselves and all other similarly situated persons, known and unknown, ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 08 C 636 |
| GARDEN FRESH - MOUNT PROSPECT, INC., ) GARDEN FRESH - ARLINGTON HEIGHTS, ) INC., GARDEN FRESH FRUIT MARKET, INC., ) and ADI MOR, individually, ) ) | Hon. Ronald A. Guzman Judge Presiding |
| Defendants. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE AND DISMISS

Defendants, Garden Fresh - Mount Prospect, Inc., Garden Fresh - Arlington Heights, Inc., Garden Fresh Fruit Market, Inc., and Adi Mor, by their attorneys, David J. Ben-Dov and Jeffrey E. Schiller of Deutsch, Levy & Engel, Chartered, file this Memorandum of Law in support of their Motion to Strike and Dismiss portions of Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f).

### I. INTRODUCTION

On January 29, 2008, Plaintiffs filed a two count Complaint against Defendants. Plaintiffs allege that they are currently working or previously worked at Defendants' grocery stores. (Compl. ¶ 15). Plaintiff further allege that they and other "similarly situated employees" worked in excess of forty hours in individual workweeks, but were not compensated at a rate of one and one-half times their regular hourly rate for all time worked in excess thereof. (Compl. ¶ 15). Plaintiffs assert their

claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") (Count One), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL") (Count Two).

Plaintiffs improperly attempt to assert both an "opt-in" collective action under Section 216(b) of the FLSA, and an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23, with respect to their IMWL claims. Accordingly, as set forth below, the class allegations and putative class claims contained in the Complaint should be stricken because Plaintiffs cannot simultaneously maintain both federal law "opt-in" and state law "opt-out" claims.

In addition, Plaintiffs name "Garden Fresh Fruit Market, Inc." as a party Defendant, but do not identify any employment relationship with such entity. Plaintiffs allege that they have been employed by Defendants at grocery stores located in (1) Mount Prospect and (2) Arlington Heights, Illinois. (Compl. ¶¶ 14(a); 15(a); 15(b); and 15(c)). In support thereof, Plaintiffs attach as exhibits to their Complaint the pay stubs provided by (1) Garden Fresh - Mount Prospect, Inc., and (2) Garden Fresh - Arlington Heights, Inc. (Compl., Exs. B, C, and D). Plaintiffs, however, do not identify any employment relationship or attach any supporting exhibits to demonstrate that "Garden Fresh Fruit Market, Inc.," was at any time Plaintiffs' "employer" for purposes of an FLSA or IMWL action. Indeed, based upon the plain content of the exhibits attached to Plaintiffs' Complaint, Plaintiffs' employing entities were only Garden Fresh - Mount Prospect, Inc., and Garden Fresh - Arlington Heights, Inc. No such employment relationship existed between Plaintiffs and Garden Fresh Fruit Market, Inc.

Accordingly, the claims against Defendant, Garden Fresh Fruit Market, Inc., should be dismissed with prejudice.

## II. LEGAL STANDARD

Under Rule 12(f) of the Federal Rules of Civil Procedure, a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Additionally, pursuant to Rule 12(b)(6), dismissal of a complaint is proper where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (if a litigant "alleges facts that show he isn't entitled to judgment, he's out of luck.").

## III. ARGUMENT

As set forth herein, several Courts in this District, including this Court, have refused to certify in a single action a state law wage class action brought pursuant to Rule 23, together with a Section 216(b) FLSA collective action. Indeed, Congress designed Section 216(b)'s "opt-in" language to prohibit a representative plaintiff from filing an action that may potentially generate liability in favor of uninvolved class members. *See Riddle v. National Security Agency, Inc.*, No. 05 C 5880, 2007 WL 2746597, at *9 (N.D. Ill. Sept. 13, 2007). Therefore, allowing Plaintiffs here to maintain an "opt-out" class action for their alleged state law claims would undermine Congressional policy that wage and hour claims in federal court should utilize the FLSA's "opt-in" collective action procedures. Plaintiffs' state law class action allegations and putative class claims are improper, and therefore, should be stricken. Also, "Garden Fresh Fruit Market, Inc." is improperly named as a party and should be dismissed, where the plain content of the exhibits attached to the Complaint demonstrate that Plaintiffs' employing entities were only Garden Fresh - Mount Prospect, Inc. and Garden Fresh - Arlington Heights, Inc.

