IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CRISTOBAL GARIBAY, RODRIGO ALVARENGA, and CARLOS GONZALEZ, on behalf of themselves and all other similarly situated persons, known and unknown, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 08 C 636 |
| | ) ) | Judge Guzman |
| GARDEN FRESH - MOUNT PROSPECT, INC., GARDEN FRESH – ARLINGTON HEIGHTS, INC. GARDEN FRESH FRUIT MARKET, INC and ADI MOR, individually, | ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' OPPOSITION IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS, AND IN THE ALTERNATIVE, FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b)**

## I.    INTRODUCTION

Defendants move to strike Plaintiffs' Illinois Minimum Wage Law (IMWL) class action allegations on the basis that an overtime collective action under Section 216(b) of the Fair Labor Standards Act (FLSA), coupled with a Rule 23 class action of the state overtime claim, would "subvert" Congress's intent to limit wage actions to those affected persons that affirmatively "opt-in." Defs.' Mem. Supp. at 4. While Defendants' assertion that the two procedures are incompatible has some support, it is based on flawed understanding of the FLSA.

Defendants do not use the term "preemption," or analyze their incompatibility contention in that framework, yet the ineluctable result of that contention is an absolute bar on state law minimum wage or overtime class actions in federal court. As a remedial statute that, by its express terms, contemplates more generous state overtime and minimum wage laws, it is certainly *that* result that contradicts congressional intent. The Portal to Portal Act of 1947 requires individuals to affirmatively consent to join an action under the FLSA: it does not

1

preempt state wage and hours claims, nor does it bar class treatment of those claims. The overwhelming weight of authority affirms that there is no incompatibility with the federal collective procedure and a class action under state law. Accordingly, Defendants' motion should be denied.

Of course, as Defendants emphasize, this Court recently weighed in on this question in the *Riddle* case. Although the state law at issue in that case was the Illinois Wage Payment and Collection Act, the Court, in adopting the magistrate judge's report and recommendation, expressed concern regarding the compatibility of a state wage law class action and federal collective action. If, the Court is then inclined to grant Defendants' motion as to the IMWL class allegations, Plaintiffs ask that the Court certify the question for appellate review.

Defendants also seek to dismiss Defendant Garden Fresh Market, Inc., on the grounds that it was not Plaintiffs' employer under the FLSA and IMWL. The determination of whether Garden Fresh Market, Inc., was Plaintiffs' "employer" *vel non* of course requires a factual inquiry, and is thus not appropriate for resolution on a Rule 12(b)(6) motion. Moreover, Defendants effort to dismiss Garden Fresh Market, Inc. entirely ignores the plain allegations of the Complaint. Plaintiffs' Complaint plainly alleges that *all* the Garden Fresh entities, including Garden Fresh Market, Inc., are a common enterprise under the FLSA and a single joint employer for purposes of liability under the FLSA. Because this Court must construe the well-pleaded allegations of the Complaint in Plaintiffs' favor, it is premature to dismiss Garden Fresh, Inc.

## II.    APPLICABLE LEGAL STANDARD

On a Rule 12(f) motion, a court may strike from a pleading "any insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P 12(f). However, such motions are disfavored, and will be granted only where the challenged language is unduly prejudicial or bears no relations to the controversy. Circuit Systems, Inc. v. Mescalero Sales, Inc., 925 F.Supp. 546, 548 (N.D. Ill. 1996).

Dismissal of a claim pursuant to Rule 12(b)(6) is appropriate only if the defendant can prove beyond a doubt that no set of facts exist which would entitle the plaintiff to relief. Conley

2

v. Gibson, 355 U.S. 41, 45–46 (1957). The Court must accept as true Plaintiffs' factual allegations here that Defendants failed to pay Plaintiffs and similarly-situated employees overtime pay and that all the Garden Fresh entities are a single, common enterprise with highly uniform operations. Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 171 (2005).

## III.    ARGUMENT

### A.    A Rule 23 Class Action under the Illinois Minimum Wage Law Seeking Overtime Wages, and A Section 216(b) Collective Action under the Fair Labor Standards Act Seeking Overtime Wages, Can Be Maintained Within the Same Lawsuit

#### 1.    While Some Rulings Within This District Support Defendants' Contention, The FLSA Is Not An Exclusive Remedy, Nor Does It Preempt State Wage and Hour Laws

Plaintiffs recognize that a number of courts in this district have either questioned or held that a collective action for overtime wages under the FLSA is incompatible with a class action for overtime wages under the Illinois Minimum Wage Law, including this Court's recent decision. Riddle v. National Security Agency, Inc., No. 05 C 5880, 2007 U.S. Dist. LEXIS 68842, at *9-10 (N.D. Ill. 2007); Marquez, v. PartyLite Worldwide, Inc., No. 07 C 2024, 2007 U.S. Dist. LEXIS 63301, at *4-7; McClain v. Leona's Pizzeria, Inc., 222 F.R.D. 574, 578 (N.D. Ill. 2004); De La Fuente v. FPM Ipsen Heat Treating, Inc., 2002 U.S. Dist. LEXIS 24040, *2 (N.D. Ill. 2002); Harper v. Yale Int'l Insur. Agency, Inc., 2004 U.S. Dist. LEXIS 8476, *5 (N.D. Ill. 2004); Muecke v. A-Reliable Auto Parts and Wreckers, Inc., 2002 U.S. Dist. LEXIS 11917, 2002 WL 1359411, *2 (N.D. Ill. 2002); Rodriguez v. The Texan, Inc., 2001 U.S. Dist. LEXIS 24652, *2 (N.D. Ill. 2001). These cases typically cite three bases for this contention: (1) maintaining both procedures undercuts the 'opt-in' nature of the federal collective action; (2) confusion results from asking affected employees to both 'opt-in' and 'opt-out'; and (3) the federal court's exercise of supplemental jurisdiction is tested where the federal claimants are few, yet the state class includes all an employer's hourly workers. See Marquez, v. PartyLite Worldwide, Inc., No. 07 C 2024, 2007 U.S. Dist. LEXIS 63301, at *5-6 (N.D. Ill. August 27, 2007)(citing cases).

3

Apparently not content with the support these cases provide, Defendants overegg the pudding. In their brief, Defs.' Mem. Supp. at 4, 7, Defendants assert that, in enacting the Portal to Portal Act of 1947, Congress intended that *all* wage and hour claims brought in federal court should utilize the FLSA collective action procedure.

While the FLSA may be a comprehensive remedy, "it does not provide an exclusive remedy." Williamson v. General Dynamics Corp., 208 F.3d 1144 , 1151 (9th Cir. 2000). The FLSA does not preempt state wage and hour statutes, and does not completely occupy the field. 29 U.S.C. § 218(a)[1]; *see also* Kirschbaum Co. v. Walling, 316 U.S. 517, 522 (1942); Overstreet v. North Shore Corp., 318 U.S. 125, 128 (1943) (Congress, in enacting the FLSA, did not make it coextensive with the limits of its power under the Commerce Clause, and therefore chose not to enter areas which it might have occupied). The FLSA's savings clause "is evidence that Congress did not intend to preempt the entire field." Williamson v. General Dynamics Corp., 208 F.3d 1144, 1151 (9th Cir. 2000).

Thus, employees who do not opt-in to an FLSA collective action still may pursue their rights to overtime payment under state law. Tomlinson v. Indymac Bank, 359 F. Supp. 2d 898, 901 (C.D. Cal. 2005) ("[T]he Court is unaware of any legislative history that evidences Congress' intent to forbid states from permitting claims for overtime wages by employees who have not opted into a representative class").

Although the FLSA clearly require representative actions to be brought via the opt-in procedure, nothing in the FLSA evinces a congressional intent to limit state actions and remedies which require other procedures. Guzman v. VLM, Inc., 2008 WL 597186, *10 (E.D.N.Y. 2008)

---

[1] "No provision of [the FLSA] shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week lower than the maximum workweek established under this chapter, and no provision of this chapter relating to the employment of child labor shall justify noncompliance with any Federal or State law or municipal ordinance establishing a higher standard than the standard established under this chapter. No provision of this chapter shall justify any employer in reducing a wage paid by him which is in excess of the applicable minimum wage under this chapter, or justify any employer in increasing hours of employment maintained by him which are shorter than the maximum hours applicable under this chapter." 29 U.S.C. § 218(a).

("[i]t is settled in the Second Circuit that FLSA does not preempt state wage and hour laws."
[Citations omitted]. That being the case, there is no reason that FLSA's collective action
procedure is incompatible with maintaining a state law class action over the same conduct . . . .
Thus, while FLSA claims cannot themselves be brought through a class action, neither the FLSA
nor the Rules Enabling Act preempts the NYLL or its enforcement through a class action.)

The incompatibility argument would have more merit if the collective action procedure
were seen as conferring a substantive right on wage and hour litigants, including the employer.
A state overtime claim raised as a class action might then trench on such a right. But the federal
opt-in procedure is just that – a procedure. It does not confer substantive rights. See O'Connell v.
Hove, 22 F.3d 463, 468 (2d Cir. 1994). The D.C. Circuit flatly stated that any difference between
Rule 23 and 216(b) is a "mere procedural difference . . .." Lindsay v. Govt. Employees Ins. Co.,
448 F.3d 416, 424 (D.C. Cir. 2006); see also Marquez, v. PartyLite Worldwide, Inc., No. 07 C
2024, 2007 U.S. Dist. LEXIS 63301, at *5-6 (N.D. Ill. August 27, 2007)(given the then current
Rule 23, which identified three types of class action, true, spurious and hybrid, the written
consent requirement of the Portal to Portal Act of 1947 in effect merely codified the prevailing
practice of treating group actions under the FLSA as a spurious class action). Indeed, every
appellate court to address this argument has rejected it. "[The FLSA] does not preempt
California from applying the state's overtime pay laws . . .." Pacific Merchant Shipping Ass'n v.
Aubry, 918 F.2d 1409, 1418 (9th Cir. 1990); Overnite Trans. Co. v. Tianti, 926 F.2d 220, 222
(2d Cir. 1991)("state overtime wage law is not preempted by ... the FLSA"); Rather, states
"possess broad authority under their police powers to regulate the employment relationship to
protect resident workers." Id. at 1415.