A. **Dual Certification Of An IMWL Class Action And A FLSA Collective Action Is Improper, And Therefore, Plaintiffs' Class Allegations Should Be Stricken.**

Allowing Plaintiffs to bring state law wage claims with a Rule 23(b)(3) "opt-out" class action would subvert Congress's intent to limit wage actions to those employees that affirmatively "opt-in" pursuant to Section 216(b) of the FLSA. Specifically, as this Court recently recognized, "Congress created the opt-in procedure 'for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers from the burden of representative actions.'" *Riddle v. National Security Agency, Inc.*, No. 05 C 5880, 2007 WL 2746597, at *8 (N.D. Ill. Sept. 13, 2007) (*quoting Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 173 (1989)). "That policy and the underlying congressional intent would be thwarted if a plaintiff were permitted to back door the shoehorning in of unnamed parties through the vehicle of calling upon similar state statutes that lack such an opt-in requirement." *Rodriguez v. The Texan, Inc.*, No. 01 C 1478, 2001 WL 1829490, at *2 (N.D. Ill. March 7, 2001). "The FLSA's opt-in provision directly contrasts with Rule 23's opt-out scheme and demonstrates Congress's intent to ensure that parties with wage and hour claims under the FLSA take affirmative steps to become members of a class seeking redress of those claims in federal court." *McClain v. Leona's Pizzeria, Inc.*, 222 F.R.D. 574, 577 (N.D. Ill. 2004) (*citing* 29 U.S.C. § 216(b)).

Several Courts in this District, including this Court, have recognized the foregoing policy concerns, and therefore, have refused to certify in a single action a state law wage class action and a FLSA collective action for three primary reasons: (1) that it would undermine Congress's creation of the "collective action" procedure in the FLSA (*see, e.g., McClain*, 222 F.R.D. at 578 (holding that certifying a class on state law claims "would undermine Congress's directive that FLSA collective

actions are limited to those parties who opt in to the action.")); (2) the concern that absent class members would be confused by "a notice that both calls for a decision whether to opt-in to the collective action and also whether to opt-out of the class action." (*see, e.g., De La Fuente v. FPM Ipsen Heat Treating, Inc.*, 2002 WL 31819226, at *2 (N.D. Ill. 2002)); and (3) the prudential limits of a federal court's exercise of supplemental jurisdiction (*see, e.g., Harper v. Yale Int'l Ins. Agency, Inc.*, 03 C 3789, 2004 WL 1080193, at *5 (N.D. Ill. May 12, 2004) (noting that a large class of state law claimants would cause "the federal tail represented by a comparatively small number of plaintiffs to wag what is in substance a state dog.") (*quoting De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 311 (3rd Cir. 2003)). Here, Plaintiffs are attempting to circumvent the FLSA by seeking Rule 23 certification of their state law claims. Notably, Plaintiffs' duplicative state law claims are based on the same facts and seek the same relief as their FLSA claims.

As this Court recently addressed in *Riddle*, at least six Courts in the Northern District have refused to certify Rule 23 classes at the same time as FLSA collective actions. *See Riddle v. National Security Agency, Inc.*, No. 05 C 5880, 2007 WL 2746597, at *8-9 (N.D. Ill. Sept. 13, 2007). For example, in *Rodriguez v. The Texan, Inc.*, Judge Shadur issued an order, *sua sponte*, expressing his serious concern that the policy underlying the FLSA's "opt-in" requirement would be thwarted if claims for violations of similar state labor laws were allowed to brought as an "opt-out" class action. *Rodriguez*, 2001 WL 1829490, at *2. Judge Shadur further noted the plaintiff's "uphill burden" to establish supplemental jurisdiction over his state law wage claims. *Id.*