2. **Notwithstanding These Contrary Cases, The Overwhelming Weight of
Authority Holds That Federal Collective Claims Can Be Paired with
State Class Actions**

Illinois state courts routinely grant class certification of IMWL claims seeking owed
overtime wages. Gelb v. Air Con Refrigeration and Heating, Inc., 326 Ill. App. 3d 809 (1st Dist.
2001); See, e.g., Matias v. Charles Austin, Ltd., Case No. 04 CH 11833, Order dated February

24, 2005 (attached hereto as Exhibit A); Rodriguez v. Ravenswood Disposal Services, Inc., Case No. 04 CH 19720, Order dated June 6, 2005 (attached hereto as Exhibit B); and Trejo, et al. v. Super Valet Parking Inc., et al., Case No 05 CH 10407, Order dated November 6, 2007 (attached hereto as Exhibit C).

Likewise, judges in the Northern District routinely certify IMWL class actions claims for overtime pay after those claims have been removed from state court to federal court. Yon v. Positive Connections, 2005 U.S. Dist. LEXIS 3396; 10 Wage & Hour Cas. 2d (BNA) 650 (N.D. Ill. February 2, 2005) (attached hereto as Exhibit D) (Darrah, j.); Villarreal, et al. v. El Chile, et al., Case No. 07 C 1656 (attached hereto as Exhibit E) ; Acosta v. Scott Labor, LLC, 2006 U.S. Dist. LEXIS 153 (N.D. Ill. January 3, 2006)(attached hereto as Exhibit F); Alejandro v. Surestaff, Inc., Case No. 04 C 2889, Order Dated July 7, 2004, (Zagel, j.)(attached hereto as Exhibit G)(granting class certification of IMWL and IWPCA claims in action removed from the Chancery Court of the Circuit Court of Cook County); Flores v. Jorge Arteaga Corp., Case No. 05 C 2057, Order dated July 27, 2005 (St. Eve, j.) (attached hereto as Exhibit H); Herrera v. Chicago Mattress, Inc., Case No., 06 C 1872, Order dated July 10, 2006 (Filip, j.) (attached hereto as Exhibit I).

Moreover, and contrary to Defendants' suggestion, courts in this judicial district have certified Rule 23 class actions under state law, and collective actions under federal law, in the same litigation. See, e.g., Ladegaard v. Hard Rock Concrete Cutters, Inc. 2000 WL 1774091 (N.D. Ill. 2000)(certifying a Rule 23 class action under Illinois state law despite the availability of FLSA remedies); O'Brien v. Encotech Construction Services, Inc., 203 F.R.D. 346 (N.D. Ill. 2001)(simultaneously certifying an FLSA collective action and a Rule 23 Illinois state law class action); Jonites v. Exelon, 2006 U.S. Dist. LEXIS 75510 (N.D. Ill., October 4, 2006)(certifying a class under the IMWL and a collective action under the FLSA); Belbis v. Cook County, 2002 WL 31600048 (N.D. Ill., November 18, 2002)(certifying Rule 23 class action for state law claims that included class members who had not filed consents to join FLSA action).[2]

---

[2]    While Judge Kendell in Marquez opted to delay any decision on Rule 23 certification until after consent period closed Section 216(b) portion of the case, she appears to have

Defendants also ignore the overwhelming weight of authority from other district courts, in this circuit and elsewhere, that authorize state law class actions and federal collective actions within the same litigation. See, Spoerle, et al. v. Kraft Foods Global, Inc., No. 07-cv-300-bbc, 2008 U.S. Dist. LEXIS 37678, at *2-3 (W.D. Wis. May 5, 2008); Musch v. Domtar Industries, Inc., No. 07-cv-524-jcs (W.D. Wis. Jan. 31, 2008); Sjoblom v. Charter Communiucations, LLC, No. 07-cv-451-bbc, 2007 WL 4560541 (W.D. Wis. Dec. 19, 2007); Morton v. Valley Farm Transportation, Inc., 2007 WL 1113999 (N.D. Cal. 2007) (certifying both an FLSA collective action and a Rule 23 California wage law class action); Breeden v. Benchmark Lending Group, Inc., 229 F.R.D. 623 (N.D. Cal. 2005) (conditionally certifying an FLSA collective action and certifying a Rule 23 California state wage law class action); Romero v. Producers Dairy Foods, 235 F.R.D. 474 (E.D. Cal. 2006) (same); Rees v. Souza's Milk Transportation, Co., 2006 WL 738987 (E.D. Cal. 2006) (same); Aguayo v. Oldenkamp Trucking, 2005 WL 2436477 (E.D. Cal. 2005) (same); Ramirez v. RDO-BOS Farms, LLC, 2007 WL 273604 (D. Or. 2007) (certifying a Rule 23 Oregon state law class action when conditional certification had already been granted on plaintiffs' FLSA claims); In re Farmers Ins. Exchange Claims Representative Overtime Pay Litigation,. 2003 WL 23669376 (D.Or. 2003) (certifying a Rule 23 class action under Colorado, Illinois, Michigan, Minnesota, New Mexico, Oregon, and Washington state law in action that had been conditionally certified under the FLSA); Kelly v. SBC, Inc., 1998 U.S. Dist LEXIS 18643, *38 (N.D.Cal.1998) (FLSA not a bar to a Rule 23 "opt-out" class certification of state Unfair Competition Law claims predicated on FLSA violations).

The multitude of district courts in this appellate circuit and across the country[3] that have certified both state Rule 23 class actions and FLSA collective actions in the same litigation  rebut all three bases for the argument that the federal collective and state class claims are incompatible.

---

determined that the two procedures are incompatible.  2007 U.S. Dist. LEXIS 63301, at *16.

[3] See also, e.g., Trinidad v. Breakaway Courier Systems, Inc., 2007 WL 103073  (S.D.N.Y. 2007) (granting Plaintiffs' motion for conditional certification under the FLSA and certification of a Rule 23 New York state law class action); Torres v. Gristede's Operating Group, 2006 WL 2819730 (S.D.N.Y. 2006) (same); Mendez v. Radec Corp., 411 F. Supp. 2d 347 (W.D.N.Y. 2006) (outlining Court's orders to certify both FLSA collective action and Rule 23 New York

### 3.    The Court has Supplemental Jurisdiction over Plaintiffs' State Claim

Although Defendants do not develop the argument, they also seem to suggest, Defs.' Mem. Supp. at 4, that the Court might lack supplemental jurisdiction over the IMWL class action claims. Yet, district courts have often proceeded with overtime claims – under state and federal law – in a single action. See, Yon, 2005 U.S. Dist. LEXIS 3396 (attached hereto as Exhibit D); Villarreal, supra, Case No. 07 C 1656 (attached hereto as Exhibit E); Acosta, 2006 U.S. Dist. LEXIS 153 (N.D. Ill. January 3, 2006) (attached hereto as Exhibit F; Alejandro, Case No. 04 C 2889, Order Dated July 7, 2004 (attached hereto as Exhibit G)(granting class certification of IMWL and IWPCA claims in action removed from the Chancery Court of the Circuit Court of Cook County); Flores, supra, Case No. 05 C 2057, Order dated July 27, 2005 (attached hereto as Exhibit H); Herrera, Case No. 06 C 1872 (attached hereto as Exhibit I). These cases often have a handful of FLSA claimants, the named plaintiffs, for example, and a vast potential state law class.

Furthermore, "[n]onfederal claims are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." Kuba v. 1-A Agric. Ass'n, 387

state law class action); Lee v. ABC Carpet & Home, 236 F.R.D. 193 (S.D.N.Y. 2006) (certifying both FLSA collective action and Rule 23 New York state law class action); Recinos-Recinos v. Express Forestry, Inc., 233 F.R.D. 472 (E.D. La. 2006) (conditionally certifying FLSA collective action and Rule 23 Louisiana state law class action); Mascol v. E & L Transp., Inc., 2005 WL 1541045 (E.D.N.Y. 2005) (certifying Rule 23 New York state law class action in suit in which FLSA collective action had already been certified). McLaughlin v. Liberty Mutual Ins. Co., 224 F.R.D. 304 (D. Mass. 2004) (certifying Rule 23 Massachusetts state law class action in suit in which FLSA collective action had already been conditionally certified); Scott v. Aetna Services, Inc., 210 F.R.D. 261 (D. Conn. 2002) (denying motion to decertify FLSA collective action and granting motion to certify Rule 23 Connecticut state law class action); Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81 (S.D.N.Y. 2001) (certifying a Rule 23 New York state claim class action in suit in which an FLSA class had already been conditionally certified); Beltran-Benitez v. Sea Safari, Ltd., 180 F. Supp. 2d 772 (E.D.N.C. 2001) (Rule 23 "opt-out" requirement can be reconciled with the FLSA "opt-in" procedure); Trotter v. Perdue Farms, Inc., 2001 WL 1002448 (D. Del. 2001) (certifying FLSA collective action and Rule 23 class actions under Delaware, Kentucky, Maryland, North Carolina, and South Carolina state law); Brzychnalski v. Unesco, Inc., 35 F.Supp.2d 351, 354 (S.D.N.Y.1999) (granting authorization to pursue collective action for FLSA claims and class certification for New York State claims under Rule 23).

F.3d 850, 855 (9th Cir. 2004).  In the context of wage and hour litigation, one appellate court explained the "common nucleus of operative fact" as follows:

> It is clear enough from the evidence presented that the employees' state court claims and the Secretary's suit arose out of the <u>same transactional nucleus of facts, the employees' work with A-One and Alternative</u>. It is not clear exactly what evidence was presented in the state counterclaims, but we do not believe that this uncertainty, which could well have been the result of dubious conduct of the litigation by the employees, is significant <u>in light of the certainty that the suits arose from the same transactional nucleus of facts and that both employees made at least some arguments with respect to overtime</u>. These two factors suggest a concurrence of identity of claims.

<u>Chao</u>, 346 F.3d at 921-22 (emphasis added). As in <u>Chao</u>, Plaintiffs' state law claims arise from the same nucleus of facts:  the wages they received for the hours they worked.

> **4.  The Fact That Numerous Courts Have Successfully Proceeded With Both Collective and Class Proceedings Strongly Indicate that Putative Class Members Are Not Confused**

Defendants also conclude that the class action claims should be stricken because "allowing disparate procedures to be simultaneously employed here will present great practical difficulties and ultimately confuse any alleged 'similarly situated' employees …" Defs.' Mem. Supp. at 7. Again, Defendants have some support from cases that speculate about such confusion.