In *Muecke v. A-Reliable Auto Parts and Wreckers*, 01 C 2361, 2002 WL 1359411, at *2 (N.D. Ill. June 21, 2002), the plaintiffs filed suit under the FLSA and IMWL. The *Muecke* Court permitted plaintiffs to send notice of a collective action under Section 216(b) of the FLSA, but then

refused to allow the plaintiffs to proceed with a state law class action. The court relied heavily on the complications that would be created by maintaining both a collective and a class action. In this regard, Judge Kennelly noted that permitting plaintiff to proceed with both a collective action and a class action would be impractical:

> It is entirely possible – particularly in light of the significant dispute over whether the alleged practices were illegal – that only a few or a handful of employees will elect to opt into the FLSA action. Were that to occur, we would be left with the rather incongruous situation of an FLSA "class" including only a tiny number of employees who are interested in seeking back wages, with a state-law class that nonetheless includes all or nearly all of the companies' present or former employees. Because all of the companies' present and former employees will have the chance to decide whether to join the case, and because those who wish to do so will be before the Court, it makes no real sense to the Court to certify a class that will *automatically* include all of the employees unless they opt out.

*Id.* (emphasis in original). Accordingly, Judge Kennelly saw "nothing" that would warrant "impos[ing] on the collective FLSA claim an overlay of a Rule 23(b)(3) state-law class." *Id.*

In *McClain v. Leona's Pizzeria, Inc.*, Judge Castillo refused to allow plaintiffs to proceed with a state law class action because a state "opt-out" class would be incongruous with a federal "opt-in" collective action. *McClain v. Leona's Pizzeria, Inc.*, 222 F.R.D. at 577. Echoing the rationale in *Rodriguez* and *Muecke*, Judge Castillo emphasized that a plaintiff "cannot circumvent the opt-in requirement and bring unnamed parties into federal court by calling upon state statutes similar in substance to the FLSA that lack the opt-in requirement." *Id.*

Similarly, in *De La Fuente v. FMP Ipsen Heat Treating, Inc.*, 02 C 50188, 2002 WL 31819226, at * 2 (N.D. Ill. Dec. 16, 2002) (Reinhard, J.), the Court denied class certification of state wage claims because it would be confusing to tell employees that taking no action would result in

"opting-in" to the Rule 23 class but "opting-out" of the FLSA collective action. Then, in *Harper v. Yale Int'l Ins. Agency, Inc.*, the Court, adopting the analysis of *De La Fuente*, agreed that "class certification is not a superior method of adjudicating Plaintiffs' IMWL claims as required under Rule 23(b)(3), because Congress has stated a 'clear preference for opt-in collective actions' under the FLSA." *Harper v. Yale Int'l Ins. Agency, Inc.*, 03 C 3789, 2004 WL 1080193, at *3 (N.D. Ill. May 12, 2004) (Pallmeyer, J.).

Most recently, in *Riddle v. National Security Agency, Inc.*, 05 C 5880, 2007 WL 2746597, at *4 (N.D. Ill. Sept. 13, 2007), this Court denied the Plaintiffs' motion for Rule 23 class certification of their state law wage claims. In reaching this conclusion, this Court adopted the Report and Recommendation of Magistrate Judge Brown, who cited the foregoing decisions in *Rodriguez, Muecke, McClain, De La Fuente*, and *Harper*, as the basis for recommending that plaintiffs' motion for class certification of state law claims be denied. This Court also recognized that dual certification has only been permitted in those cases where defendants had removed plaintiffs' FLSA and state wage claims from state to federal court. *Riddle*, 2007 WL 2746597, at *8 (citing *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, 2000 WL 1774091, at *6 (N.D. Ill. Dec. 1, 2000) (Lefkow, J.)).

Therefore, as held by the Courts in *Riddle, Rodriguez, McClain, Muecke, De La Fuente*, and *Harper*, allowing Plaintiffs here to maintain an "opt-out" class action for their alleged state law claims would undermine Congressional policy that all wage and hour claims in federal court should utilize the FLSA's "opt-in" collective action procedures. At the same time, allowing the disparate procedures to be simultaneously employed here will present great practical difficulties and ultimately confuse any alleged "similarly situated" employees purportedly impacted by Plaintiffs' claims.

Accordingly, Plaintiffs' state law class action allegations and putative class claims are improper and should be stricken. Specifically, Paragraphs 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 37, 38, 39, 40, and 41 should be stricken, to the extent they purport to improperly allege state law class action claims.