However, while those cases muse about such confusion, there is little to show that such concerns are borne out.  The courts in <u>Ladegaard</u> and <u>Jonites</u> rejected the employers' confusion arguments in granting class certification.  <u>Ladegaard</u>, 2000 U.S. Dist. LEXIS 17832, *27; <u>Jonites</u>, 2006 U.S. Dist. LEXIS 75510, *24.  Further, "two lawsuits will not be any less confusing than one and . . . any potential confusion can be remedied by clearly drafted notices." <u>Spoerle</u>, 2008 U.S. Dist. LEXIS 37678, at * 10-11.

Plaintiffs' counsel in this case is among the most experience wage and hour lawyers in this judicial district, having litigated hundreds of FLSA collective actions and dozens of IMWL class actions. See, e.g., <u>Yon</u>, supra; <u>Acosta</u>, supra. Counsel is capable of drafting opt-in/out notice that is clear and easily understood by potential class members. Simply put, potential

confusion over the form of class notice is not a reason to strike Plaintiffs' IMWL class action allegations.

### 5.    The IMWL and FLSA Remedies Are Not Coextensive

Defendants state that Plaintiffs seek to circumvent the FLSA by bring an IMWL class action, since the state claim is "duplicative" and "seek[s] the same relief as their FLSA claims." Defendants' assertion is simply inaccurate.

While it is correct that Plaintiffs' IMWL class action claims are based on the same facts, Defendants are wrong that they "seek the same relief." The IMWL has a three-year limitations period, 820 ILCS 105/12, while the FLSA has only a two-year limitations period, with a third year available only upon proof that the employer acted willfully. 29 U.S.C. §255(a). Thus, a class member in an IMWL class action is potentially entitled to 50% more in owed overtime pay than if they merely opt-in to the FLSA collective action. In addition, the state statute provides for a penalty of two percent per month of any wage underpayment, 820 ILCS 105/12, which may be substantially greater than the liquidated damage provided by the federal law, particularly if the violations are on-going.

### B.    In the Alternative, Should the Court Grant Defendants' Motion Dismissing the Class Allegations Of the IMWL Claim, Plaintiffs Request That the Court Certify to the Court of Appeals, under Section 1292(b), the Question of Whether A Collection Action Under the FLSA and Class Action Under the IMWL Can Proceed Within the Same Litigation

A district court is authorized to 'certify' an issue for interlocutory appeal that involves a controlling question of law, "as to which there is substantial ground for difference of opinion," and where an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); Ahrenholz v. Board of Trustees Of the Univ. Of Illinois, 219 F.3d 674, 675 (7th Cir. 2000). Thus, the district court decision to grant a Section 1292(b) petition is guided by four criteria: (1) the issue presented is a question of law; (2) that issue is controlling; (3) the issue is contestable; and (4) the resolution of the issue will accelerate the ultimate resolution of the litigation. Ahrenholz, 219 F.3d at 675. The request for certification must be filed with the district court within a reasonable time after the order to be appealed. Id. at 675-76.

Applying these elements, if this Court is inclined to grant Defendants' motion to strike and dismiss the class allegations of the IMWL claim, it should grant this petition for interlocutory appeal on the following question: whether a lawsuit can combine a collective action for overtime wages under the FLSA, 29 U.S.C. § 216(b), with a Rule 23 class action for overtime wages under the IMWL.

> **1.      Whether the Collective Action Procedure of 29 U.S.C. § 216(b) And A Rule 23 State Law Class Action Conflict, or Subvert Congressional Intent, Is A Controlling Question of Law**

A 'question of law' as that term is used in Section 1292(b) refers to an issue regarding the "meaning of a statutory or constitutional provision, regulation, or common law doctrine." Ahrenholz, 219 F.3d at 676.  That is, an "abstract legal issue." Id. at 677.  An issue is controlling where its resolution is likely to affect the outcome of the case. Amoroso v. Crescent Private Capital, L.P., 2003 U.S. Dist. LEXIS 21368, at *5-6, (N.D. Ill. Nov. 25, 2003) quoting Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc., 86 F.3d 656, 659 (7th Cir. 1996).

Defendants assert that by seeking class treatment of their IMWL overtime claim and a collective action of their federal overtime claim, Plaintiffs "subvert," Defs.' Mem. Supp. at 4, congressional intent surrounding the collective action procedure adopted by Congress in the Portal to Portal Act of 1947.  The question of whether congressional will, as manifest in the provisions of the FLSA, is subverted or undermined by Plaintiffs' complaint is certainly a controlling question of law.

> **2.      The Question of Whether A Collective Action and A Class Action Can Proceed Within the Same Litigation Is Contestable**

A question of law is contestable if there are substantial conflicting decisions on the issue, or there is a lack of controlling authority and a substantial likelihood exists that the district court's decision will be upset on appeal. Amoroso, 2003 U.S. Dist. LEXIS 21368, at *7.

As noted above, the district courts in this circuit are split on this question; both the courts and litigants would benefit from a ruling from the Seventh Circuit.  Furthermore, if a majority of

district court judges are any indication, the Court of Appeals would likely rule that the FLSA collective procedure is no bar to proceeding with a class action under the IMWL.

### 3.    The Resolution of the Compatibility of Collective and Class Actions Will Accelerate the Litigation

The district court must find that the resolution of the issue by the court of appeals may materially advance the "ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Recently, Rule 23 has been revised to permit interlocutory review of the grant or denial of class certification. Fed.R.Civ.P. 23(f). Prior to the Rule 23 revision, Section 1292(b) was frequently used for interlocutory review of class certification decisions, a procedure approved by the Seventh Circuit. Anshul v. Sitmar Cruises, Inc., 544 F.2d 1364, 1369 (7th Cir. 1976).

As the Seventh Circuit noted, "[t]he threshold decision of whether to allow class status is enormously important." Id. at 1368. Indeed, every aspect of the litigation is affected by that decision. Accordingly, either now, or upon denial of class certification, Plaintiffs are entitled to appellate review of the Court's ruling. Given that the case is still in the pleadings stage, the greatest efficiency would be gained by appellate review now.

### C.    Without a Factual Record to Determine Whether Defendants Are Joint Employers, Defendants' Motion to Dismiss Garden Fresh Market, Inc., Is Premature

A joint employer relationship exists where two employers share employees who were under common control. Chao v. A-One Medical Services, Inc., 346 F.3d 908, 918 (9th Cir. 2003); see also Falk v. Brennan, 414 U.S. 190, 195 (1973)(observing in a FLSA case that apartment building maintenance workers were employed by both building management company and building owners). "[A]ll joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the [FLSA], including the overtime provisions." 29 C.F.R. § 791.2(a) ("if the facts establish that the employee is employed jointly by two or more employers, i.e., that employment by one employer is not completely disassociated from employment by the other employer(s), all of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of the

12

[FLSA]. In this event, all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions, with respect to the entire employment for the particular workweek.")

Defendants contend that Garden Fresh, Inc. should be dismissed from this lawsuit because "the allegations of the Complaint, together with the exhibits attached thereto, demonstrate that Plaintiffs were employed only by Garden Fresh-Mount Prospect, Inc. and Garden Fresh-Arlington Heights, Inc., not Garden Fresh, Inc." Defs.' Mem. Supp. at 9. This argument, however, ignores the allegations of the Complaint.

The Complaint alleges, "Defendants operate multiple grocery stores throughout the Chicago metropolitan area that operate under the name 'Garden Fresh Market,' including the following: (a) Garden Fresh Market – Chicago, 5701 West Belmont Ave; (b) Garden Fresh Market – Wheeling, 1786 Hintz Rd; (c) Garden Fresh Market – Mundelein, 400 Townline Rd; (d) Garden Fresh Market – Northbrook, 275 Skokie Blvd; (e) Garden Fresh Market - Mt. Prospect, 1145 Mt. Prospect Plaza; (f) Garden Fresh Market - Arlington Heights, 600 East Rand Rd; (g) Garden Fresh Market - Round Lake Beach, 965 East Rollins Rd; (h) Garden Fresh Market – Naperville, 955 W 75th Street." Compl., ¶13. The Complaint further alleges that "[a]ll the stores identified in paragraph 13, above, operate as a unified operation and a common enterprise, with a common business purpose. Among other things:

a.   Plaintiff Garibay worked for Defendants at both their Mt. Prospect and Arlington Heights stores. Similarly, Plaintiff Carlos Gonzales worked for Defendants at both their Mt. Prospect and Arlington Heights stores;

b.   Other persons employed by Defendants likewise worked for various Garden Fresh Market locations operated by Defendants;

c.   Employee payroll is prepared at a common location by the same employees;

d.   The stores use the same vendors and suppliers;

e.   The stores have the same business purpose;

13

  f.  Defendants are commonly owned by Adi Mor and/or certain other unknown partners and/or other shareholders;

  g.  Defendants have, from time to time, shared and continued to share managers, supervisors, and employees;

  h.  Each store utilizes the same payroll practices that are alleged herein to violate the FLSA and IMWL.

Compl., ¶14. The Complaint further alleges that Defendants, including Garden Fresh Market, Inc., failed to pay Plaintiffs (and the class) their owed overtime wages. Compl., ¶15.

  The allegations of the Complaint, if true, will establish that all the Garden Fresh entities are single enterprise and joint employer.

  Without a factual record, Defendant Garden Fresh Market, Inc. may not be dismissed from the Complaint.

## IV. CONCLUSION

  The foregoing reasons, Defendants motion to dismiss should be denied.