**B.　Garden Fresh Fruit Market Is Not A Proper Party Defendant, And Therefore, Plaintiffs' Claims Against Such Entity Should Be Dismissed With Prejudice.**

Plaintiffs, in support of their claims for overtime wages pursuant to the FMLA and IMWL, attach pay stubs received from (1) Garden Fresh - Mount Prospect, Inc., and (2) Garden Fresh - Arlington Heights, Inc., and containing the following employment information:

| Employee | Dates Worked | Employer |
|---|---|---|
| Cristobal Garibay | 10/15/07 - 10/21/07 | Garden Fresh - Mt. Prospect, Inc. |
| Carlos Gonzalez | 12/17/07 - 12/23/07 | Garden Fresh - Mt. Prospect, Inc. |
| Carlos Gonzalez | 12/17/07 - 12/23/07 | Garden Fresh - Arlington Heights, Inc. |
| Kelvin Alvarenga | 11/26/07 - 12/2/07 | Garden Fresh - Mt. Prospect, Inc. |
| Jesus Peralta | 11/26/07 - 12/2/07 | Garden Fresh - Mt. Prospect, Inc. |

(Compl. Exs. B, C, and D). Plaintiffs further allege that:

> Plaintiff Garibay worked for Defendants at both their Mt. Prospect and Arlington Heights stores. Similarly, Plaintiff Carlos Gonzalez worked for Defendants at both their Mt. Prospect and Arlington Heights stores.

(Compl. ¶ 15). The allegations of Plaintiffs' Complaint, together with the exhibits attached thereto, demonstrate that Plaintiffs were employees of only the following entities: (1) Garden Fresh - Mount Prospect, Inc.; and (2) Garden Fresh - Arlington Heights, Inc. Nowhere have Plaintiffs set forth allegations to sufficiently identify any employment relationship with "Garden Fresh Fruit Market, Inc." Indeed, the pay stubs attached as exhibits to their Complaint operate to negate Plaintiffs' allegations of any purported employment by "Garden Fresh Fruit Market, Inc." (Compl. Exs. B, C,

and D).

In the Seventh Circuit, "[i]t is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 454 (7th Cir. 1998); *see also Graue Mill Dev. Corp. v. Colonial Bank & Trust Co. of Chicago*, 927 F.2d 988, 991 (7th Cir. 1991) (holding that "'[w]here the allegations of a pleading are inconsistent with the terms of a written contract attached as an exhibit, the terms of the latter, fairly construed, must prevail over the averments differing therefrom,'" and quoting *Foshee v. Daoust Constr. Co.*, 185 F.2d 23, 25 (7th Cir. 1950)); and *Bell v. Lane*, 657 F. Supp. 815, 817 (N.D. Ill. 1987) (holding that "[w]here exhibits attached to a complaint negate its allegations, a court is not required to credit the unsupported allegations.").

Here, the allegations of Plaintiffs' Complaint, together with the exhibits attached thereto, demonstrate that Plaintiffs were employed only by Garden Fresh - Mount Prospect, Inc., and Garden Fresh - Arlington Heights, Inc., **not** Garden Fresh Fruit Market, Inc. Accordingly, Plaintiffs' claims against Garden Fresh Fruit Market, Inc., should be dismissed with prejudice.

## IV. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that this Court enter an Order striking the class allegations and putative class claims contained in Plaintiffs' Complaint, and dismissing with prejudice Plaintiffs' claims against Defendant, Garden Fresh Fruit Market, Inc.

Respectfully submitted,

**GARDEN FRESH - MOUNT PROSPECT, INC.,
GARDEN FRESH - ARLINGTON HEIGHTS, INC.,
GARDEN FRESH FRUIT MARKET, INC., and ADI MOR**

By: _s/David J. Ben-Dov_
One of their Attorneys

Dated: April 22, 2008

Jeffrey E. Schiller (3124442)
David J. Ben-Dov (6255620)
DEUTSCH, LEVY & ENGEL, CHARTERED
225 West Washington Street, Suite 1700
Chicago, Illinois 60606
(312) 346-1460
(312) 346-1859 (facsimile)