        Respectfully submitted,

Dated: May 14, 2008

        s/Douglas M. Werman
        Douglas M. Werman (Ardc #6204740)
        Maureen A. Bantz (ARDC#6289000)
        Werman Law Office, P.C.
        77 West Washington Street, Suite 1402
        Chicago, Illinois 60602
        (312) 419-1008

        Jamie G. Sypulski
        Law Office of Jamie G. Sypulski
        122 South Michigan Avenue
        Suite 1720
        Chicago, Illinois 60603
        312/360-0960

        Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CRISTOBAL GARIBAY, RODRIGO )
ALVARENGA, and CARLOS GONZALEZ, on )
behalf of themselves and all other similarly situated )
persons, known and unknown, )
)
     Plaintiffs, )
)
     v. )     **Case No. 08 C 636**
)
GARDEN FRESH - MOUNT PROSPECT, INC., )     **Judge Guzman**
GARDEN FRESH – ARLINGTON HEIGHTS, INC. )
GARDEN FRESH FRUIT MARKET, INC and )
ADI MOR, individually, )
)
     Defendants. )

## INDEX OF ATTACHMENTS

Matias v. Charles Austin, Ltd., Case No. 04 CH 11833,
Order dated February 24, 2005 ....................................................................................... A

Rodriguez v. Ravenswood Disposal Services, Inc., Case No. 04 CH 19720, Order dated
June 6, 2005 ...................................................................................................................... B

Trejo, et al. v. Super Valet Parking Inc., et al., Case No 05 CH 10407, Order dated
November 6, 2007 ............................................................................................................. C

Yon v. Positive Connections, 2005 U.S. Dist. LEXIS 3396; 10 Wage & Hour Cas. 2d
(BNA) 650 (N.D. Ill. February 2, 2005) .......................................................................... D

Villarreal, et al. v. El Chile, et al., Case No. 07 C 1656 .................................................. E

Acosta v. Scott Labor, LLC, 2006 U.S. Dist. LEXIS 153 (N.D. Ill. January 3, 2006) ....... F

Alejandro v. Surestaff, Inc., Case No. 04 C 2889,
Order Dated July 7, 2004, (Zagel, J.) .............................................................................. G

Flores v. Jorge Arteaga Corp., Case No. 05 C 2057,
Order dated July 27, 2005 (St. Eve, j.) ............................................................................. H

Herrera v. Chicago Mattress, Inc., Case No., 06 C 1872,
Order dated July 10, 2006 (Filip, j.) .................................................................................. I

# EXHIBIT A

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

JOSE MATIAS, FERMIN MATIAS, GUILLERMO )
MATIAS, and RENE RIVERA on behalf )
of themselves and all other Plaintiffs similarly )
situated known and unknown, )
                )
               Plaintiffs, )
               )     Case No. 04 CH 11833
      v. )
               )
CHARLES AUSTIN LTD., and FRANCISCO )
JAVIER RODRIGUEZ, )
               )
               Defendants. )

**ORDER**

This matter comes before Court on the parties' agreed motion to certify this case as a class action with respect to Plaintiffs' claims arising under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et. seq.* ("IMWL") and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et. seq.* ("IWPCA"). Plaintiffs contend that they and other similarly situated production employees were not paid all their earned overtime pay or other earned wages in violation of the IMWL and IWPCA.

Plaintiffs' Complaint satisfies the requirements of 735 ILCS 5/2-801. Thus, the Court grants the parties' agreed motion for class certification of their IMWL and IWPCA claims and certifies under 735 ILCS 5/2-801 the following classes:

With respect to Plaintiffs' IMWL overtime claim:

> All persons employed by Defendants Charles Austin, Ltd. in production job positions who worked in excess of forty (40) hours in individual work weeks during the period July 1, 2003, to the present.

1

With respect to Plaintiffs' IWPCA claim:

/Charles Ashn Ltd.

All persons employed by Defendants in production job positions during the period July 1, 2003, to the present.

IT IS SO ORDERED.


ENTERED:

DATED:


Judge _____

JUDGE THOMAS

FEB 2 4 2006

DATED: _____

Circuit Court-23b


2

# EXHIBIT B

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| JESUS RODRIGUEZ, *et. al.*, on behalf of himself and all other Plaintiffs similarly situated known and unknown,  ) ) ) ) | |
| ) Plaintiff,  ) ) | Case No. 04 CH 19720 |
| v.  ) ) | |
| RAVENSWOOD DISPOSAL SERVICE, INC.  ) ) ) | |
| Defendant.  ) ) | |

## ORDER

This matter comes before Court on Plaintiff's motion to certify this case as a class action with respect to his Illinois Minimum Wage Law, 820 ILCS 105/1 *et. seq.* ("IMWL") claim. Plaintiff contends that he and other similarly situated production employees were not paid all their earned overtime pay or other earned wages in violation of the IMWL.

Plaintiffs' First Amended Complaint satisfies the requirements of 735 ILCS 5/2-801. Thus, the Court grants ~~the parties' agreed~~ Plaintiff's motion for class certification of his IMWL claims and certifies under 735 ILCS 5/2-801 the following class:

With respect to Plaintiff's IMWL overtime claim:

> All persons employed by Defendants as roll-off drivers since November 29, 2001, who worked in excess of forty (40) hours in any individual work week, but who were not paid overtime pay at one and one half times their regular hourly rate of pay.

Douglas M. Werman of the Law of office of Douglas M. Werman is designated class counsel.

Status set for 7/26/05 at 9:30 a.m.

1

STATUS July 26, 2005 at 9:30

IT IS SO ORDERED.

ENTERED:

DATED:

JUDGE PETER FLYNN
Judge JUN 0 6 2005
Circuit Court 1784

DATED:

Douglas M. Werman
Law Office of Douglas M. Werman (#38653)
77 W. Washington, Suite 1815
Chicago, Il. 60602
312-419-1008

2

# EXHIBIT C

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| VICENTE TREJO, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| SUPER VALET PARKING, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

Case No.    05 CH 10407

## ORDER

This cause coming to be heard on Plaintiffs' motion for class certification, Counsel for all parties being present, and the Court having heard the arguments of counsel and being fully informed in the premises, it is hereby Ordered that:

1.      Plaintiffs' motion for class certification is granted. The following classes are certified pursuant to 735 ILCS 5/2-801:

**With respect to the Count I Illinois Minimum Wage Law claim for overtime pay:**

All persons employed by Defendants as hourly paid parking valets between June 21, 2002 to December 31, 2005, who worked in excess of forty (40) hours in any individual work week but who were not paid overtime pay at one and one half times their regular hourly rate of pay.

**With respect to the Count IV Illinois Minimum Wage Law claim for minimum wages:**

All persons employed by Defendants as hourly paid parking valets between June 21, 2002 to December 31, 2005, who were paid less than $5.15 per hour prior to January 1, 2004, who were paid less than $5.50 per hour between January 1, 2004 and January 1, 2005, or who were paid less than $6.50 per hour after January 1, 2005, for all time worked in individual work weeks.

**With respect to the Count II IWCPA claim for illegal deductions:**

All persons employed by Defendants as hourly paid parking valets between June 21, 2000 to December 31, 2005, who were not paid for all time worked or who had illegal withholdings

1

made from their wages in individual work weeks.

2. Douglas Werman and Maureen Bantz are designated class counsel.

3. This matter is set for a pretrial conference on December 18, 2007 at 2:00 p.m.

IT IS SO ORDERED.

Dated: _____

Douglas M. Werman
Attorney for Plaintiffs
Werman Law Office, P.C. (#42031)
77 West Washington, Suite 1402
Chicago, IL 60602
312-419-1008

ENTER: _____
                        Circuit Court Judge

**ENTERED**
JUDGE SOPHIA H. HALL-0162

NOV - 6 2007

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK _____

2

# EXHIBIT D

FOCUS - 3 of 4 DOCUMENTS

**KEMAL S. YON, LaSHAWN MILLER, NATHAN ANDREWS, DAVID STANCIEL, and BRIAN BOONE, Plaintiffs, v. POSITIVE CONNECTIONS, INC.; and MICHAEL D. PERRY, Defendants.**

**No: 04 C 2680**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

**2005 U.S. Dist. LEXIS 3396; 10 Wage & Hour Cas. 2d (BNA) 650**

**February 2, 2005, Decided**

**DISPOSITION:** Plaintiff Miller's Motion for Class Certification of Illinois Minimum Wage Law Claim granted.

**COUNSEL:** [*1] For Kemal S Yon, on behalf of himself and all other plaintiffs similarly situated, known and unknown, Plaintiff: Douglas M. Werman, Law Office of Douglas M. Werman, Chicago, IL; Jamie G. Sypulski, Law Offices of Jamie G. Sypulski, Chicago, IL.

For LaShawn Miller, on behalf of themselves and all other plaintiffs similarly situated known and unknown, Plaintiff: Jamie G. Sypulski, Law Offices of Jamie G. Sypulski, Chicago, IL.

For Positive Connections, Inc., an Illinois corporation, Michael D Perry, Defendant: Timothy Michael Nolan, Nolan Law Office, Chicago, IL.

**JUDGES:** Judge John W. Darrah.

**OPINION BY:** JOHN W. DARRAH

**OPINION**

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Kemal S. Yon, LaShawn Miller, Nathan Andrews, David Stanciel, and Brian Boone, filed suit against Defendants, Positive Connections, Inc. and Michael D. Perry, in state court. Thereafter, Defendants removed the action to federal court. Plaintiffs allege that Defendants violated: (1) the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1; and (2) the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201.

Presently before the Court is Miller's Motion for Class Certification [*2] of his Illinois Minimum Wage Law Claim only. Miller, a bus driver employed by Defendants, seeks to certify a class of all bus drivers employed by Defendants since March 8, 2001, who worked in excess of forty hours in any individual work week but who were not paid overtime pay at one-and-one-half times their regular hourly rate.

**LEGAL STANDARD**

"The Federal Rules of Civil Procedure provide the federal district court with broad discretion to determine whether certification of a class action lawsuit is appropriate." *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998) (quotation and citation omitted). In determining whether the class action requirements are met, "a judge should make whatever factual and legal inquiries are necessary under Rule 23." *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 676 (7th Cir. 2001) (*Szabo*).

To receive class certification, Miller must satisfy all four elements of Federal Rule of Civil Procedure 23(a), which include: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Miller must also satisfy at least one of the three provisions under [*3] Federal Rule of Civil Procedure 23(b); Miller attempts to meet the requirement of Rule 23(b)(3).

Defendants contend that Plaintiff has failed to meet all these requirements. Defendants further contend that Plaintiff is not entitled to relief under the Illinois Minimum Wage Law.

**ANALYSIS**

*The Illinois Minimum Wage Law*

Case 1:08-cv-00636   Document 31   Filed 05/14/2008   Page 27 of 50

Page 2

2005 U.S. Dist. LEXIS 3396, *; 10 Wage & Hour Cas. 2d (BNA) 650

Defendants contend that Miller's motion for certification should fail because the putative class members cannot succeed on the merits and cite *Szabo*, 249 F.3d at 675-76. However, *Szabo* does not permit a court to reach the merits of a matter in deciding class certification but, rather, only make the factual and legal inquiries necessary to determine whether a class should be certified. *Belbis v. County of Cook*, 2002 U.S. Dist. LEXIS 22426, No. 01 C 6119, 2002 WL 31600048, at *6 (N.D. Ill. Nov. 18, 2002).

*The Requirements of Rule 23(a)*

Defendants dispute whether Miller has met the four requirements of Rule 23(a) for class certification.

Federal Rule of Civil Procedure 23(a)(1) requires that the class be so numerous that joinder of all the members is impracticable. [*4] A plaintiff does not need to demonstrate the exact number of class members as long as a conclusion is apparent from good-faith estimates. *Peterson v. H & R Block Tax Servs.*, 174 F.R.D. 78, 81 (N.D. Ill. 1997). "Common sense assumptions" can be made in order to support a finding of numerosity. *Grossman v. Waste Management, Inc.*, 100 F.R.D. 781, 785 (N.D. Ill. 1984). However, conclusory allegations that joinder is impracticable or speculation about the size of the class may not be relied upon to prove numerosity. *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989).

Defendants contend that the proposed class is exceedingly small because there are only approximately ten people who would qualify. Miller has shown that from five pay periods, thirty-nine different employees on eighty-seven different instances worked in excess of forty hours per week without receiving overtime pay. No discovery cut-off has yet been set; the proposed class seeks to recover overtime for pay periods in three years; and Defendants employed more than two-hundred bus drivers over the last three years. It is likely that more class members may subsequently [*5] be discovered. Accordingly, the proposed class meets the numerosity requirement.

Commonality exists under Rule 23(a)(2) if the class members share common questions of law or fact. The requirement is usually satisfied when a common nucleus of operative facts unites a class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). The presence of some factual variations among the class members does not defeat commonality, so long as there is at least one question of law or fact common to the class. *Rosario*, 963 F.2d at 1017. Defendants contend that commonality is not present because Miller was one of the few bus drivers who worked longer hours during special charter trips, as opposed to morning and afternoon school routes and, further, that Miller's claims are not common because he

double-billed several hours per day by submitting time records for the same work to different supervisors. Despite Defendants' arguments, the claims presented by the proposed class contain common questions of law and fact. The common issues to be resolved concern whether the members of the proposed class each worked in excess of forty hours and whether the proposed class [*6] members were paid overtime wages.

The typicality requirement of Rule 23(a)(3) is closely related to the commonality requirement of Rule 23(a)(2). *Ruiz v. Stewart Associates, Inc.*, 171 F.R.D. 238, 242 (N.D. Ill. 1997). A plaintiff's claim is typical if it: (1) arises from the same event, practice, or course of action that gives rise to the claims of other class members; and (2) the claims of the plaintiff and the class members are based on the same legal theory. *Rosario*, 963 F.2d at 1018. Defendants argue that Miller's claim is not typical because each potential class member's claim will have to be individually scrutinized. Defendants also argue that each Plaintiff's FLSA claim will have to be reviewed under an exception, 29 U.S.C. § 207(n). However, Miller's claim and the claims of the potential class members arise from the same course of action -- the alleged failure to pay overtime pay. These claims are based upon the same legal theory, as well. Finally, whether an exception applies to Plaintiffs' FLSA claims, as argued by Defendants, is not now relevant to determining whether a class for the IMWL claim should be certified. [*7] Therefore, the typicality requirement is also met.

The class representatives must also "fairly and adequately protect the interests of the class". Fed. R. Civ. P. 23(a)(4). Two factors are used to determine whether the class is adequately represented. First, no conflicts of interest must exist between the named plaintiff and the class members. *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 58 (N.D. Ill. 1996). Second, the named plaintiff's counsel must adequately protect the interests of the class by being qualified, experienced, and generally able to conduct the proposed litigation. *Rosario*, 963 F.2d at 1018. Miller's attorney appears qualified, experienced, and capable to conduct this litigation; and no conflicts of interest between Miller and the class members have been shown. Miller's counsel will adequately protect the interests of the class.

*The Requirements of Rule 23(b)(3)*

Rule 23(b)(3) requires "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to the available methods for the fair [*8] and efficient adjudication of the controversy."

Defendants contend that Miller's proposed class action fails to meet the superiority requirement of Rule

Case 1:08-cv-00636    Document 31    Filed 05/14/2008    Page 28 of 50

Page 3

2005 U.S. Dist. LEXIS 3396, *; 10 Wage & Hour Cas. 2d (BNA) 650

23(b)(3) and argue that certifying a class action based on the IMWL and Rule 23 would circumvent the requirements of the FLSA. Rule 23 includes all class members unless they specifically choose to "opt-out." To the contrary, the FLSA makes a "crucial policy decision" and requires all potential class members to "opt-in." *McClain v. Leona's Pizzeria, Inc.*, 222 F.R.D. 574, 577 (2004) (citation omitted). Thus, Defendants argue that Miller would circumvent the federal policy by bringing a class action under similar state law claims here in federal court.

Several judges in this district have agreed with the rationale supporting this argument.

> Were we to certify a class action for [the plaintiff's] supplemental state claims based on the same facts and issues underlying [the plaintiffs] federal claim, we could very well be left with the rather incongruous situation of a[] [Fair Labor Standards Act] "class" including only a tiny number of employees . . . with a state-law class that nonetheless includes all [*9] or nearly all of the companies' present or former employees. To do so would effectively "allow a federal tail to wag what is in substance a state dog."

*McClain v. Leona's Pizzeria, Inc.*, 222 F.R.D. 574, 577 (N.D. Ill. 2004) (Castillo, J.) (quoting *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 310 (3d Cir. 2003) (*De Asencio*)) (other internal citations, quotations, and alterations omitted). Similarly, in *Rodriguez v. The Texan, Inc.*, the court held "that the policy and the underlying congressional intent would be thwarted if a plaintiff were permitted to back door the shoehorning in of unnamed parties through the vehicle of calling upon similar state statutes that lack such an opt-in requirement." *Rodriguez v. Texan, Inc.*, 2001 U.S. Dist. LEXIS 24652, No. 01 C 1478, 2001 WL 1829490, at *2 (N.D. Ill. Mar. 7, 2001) (Shadur, J.). In *Harper v. Yale Int'l Ins. Agency, Inc.*, 2004 U.S. Dist. LEXIS 8476, No. 03 C 3789, 2004 WL 1080193, at * 5 (N.D. Ill. May 12, 2004) (Pallmeyer, J.), the court stated:

> In this case, Plaintiffs have opted to file their complaint in federal court, so there is no concern that Defendants have strategically removed the case [*10] to avoid a class action lawsuit. Plaintiffs, however, have arguably subverted congressional intent in creating the FLSA opt-in proce-

dure by choosing to seek class certification of their [Illinois Minimum Wage Law] claims instead of pursuing an FLSA collective action.

In *Muecke v. A-Reliable Auto Parts & Wreckers, Inc.*, 2002 U.S. Dist. LEXIS 11917, No. 01 C 2361, 2002 WL 1359411, at * 2 (N.D. Ill. June 25, 2002) (Kennelly, J.), the court noted that allowing class certification of the IMWL claims would create the "rather incongruous situation of an FLSA 'class' including only a tiny number of employees who are interested in seeking back wages, with a state-law class that nonetheless includes all or nearly all of the companies' present or former employees." Finally, in *De La Fuente v. FPM Ipsen Heat Treating, Inc.*, 2002 U.S. Dist. LEXIS 24040, No. 02 C 50188, 2002 WL 31819226, at *2 (N.D. Ill. Dec. 16, 2002) (Reinhard, J.), the court expressed its concern about certifying a state law class while the opt-in period for the FLSA claim was still open would confuse potential class members and, therefore, refused to certify the IMWL class action.

The reasoning of these opinions is compelling when the plaintiff [*11] has filed both federal and Illinois wage claims in federal court and seeks class certification on both. That is not the case here. Miller filed this action in an Illinois court where the claim under the IMWL, using the "opt out" provisions, would probably produce more class members than the FLSA claim, which was joined.

To permit Defendants to remove this case to federal court and then prevent class certification of the IMWL claim on the grounds of Rule 23(b)(3) would effectively require Plaintiff to maintain a class action on the IMWL claim in state court and the FLSA claim in this court. This would be unfair and inefficient. Therefore, a class action on the IMWL claim is "superior to the available methods for the fair and efficient adjudication of the controversy."

## CONCLUSION

For the foregoing reasons, Miller's Motion for Class Certification of his Illinois Minimum Wage Law Claim is granted.

Dated: February 2, 2005

JOHN W. DARRAH

United States District Judge

# EXHIBIT E

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 1656 | **DATE** | 10/19/2007 |
| **CASE TITLE** | Villareal, et al. vs. El Chile, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Plaintiffs' motion for class certification [21] is granted. The following class is certified in this case: All persons employed by Defendants between December 18, 2003 and the present, who were paid on an hourly rate or day rate basis, and who worked in excess of forty (40) hours in any individual work week, but who were not paid overtime pay at one and one half times their regular pay.

■[ For further details see text below.]                                                    Docketing to mail notices.

---

### STATEMENT

Plaintiffs seek to certify their Illinois Minimum Wage Law claims for owed overtime pay as a class action.

Plaintiffs allege that Defendants operate several restaurants in the Chicago area and run these restaurants in an integrated fashion. Plaintiffs further allege that Defendants did not pay employees overtime wages for hours worked over forty hours in a week. Plaintiffs have identified 129 people in Defendants' payroll documents who allegedly were not paid overtime wages that they were owed.

Plaintiffs seek to certify a class defined as follows:

All persons employed by Defendants between December 18, 2003 and the present, who were paid on an hourly rate or day rate basis, and who worked in excess of forty (40) hours in any individual work week, but who were not paid overtime pay at one and one half times their regular pay.

To be certified as a class action, a proposed class must meet the four requirements of Rule 23(a) of the Federal Rules of Civil Procedure:

One or more members of the class may sue or be sued as a representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Plaintiffs' proposed class satisfies all four requirements of Rule 23(a). Plaintiffs estimate that the class will exceed 100 people. This is more than sufficient to satisfy the numerosity requirement. The proposed class also satisfies the commonality requirement – among other questions common to the proposed class is whether Defendants were joint employers. The typicality requirement is satisfied because the claims of the class representatives and the members of the proposed class arise out of Defendants' alleged practice of not paying overtime wages. The adequacy-of-representation requirement is also satisfied in this case.

## STATEMENT

Proposed class counsel have more than sufficient experience with wage-and-hour litigation, and there is no conflict of interest between Plaintiffs and the members of the proposed class.

Plaintiffs' proposed class also satisfies the requirements of Rule 23(b)(3). Common questions of law and fact will predominate over questions affecting only individual members. These include questions of Defendants' status as joint employers and of Defendants' practices in paying their employees. Finally, class action is the superior method of adjudication in this case. It is more efficient than individual suits and allows members of the proposed class to pursue claims that they could not otherwise bring due to lack of financial resources or fear of retaliation.

For the above reasons, the following class is certified in this case:

All persons employed by Defendants between December 18, 2003 and the present, who were paid on an hourly rate or day rate basis, and who worked in excess of forty (40) hours in any individual work week, but who were not paid overtime pay at one and one half times their regular pay.

# EXHIBIT F

1 of 2 DOCUMENTS

**DENIS ACOSTA, LETICIA ROSAS, IRMA ABRAJAN, and MARIA DE JESUS GARCIA [1] on behalf of themselves and other persons similarly-situated, known and unknown, Plaintiffs, v. SCOTT LABOR LLC, SCOTT BORRE and THE FORM HOUSE, INC., Defendants.**

1   The court notes that Patricio Solano as a plaintiff in the captions of several of plaintiffs' notices of filing, but he is not included in either the caption or the body of the second amended complaint or plaintiffs' brief in support of their motion for class certification.

**No. 05 C 2518**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

**2006 U.S. Dist. LEXIS 153**

**January 3, 2006, Decided**
**January 3, 2006, Filed**

**PRIOR HISTORY:** Acosta v. Scott Labor LLC, 377 F. Supp. 2d 647, 2005 U.S. Dist. LEXIS 14411 (N.D. Ill., 2005)

**COUNSEL:** [*1]  For Denis Acosta, Leticia Rosas, Irma Abrajan, Marcia De Jesus Garcia, Patricia Solano on behalf of themselves and other persons similarly situated, known and unknown, Plaintiffs: Christopher John Williams, Douglas M. Werman, Werman Law Office, P.C., Chicago, IL.

For Scott Labor LLC, Scott Borre, Defendants: Eugene K. Hollander, The Law Offices of Eugene K. Hollander, Chicago, IL.

For Form House, Inc., The, Defendant: Thomas G. Gardiner, Erik R. Nelson, Gardiner Koch & Weisberg, Chicago, IL.

**JUDGES:** Judge Robert W. Gettleman.

**OPINION BY:** Robert W. Gettleman

**OPINION**

**MEMORANDUM OPINION AND ORDER**

Plaintiffs filed a class action in the Circuit Court of Cook County, Chancery Division, alleging that defendants violated the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq.("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq. ("IWPCA"), by failing to adequately pay them their earned overtime and other wages. Plaintiffs filed an amended complaint in state court that added individual (non-class) claims on behalf of each named plaintiff under the Fair Labor Standards Act, 29 U.S.C. 201 [*2] et seq. ("FLSA"), alleging failure to pay overtime wages and minimum wages. Defendants subsequently removed the case to this court.

Plaintiffs have moved pursuant to Fed. R. Civ. P. 23 for certification of three classes defined as:

> I. All persons leased by Defendant Scott Labor, LLC and Scott Borre to Defendant The Form House, Inc. as hourly employees since November 17, 2001 through September 11, 2005 who worked in excess of forty (40) hours in any individual work week at The Form House, Inc. but who were not paid overtime pay at one and a half times their regular hourly rate of pay.

> II. All persons leased by Defendant Scott Labor, LLC and Scott Borre to Defendant The Form House, Inc. as hourly employees since November 17, 2001 through September 11, 2005 who were paid less than $ 5.15 per hour prior to

January 1, 2004, who were paid less then $ 5.50 per hour between January 1, 2004 and January 1, 2005, or who were paid less than $ 6.50 per hour after January 1, 2005, for all time worked in individual work weeks at The Form House, Inc.

III. All persons leased by Defendant Scott Labor, LLC and Scott Borre to Defendant The [*3] Form House, Inc. as hourly employees since November 17, 2001 through September 11, 2005 and who were not paid for all hours worked in individual work weeks at The Form House, Inc.

Class I and class II assert claims under the IMWL, and class III asserts claims under IWPCA. Plaintiffs do not specify class representatives, and the court assumes that all named plaintiffs seek to represent all three classes.

On September 20, 2005, the court granted an agreed motion by plaintiffs and defendants Scott Labor LLC and Scott Borre to certify all three classes. Defendant The Form House ("Form House") opposed that order and has filed a brief opposing class certification, arguing that a federal class action is not superior to other methods of adjudication as required under Fed. R. Civ. P. 23(b)(3) because an FLSA class cannot be certified under Rule 23. Form House also argues that the court lacks supplemental jurisdiction over the state law claims. For the reasons set forth below, plaintiffs' motion for class certification is granted as to all three classes.

## FACTS

The following facts are those relevant to the class certification motion [*4] only. Defendant Scott Labor, LLC ("Scott Labor") is a temporary staffing agency that recruits hourly laborers and leases those laborers to third-party client companies. Defendant Scott Borre ("Borre") is a member of Scott Labor. Borre directs and supervises the work of Scott Labor's employees, has the authority to hire and fire, and makes decisions regarding employee compensation. Defendant Form House leases employees from Scott Labor, including the named plaintiffs and the putative class members. Plaintiffs are current and former employees of Scott Labor who were leased to Form House, and allege that defendants are joint employers who failed to pay them the minimum wage and overtime wages as required under state and federal law.

## DISCUSSION

Districts courts have broad discretion to determine whether certification of a class action is appropriate.

Keele v. Wexler, 149 F.3d 589, 592 (7th Cir. 1998). Fed. R. Civ. P. 23, which governs class actions, requires a two-step analysis to determine if class certification is appropriate. First, plaintiffs must satisfy all four requirements of Rule 23(a): (1) numerosity; (2) commonality; [*5] (3) typicality; and (4) adequacy of representation. Harriston v. Chicago Tribune Co., 992 F.2d 697, 703 (7th Cir. 1993). In the instant case, Form House does not challenge the Rule 23(a) prerequisites.

Second, the action must also satisfy one of the conditions of Rule 23(b). Joncek v. Local 714 International of Teamster Health and Welfare Fund, 1999 U.S. Dist. LEXIS 14853, 1999 WL 755051, at *2 (N.D. Ill. Sept. 3, 1999) (and cases cited therein). Plaintiffs seek certification under Rule 23(b)(3), which requires plaintiffs to demonstrate that: (1) common questions must predominate over any questions affecting only individual members; and (2) class resolution is superior to other methods for the fair and effective adjudication of the controversy. Portis v. City of Chicago, 2003 U.S. Dist. LEXIS 15712, 2003 WL 22078279, at *3 (N.D. Ill. Sept. 8, 2003) (quoting Joncek, 1999 U.S. Dist. LEXIS 14853, 1999 WL 755051, at *7). Plaintiffs have the burden of showing compliance with Rule 23. Cwiak v. Flint Ink Corp., 186 F.R.D. 494, 496 (N.D. Ill. 1999). Form House does not contest that plaintiffs have satisfied the first requirement of 23(b)(3) that common questions predominate. Form House's only [*6] challenge to class certification is that class resolution is not a superior method, arguing that plaintiffs' motion for class certification under Rule 23 "effectively circumvents the opt-in requirement of the [FLSA] and undermines Congress's intent to limit these types of claims to collective actions." For the reasons stated below, the court disagrees and grants plaintiffs' motion for class certification.

A Rule 23 class cannot be certified under the FLSA; instead, such claims must be brought as a collective action under 29 U.S.C. § 216(b). see Rodriguez v. The Texan, Inc., 2001 U.S. Dist. LEXIS 24652, 2001 WL 1829490, at *1 (N.D.Ill. Mar. 7, 2001). A collective action under § 216(b) differs from a class action under Rule 23 because, in contrast to a class action that includes all class members unless they specifically "opt-out," members of an FLSA representative action must "opt-in." see Woods v. New York Life Ins. Co., 686 F.2d 578, 580 (7th Cir. 1982). Congress placed no such limitation on class actions seeking overtime or other wages under state law. See. e.g., Beltran-Benitez v. Sea Safari, Ltd., 180 F. Supp. 2d 772, 774 (E.D.N.C. 2001) [*7] ("The FLSA's prohibition of Rule 23 class actions does not bar the application of Rule 23 to a separate cause of action in the same complaint.").

In the instant case, Form House argues that certifying the proposed classes would undermine Congress's

policy decision that all FLSA class members "opt-in." See McClain v. Leona's Pizzeria, 222 F.R.D. 574, 577 (2004) (("M"andating an opt-in class or an opt-out class is a crucial policy decision") (quoting De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 310 (3rd Cir. 2003)). In support of this argument, Form House cites several opinions from this district. See, e.g., Harper v. Yale Int'l Ins. Agency, Inc., 2004 U.S. Dist. LEXIS 8476, 2004 WL 1080193, at *5 (N.D.Ill. May 12, 2004); McClain, 222 F.R.D. at 577; Rodriguez, 2001 U.S. Dist. LEXIS 24652, 2001 WL 1829490, at *2. All of the cases cited by Form House, however, are distinguishable on at least one of two grounds. First, plaintiffs here are not asserting a collective action under the FLSA; instead, they assert only individual claims under the FLSA. Second, plaintiffs filed their complaint in state court and it was removed by defendants.

Form House fails to [*8] identify any case in a which a court has held that a state law class action, removed to federal court, is barred by an un-asserted FLSA collective action, and the court's research has not revealed such a case. Courts in this district are split as to whether plaintiffs may simultaneously pursue FLSA collective actions and state law class actions. In all but one of the cases relied on by Form House, the plaintiffs asked the court to approve notice under § 216(b) of a collective action under the FLSA and to certify state law classes under Rule 23.

Courts denying class certification of state law claims place significant emphasis on the difficulties and incongruities potentially presented by permitting both opt-in and opt-out classes in the same case. For example, in Muecke v. A-Reliable Auto Parts and Wreckers, Inc., 2002 U.S. Dist. LEXIS 11917, 2002 WL 1359411, at *2 (N.D.Ill. June 21, 2002), the court permitted the plaintiffs to send notice of a collective action under § 216(b) of the FLSA. The court then denied the plaintiffs' motion to certify state law classes, relying heavily on the complications created by including both a Rule 23 class and a collective action.

> It is entirely possible. [*9] ..that only a few or a handful of employees will elect to opt into the FLSA action. Were that to occur, we would be left with the rather incongruous situation of an FLSA 'class' including only a tiny number of employees who are interested in seeking back wages, with a state-law class that nonetheless includes all or nearly all of the companies' present or former employees. Id.

The McClain court echoed these concerns in a similar holding denying the plaintiffs' motion to certify state law classes under Rule 23 after authorizing notice of a collective action under § 216(b) of FLSA. 222 F.R.D. at 577. See also, De Asencio, 342 F.3d at 311 (noting that where FLSA claims are brought together with fair wage claims under state law, "the disparity in numbers of similarly situated plaintiffs [alleging state as opposed to federal claims] may be so great that it becomes dispositive in transforming the action to a substantial degree, by causing the federal tail represented by a comparatively small number of plaintiffs to wag what is in substance a state dog.").

Form House also relies on Rodriguez, in which Judge Shadur issued an order sue sponte, [*10] shortly after the plaintiffs filed a complaint that appeared to assert class claims under the FLSA and state wage laws, which noted his "serious reservations" whether the putative state law classes could be certified. Judge Shadur expressed concern that the opt-in policy of the FLSA and congressional intent would be "thwarted if a plaintiff were permitted to back-door the shoehorning in of unnamed parties through the vehicle of calling upon similar statutes that lack such an opt-in requirement." Rodriguez, 2001 U.S. Dist. LEXIS 24652, 2001 WL 1829490, at *2. Rodriguez, however, was merely a warning to the plaintiffs, and did not hold that the state law classes could not be certified.

Other courts in this district have reached the opposite conclusion, and allowed the certification of state law wage claims in conjunction with individual and collective actions under the FLSA, discounting the potential for confusion caused by two types of classes. See, e.g., Ladegaard v. Hard Rock Concrete Cutters, Inc., 2000 U.S. Dist. LEXIS 17832, 2000 WL 1774091, at *7 (N.D.Ill. Dec. 1, 2000) (rejecting the defendants' argument the FLSA provides similar relief and that it would be "confusing for the class members to receive [*11] notice from the court about their choices to "opt-in" to the FLSA action and "opt-out" of the state actions under Rule 23(b)(3)); O'Brien v. Encotech Const. Servs., Inc., 203 F.R.D. 346 (N.D.Ill. 2001) (permitting plaintiffs to proceed with both FLSA collective action and Rule 23 class action on their IMWL and IWPCA claims). Similarly, in Belbis v. County of Cook, 2002 U.S. Dist. LEXIS 22426, 2002 WL 31600048 (N.D.Ill. Nov. 18, 2002), the court certified state law claims but denied the motion for notice of an FLSA collective action, suggesting that state law class claims may proceed alone.

Even if the court agreed with courts including Muecke, Rodriguez, and McClain that simultaneous collective and class actions may pose procedural problems involving notice and case management, these concerns are largely dissipated in the instant case because plain-

tiffs do not assert an FLSA collective action. This court sees no conflict or confusion that could result from proceeding with class actions on the state counts and an individual action on the FLSA count.

All of the cases cited by Form House in support of its opposition to class certification are further distinguishable from [*12] the instant case because they were originally filed in federal court. Several courts denying class certification for state law claims have noted that the plaintiffs, as masters of their complaint, filed their claims in federal court. For example, in Harper v. Yale International Ins. Agency, Inc., 2004 U.S. Dist. LEXIS 8476, 2004 WL 1080193 (N.D.Ill. May 12, 2004), Judge Pallmeyer emphasized that the plaintiffs "chose to file their complaint in federal court, so there is no concern that defendants have strategically removed the case to avoid a class action lawsuit." Harper, 2004 U.S. Dist. LEXIS 8476, [WL] at *5. In the instant case, the genuine concerns raised in Harper cannot be assuaged so easily because plaintiffs originally filed their complaint in state court. Moreover, Form House cannot claim surprise that plaintiffs seek to certify state law claims here because the original state court complaint in this action included the same state law class claims as the current second amended complaint.

Prior to Harper, Judge Pallmeyer had recently considered whether a plaintiff must pursue an FLSA collective action either simultaneously with, or instead of, a state law class action. See Sorensen v. CHT Corp., 2004 U.S. Dist. LEXIS 3729, 2004 WL 442638 (N.D.Ill. 2004). [*13] The plaintiffs in Sorensen had filed a complaint in state court alleging violations of the FLSA, the IMWL, and the IWPCA, and sought to certify a class for the state law claims. The defendants removed the case to federal court and challenged class certification on the grounds that it was not a superior method of adjudication. 2004 U.S. Dist. LEXIS 3729, [WL] at *4. The Sorensen court acknowledged the congressional intent to limit collective actions, but also recognized that Illinois courts contemplate class action treatment for IMWL and IWPCA claims. Id. Judge Pallmeyer observed that permitting defendants to remove state law claims and then object to class action treatment of those claims "arguably subverts the rights of unnamed class members." Id. Judge Pallmeyer distinguished her holding in Harper from Sorensen by noting that the plaintiffs in Harper had filed in federal court. 2004 U.S. Dist. LEXIS 3729, [WL] at *5.

Several other courts in this district have certified state law classes where the plaintiffs originally filled in state court. In Yon v. Positive Connections, Inc., 2005 U.S. Dist. LEXIS 3396, 2005 WL 628016 (N.D.Ill. Feb. 2, 2005), the court certified a class claim under the IMWL that had been removed [*14] from state court.

The Yon court held that to permit the defendants to remove the case to federal court and then prevent class certification by challenging superiority under Rule 23(b)(3) would require the plaintiff to maintain a class action on the IMWL class in state court and its FLSA claim in federal court. Id. at * 4. "This would be unfair and inefficient." Id.; see also Herman v. Premier Concrete, Inc., 01 C 7263, unpub. order (N.D.Ill. May 14, 2002) (granting class certification of IMWL claims in case removed from state court.).

The court agrees with the reasoning of these cases that a defendant's removal of a state class action significantly diminishes the merits of its challenge to the superiority of class certification under Rule 23(b)(3). Form House asserts that "there are superior alternatives" to granting class certification at this time, but fails to explain or identify such alternatives. To remand the state law claims while retaining jurisdiction over the individual federal claims would be a poor use of judicial resources. See O'Brien, 203 F.R.D. at 352 ("It would be desirable to concentrate all litigation related to plaintiffs' common set [*15] of facts in this forum.").

Form House also argues that the court should not certify the state law classes because it will lack supplemental jurisdiction over the proposed class members "who become party to the state law claims in accordance with Rule 23's opt-out provision but do not opt-in to [plaintiffs'] FLSA action as required by 29 U.S.C. § 216(b)." This argument is nonsensical because, once again, plaintiffs' have not filed a collective FLSA action, and the named plaintiffs' individual FLSA claims do not trigger the opt-in procedure.

Form House cites Rodriguez and McClain in support of its contention that 28 U.S.C. § 1367(a) does not provide supplemental jurisdiction over the state law claims, but Form House reads the case law too broadly and the statutory language too narrowly The Rodriguez court, which did not issue a holding, observed that the language of § 1367 "plainly betokens *actual* joinder or intervention, not the type of representative treatment" provided for under Rule 23. 2001 U.S. Dist. LEXIS 24652, 2001 WL 1829490, at *2 (emphasis in original). The McClain court cites Rodriguez with approval, nothing that [*16] § 1367 "does not contemplate a plaintiff using supplemental jurisdiction as a rake to drag as many members as possible into what would otherwise be a collective action." McClain, 222 F.R.D. at 577.

Although the court appreciates the jurisdictional concerns expressed in Rodriguez and McClain, neither case holds that § 1367 does not apply to state law class actions. Section 1367 provides supplemental jurisdiction "over all other claims that are so related" that "they form part of the same case or controversy." Section 1367 also

provides, "Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." Nothing in the statute prohibits supplemental jurisdiction over state law class claims. It is within this court's sound discretion to decline or elect to exercise supplemental jurisdiction over supplemental state law claims. Lynch v. Young, 2005 U.S. Dist. LEXIS 28821, 2005 WL 3115172, at *5 (N.D.Ill. Nov. 17, 2005). Moreover, any concerns are further diminished by the absence of a collective action in the instant case and defendants' removal. Finally, this court has already exercised supplemental jurisdiction over the [*17] putative class members by entering the September 20, 2005, agreed order between plaintiffs and Borre and Scott Labor, which certified plaintiffs' state law classes.

For the reasons stated above, the court certifies classes I, II, and III as defined above.

## CONCLUSION

For the reasons stated above, the court grants plaintiffs' motion for class certification. The court certifies three classes defined as:

> I. All persons leased by Defendant Scott Labor, LLC and Scott Borre to Defendant The Form House, Inc. as hourly employees since November 17, 2001 through September 11, 2005 who worked in excess of forty (40) hours in any individual work week at The Form House, Inc. but who were not paid overtime pay at one

and a half times their regular hourly rate of pay.

> II. All persons leased by Defendant Scott Labor, LLC and Scott Borre to Defendant The Form House, Inc. as hourly employees since November 17, 2001 through September 11, 2005 who were paid less than $ 5.15 per hour prior to January 1, 2004, who were paid less then $ 5.50 per hour between January 1, 2004 and January 1, 2005, or who were paid less than $ 6.50 per hour after January 1, 2005, for all time worked [*18] in individual work weeks at The Form House, Inc.

> III. All persons leased by Defendant Scott Labor, LLC and Scott Borre to Defendant The Form House, Inc. as hourly employees since November 17, 2001 through September 11, 2005 and who were not paid for all hours worked in individual work weeks at The Form House, Inc.

ENTER: January 3, 2006

Robert W. Gettleman

United States District Judge

# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSE ANTONIO ALEJANDRO on behalf )
of himself and all other Plaintiffs similarly )
situated known and unknown, )
                            )
           Plaintiff, )
                            )
       v. )       Case No. 04 C 2889
                            )
SURESTAFF, INC., and DAVID MEHR, )       Judge Zagel
                            )
           Defendants. )

## ORDER

Before the Court is Plaintiff's motion for class certification of his claims arising under the

Illinois Minimum Wage Law, 820 ILCS 105/1 *et. seq.* ("IMWL"), and the Illinois Wage Payment

and Collection Act, 820 ILCS 115/1, *et. seq.* ("IWPCA"). Plaintiff's motion is supported by

Plaintiff's Declaration and with payroll and time records that purport to show a violation of the

IMWL and IWPCA. In addition, in their respective Answers to Plaintiff's First Amended Complaint,

Defendants admit that when Plaintiff and a class of similar situated employees worked in excess of

forty (40) hours in individual work weeks at multiple job locations within the same week, employees

were not paid all their earned overtime pay as required by the ILWL. Defs'. Answer to Complaint,

¶¶6-9.

The Federal Rules of Civil Procedure provide the federal district courts with broad discretion

to determine whether certification of a class-action lawsuit is appropriate. *Ladegaard v. Hard Rock*

*Concrete, Inc.*, 2000 U.S. Dist. LEXIS 17832 (N.D. Ill. December 1, 2000), citing *Keele v. Wexler,*

1

149 F.3d 589, 592 (7th Cir. 1998). Under the Rules, a determination of class certification requires a two-step analysis. *Id.* First, the named plaintiff must demonstrate that his action satisfies the four threshold requirements of Rule 23(a):

> (1) numerosity (the class must be so large 'that joinder of all members is impracticable'); (2) commonality (there must exist 'questions of law or fact common to the class'); (3) typicality (named parties' claims or defenses' are typical . . . of the class'); and (4) adequacy of representation (the representative must be able to 'fairly and adequately protect the interests of the class').

Fed. R. Civ. P. 23(a). Second, the action must qualify under one of the three subsections of Rule 23(b). *Hardin v. Harshbarger*, 814 F. Supp. 703, 706 (N.D. Ill. 1993); Fed. R. Civ. P. 23(b).

Plaintiff's Complaint satisfies the requirements of Rule 23(a) and is also sufficient to satisfy Rule 23(b)(3). Rule 23(b)(3) provides that an action may be maintained as a class action if "the court finds that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Thus, the Court grants Plaintiff's motion for class certification of his IMWL and IWPCA claims and certifies under Rule 23 the following classes:

With respect to Plaintiff's IMWL overtime claim:

> All persons employed by Defendants in hourly job positions and who worked in excess of forty (40) hours in individual work weeks during the period October 8, 2000 to the present.

With respect to Plaintiff's IWPCA claim:

> All persons employed by Defendants in hourly job positions during the period October 8, 1998, to the present.

2

IT IS SO ORDERED.

ENTERED:

DATED:

James B. Zagel, Judge
United States District Court

DATED: 7 July 2004

3

# EXHIBIT H

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 2057 | **DATE** | 7/27/2005 |
| **CASE TITLE** | Flores, et al vs. Jorge Arteaga Corp., et al | | |

**DOCKET ENTRY TEXT:**

Enter Joint Class Certification Order. Plaintiffs' motion for class certification of their minimum and overtime wage claims is granted. Status hearing held and continued to 9/7/05 at 8:45 A.M.

■ [ For further detail see attached order.]                    Docketing to mail notices.

| | Courtroom Deputy Initials: | TH |
|---|---|---|

05C2057 Flores, et al vs. Jorge Arteaga Corp., et al                    Page 1 of 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RUBI FLORES, VICTOR GARCIA, RICARDO )
RODRIGUEZ, MIGUEL CRUZ, AND ERIC GONZALEZ )
on behalf of themselves and all other persons similarly )
situated, known and unknown, )
                                 )
          Plaintiffs, )
                                   )        Case No. 05 C 2057
      v. )
                                   )        Judge St. Eve
JORGE ARTEAGA CORP., d/b/a RESTAURANT )
GUADALAJARA and GUADALARA )
SUPERMARKETS, JORGE ARTEAGA, and MARIA DEL )
CARMEN ARTEAGA, INC., )
                                   )
          Defendants. )

## ORDER

      Before the Court is Plaintiffs' motion for class certification of their minimum and overtime

wage claims arising under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et. seq.* ("IMWL").

Plaintiffs' motion is supported by Plaintiffs' Declarations and with payroll and time records that

purport to show a violation of the IMWL.

      The Federal Rules of Civil Procedure provide the federal district courts with broad discretion

to determine whether certification of a class-action lawsuit is appropriate. *Ladegaard v. Hard Rock*

*Concrete, Inc.*, 2000 U.S. Dist. LEXIS 17832 (N.D. Ill. December 1, 2000), citing *Keele v. Wexler*,

149 F.3d 589, 592 (7th Cir. 1998). Under the Rules, a determination of class certification requires a

two-step analysis. *Id.* First, the named plaintiff must demonstrate that his action satisfies the four

threshold requirements of Rule 23(a):

1

> (1) numerosity (the class must be so large 'that joinder of all members is impracticable'); (2) commonality (there must exist 'questions of law or fact common to the class'); (3) typicality (named parties' claims or defenses' are typical . . . of the class'); and (4) adequacy of representation (the representative must be able to 'fairly and adequately protect the interests of the class').

Fed. R. Civ. P. 23(a). Second, the action must qualify under one of the three subsections of Rule 23(b). *Hardin v. Harshbarger*, 814 F. Supp. 703, 706 (N.D. Ill. 1993); Fed. R. Civ. P. 23(b).

Plaintiffs' First Amended Complaint and the materials submitted with their motion for class certification satisfies the requirements of Rule 23(a) and is also sufficient to satisfy Rule 23(b)(3). Rule 23(b)(3) provides that an action may be maintained as a class action if "the court finds that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Thus, the Court grants Plaintiffs' motion for class certification of their IMWL claims and certifies under Rule 23 the following classes:

With respect to the Count I IMWL minimum wage law claim:

> All persons employed by Defendants in hourly job positions who were paid less then $5.15 per hour prior to January 1, 2004, who were paid less than $5.50 per hour between January 1, 2004 and January 1, 2005, or who were paid less than $6.50 per hour after January 1, 2005, for all time worked in individual work weeks.

With respect to the Count II IMWL minimum wage law claim:

> All "tipped" employees who were paid less then $3.09 per hour prior to January 1, 2004, who were paid less than $3.30 per hour between January 1, 2004 and January 1, 2005, or who were paid less than $3.90 per hour after January 1, 2005, for all time worked in individual work weeks.

2

With respect to Count III, IMWL overtime wage law claims:

> All persons employed by Defendants in hourly job positions who worked in excess of forty (40) hours in any individual work week but who were not paid overtime pay at one and one half times their regular hourly rate of pay.

Douglas M. Werman and the Law Office of Douglas M. Werman is designated class counsel with respect to Plaintiffs' overtime claims.

IT IS SO ORDERED.

ENTERED:

DATED:  7-27-05

Amy St. Eve, Judge
United States District Court

DATED:  7-27-05

3

# EXHIBIT I



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

AGUSTIN HERRERA, BETSAY NAVARRETE,  )
BEATRIZ CARBAJAL, FERNANDO  )
AGUILAR, FELIPE REVADAN, VIDAL  )
REVADAN, JESUS BELTRAN, JUAN CRUZ,  )
GENARO CHAVEZ, RAMIRO QUINATANA,  )
SABASTIAN CRUZ, JAIME CARRANCO,  )
CIRILO SAVEDRA, CESILIA RAMIREZ,  )
OLIVERO BUENROSTRO, SERGIO CELAYA,  )
on behalf of themselves and all other individuals  )
similarly situated, known and unknown,  )
)
               Plaintiffs,  )
)
v.  )       Case No. 06 C 1872
)
CHICAGO MATTRESS COMPANY, INC.  )       Judge Filip
and ANDREW SHIFRIN, individually,  )
)
             Defendants.  )

## *AGREED* ORDER GRANTING CLASS CERTIFICATION OF PLAINTIFFS' ILLINOIS MINIMUM WAGE LAW CLAIM AGAINST DEFENDANTS' CHICAGO MATTRESS COMPANY, INC. AND ANDREW SHIFRIN

Before the Court is Plaintiffs' motion for class certification of their overtime wage claim

arising under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") against

Defendants Chicago Mattress Company, Inc. ("Chicago Mattress") and Andrew Shifrin

("Shifrin")(collectively "Defendants"). Plaintiffs' motion is supported by Defendants' Answer and

payroll and time records that purport to show a violation of the IMWL.

The Federal Rules of Civil Procedure provide the federal district courts with broad discretion

to determine whether certification of a class-action lawsuit is appropriate. *Ladegaard v. Hard Rock*

1

*Concrete, Inc.*, 2000 U.S. Dist. LEXIS 17832 (N.D. Ill. December 1, 2000), citing *Keele v. Wexler*,

149 F.3d 589, 592 (7th Cir. 1998). Under the Rules, a determination of class certification requires a

two-step analysis. *Id.* First, the named plaintiff must demonstrate that his action satisfies the four

threshold requirements of Rule 23(a):

> (1) numerosity (the class must be so large 'that joinder of all members
> is impracticable'); (2) commonality (there must exist 'questions of law
> or fact common to the class'); (3) typicality (named parties' claims or
> defenses' are typical . . . of the class'); and (4) adequacy of
> representation (the representative must be able to 'fairly and
> adequately protect the interests of the class').

Fed. R. Civ. P. 23(a). Second, the action must qualify under one of the three subsections of Rule

23(b). *Hardin v. Harshbarger*, 814 F. Supp. 703, 706 (N.D. Ill. 1993); Fed. R. Civ. P. 23(b).

Plaintiffs' Complaint and the materials submitted with their motion for class certification

~~satisfies~~ *Satisfy* the requirements of Rule 23(a) and ~~is~~ *are* also sufficient to satisfy Rule 23(b)(3). Rule 23(b)(3)

provides that an action may be maintained as a class action if "the court finds that questions of law

or fact common to the members of the class predominate over any questions affecting only individual

members, and that a class action is superior to other available methods for the fair and efficient

adjudication of the controversy."

Thus, the Court grants Plaintiffs' motion for class certification of their IMWL claims and

certifies under Rule 23 the following classes:

With respect to the Count I IMWL overtime wage law claim:

All persons employed by Defendants as hourly employees between February 9, 2003 through
May 9, 2006 who worked in excess of forty (40) hours in any individual work week but who
were not paid overtime pay at one and one half times their regular hourly rate of pay.

2

Christopher J. Williams and Douglas M. Werman are designated class counsel with respect to Plaintiffs' overtime claims.

IT IS SO ORDERED.

ENTERED:

DATED:

7/10/06

_____

Mark Filip, Judge
United States District Court

3