IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRISTOBAL GARIBAY, RODRIGO ALVARENGA, and CARLOS GONZALEZ, on behalf of themselves and all other similarly situated persons, known and unknown, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 08 C 636<br>)<br>) Hon. Ronald A. Guzman |
| v. | ) Judge Presiding<br>) |
| GARDEN FRESH – MOUNT PROSPECT, INC., GARDEN FRESH – ARLINGTON HEIGHTS, INC., GARDEN FRESH FRUIT MARKET, INC. and ADI MOR, individually, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
<u>MOTION TO STRIKE AND DISMISS</u>**

Defendants' motion raised two issues:

1) Plaintiffs' Illinois Minimum Wage Law ("IMWL") claim should be stricken because IMWL class actions are incompatible with collective actions filed under the Federal Labor Standards Act ("FLSA"); and

2) Garden Fresh Fruit Market, Inc. should be dismissed because Plaintiffs have not alleged it was their employer.

In response, Plaintiffs argued that:

1) The IMWL and FLSA claims should proceed together;

2) Garden Fresh Fruit Market, Inc. is a proper party because it is part of an "enterprise" and thus a factual record is needed to determine whether Garden Fresh Fruit Market, Inc. was Plaintiffs' "joint employer"; and

3) If their IMWL claim is stricken, the issue should be certified for interlocutory review.

I.      **FLSA Collective Actions and IMWL Class Actions Are Not Compatible**

As detailed in Defendants' opening brief, for the last seven years, the courts in this district have consistently held that FLSA collective actions and IMWL class actions cannot be maintained in the same lawsuit. See, most notably, Riddle v. National Security Agency, Inc., No. 05 C 5880, 2007 U.S. Dist. LEXIS 68842 (N.D.Ill. 2007) (Guzman, J.).

Yet Plaintiffs argue that these decisions should be ignored and cite many cases, mostly from other jurisdictions. Of these cases, O'Brien v. Encotech, 203 FRD 346 (2001), is the only apposite case from this district that allowed FLSA and IMWL claims to proceed together. However, O'Brien should not be followed for several reasons: it was decided seven years ago, and the defendants in that case apparently did not present the arguments that were relied upon by the six subsequent cases from this district.[1]

The other cases from this district cited by Plaintiffs are distinguishable. Ladegaard v. Hard Rock Concrete Cutters, Inc., 2000 WL 1774091 (N.D.Ill. 2000), Jonites v. Execlon, 2006 WL 2873198 (N.D.Ill. 2006), Yon v. Positive Connections, Inc., 2005 WL 628016, *4 (N.D.Ill.,2005), and Acosta v. Scott Labor LLC, 2006 WL 27118 (N.D.Ill.,2006) all involved claims originally filed in state court which defendants later removed to federal court. It was not surprising that once a defendant voluntarily chose to remove a state court claim to federal court, it should not be allowed to then have the federal court dismiss that same claim. In fact, both Yon and Acosta recognize that the result would have been different if plaintiffs had originally filed in federal court, as Plaintiffs have done here.

The distinction between Ladegaard, Jonites, Yon, and Acosta on the one hand, and the instant case on the other, was noted by Judge Pallmeyer in Harper v. Yale International Ins. Agency, Inc., 2004 WL 1080193 (N.D.Ill. 2004), when she dismissed an IMWL claim that was

---

[1] Riddle, Muecke, McClain, De La Fuente, Marquez, and Harper.

filed with an FLSA claim in federal court.

**II.     No Cause Of Action Is Alleged Against Garden Fresh Fruit Market, Inc.**

Garden Fresh Fruit Market, Inc. was not alleged to have employed any Plaintiff (and, in fact, did not employ any Plaintiff).  Rather, the Complaint admits that Plaintiffs were employed by Garden Fresh – Mount Prospect, Inc. or Garden Fresh – Arlington Heights, Inc.

Yet, Plaintiffs contend that Garden Fresh Fruit Market, Inc. is a proper Defendant because the Complaint alleges it is part of an "enterprise" of "Garden Fresh entities" and thus is liable as a "joint employer."

However, the law is clear that being part of a common "enterprise" does not make a separate corporation a "joint employer" under the FLSA.  For instance, in <u>Morgan v. SpeakEasy, LLC</u>  No. 05 C 5795, 2007 WL 2757170, 13 (N.D.Ill., 2007), an employee filed FLSA and IMWL claims on behalf of himself (and others similarly situated) against two commonly-owned restaurants, which the plaintiff claimed were "joint employers." Although the court found that the two restaurants comprised a single "enterprise", the court held that they were not "joint employers" even though several employees (who were not the plaintiff) worked at both restaurants. The court held that defendants could be "joint employers" only while a plaintiff is employed by both. In other words, a finding of "common enterprise" does not compel a finding of joint liability under the FLSA. See also <u>Patel v. Wargo</u>, 803 F.2d 632, 637-38 (11th Cir. 1986), where the court held that joint liability can only occur when there is an employer-employee relationship. Similarly, in <u>Kaplun v. Lipton</u>, No. 06-20327-CIV, 2007 WL 707383 (S.D.Fla., 2007), the plaintiff sued three corporations under the FLSA, only one of which was her employer. Although all defendants were part of an "enterprise," (and did not even respond to the complaint) the court, on its own initiative, entered judgment only against the defendant that

actually employed plaintiff. The court held that, under the FLSA, only an employer can be liable.

Notably, the FLSA premises liability on an employer-employee relationship, and its legislative history shows that the enterprise analysis was not included to make employers liable for the employees of a separate entity within the "enterprise."

Here, no Plaintiff was ever employed by Garden Fresh Fruit Market, Inc., nor have Plaintiffs alleged to be so employed. Rather, the Complaint merely alleges that Garden Fresh Fruit Market, Inc. is part of a "common enterprise" of "Garden Fresh entities." The vague allegations that employees (who are not Plaintiffs) of other entities within the "enterprise" may have worked for multiple "Garden Fresh entities" are insufficient to state a claim against Garden Fresh Fruit Market, Inc. as a "joint employer."

### III. This Matter Should Not Be Certified For Interlocutory Appeal

Plaintiffs argue that if this Court adheres to its recent decision in Riddle and strikes the IMWL class allegations, the issue should be certified for interlocutory appeal. Ahrenholz v. Board of Trustees of University of Illinois, 219 F.3d 674, 675 (7th Cir., 2000) sets out the criteria necessary to establish the "exceptional circumstances" required to grant a section 1292(b) petition: 1) there must be a controlling question of law, 2) it must be contestable, 3) and its resolution must promise to speed up the litigation.

#### A. There Is No Controlling Question Of Law

The question of whether the FLSA and IMWL claims may proceed together is not a controlling question of law because it is not a question of law. A court's decision to exercise supplemental jurisdiction over the IMWL claim is discretionary, and discretionary rulings are not questions of law.

4

Furthermore, it is not a controlling question because it does not dispose of or determine someone's substantive rights. Preventing the simultaneous litigation of IMWL and FLSA claims in one action does not affect the substantive rights of the putative or named Plaintiffs, who are free to bring their IMWL claims in state court. As Judge Pallmeyer noted in Harper, litigating the two claims in separate courts preserves both congressional intent under the FLSA and the interests of the putative class members in IMWL class actions.

### B.     The Issue Is Not Contestable

A question of law is "contestable" if a) there are many conflicting decisions or the question has not been settled by an appellate court, and b) there is a substantial likelihood that the ruling will be reversed on appeal. See In re Kmart Corp., No. 04 C 4978, 2004 WL 2222265, *2 (N.D.Ill.,2004).

The "split" of authority within this jurisdiction is illusory since there is only one conflicting decision on this issue. And for the past seven years judges in this district have consistently held that FLSA and IMWL claims cannot proceed together.

Though the Seventh Circuit has not addressed this issue, Plaintiffs have not shown that there is a "substantial likelihood" that the ruling will be reversed on appeal. Plaintiffs argue that district court decisions of other jurisdictions create this "substantial likelihood." However, in Zikis v. Pfizer, Inc., No. 04 C 8104, 2005 WL 3274107, *2 (N.D.Ill.,2005) it was held that opinions from district courts outside of the Seventh Circuit do not warrant the certification of a Section 1292(b) appeal.

### C.     Appellate Review Will Not Speed Up the Litigation

Interlocutory appeal will not speed up the litigation. Plaintiffs argue that an appeal will accelerate the litigation because if class certification is denied, there will be an interlocutory

appeal then. However, the issue here has nothing to do with the grant or denial of class certification. Plaintiffs' argument militates against interlocutory review at this stage because it will create the possibility of three appeals – one now, one if Plaintiffs' claims are not certified as a collective action, and a third from a losing party at the conclusion of the case.

Dated: June 5, 2008

        **GARDEN FRESH – MOUNT PROSPECT, INC.,**
        **GARDEN FRESH – ARLINGTON HEIGHTS, INC.,**
        **GARDEN FRESH FRUIT MARKET, INC. and ADI MOR**

        By: /s/Todd M. Brandel
             One of their Attorneys

Henry C. Krasnow, Esq. (ARDC # 1525166)
Todd M. Brandel, Esq. (ARDC # 6285806)
KRASNOW SAUNDERS CORNBLATH, LLP
500 North Dearborn Street, Second Floor
Chicago, IL 60610
(312) 755-5700
(312) 755-5720 (facsimile)

## **CERTIFICATE OF SERVICE**

      I declare under penalty of perjury that the foregoing document was served today, by ECF as to filing Users and by U.S. mail as to the following non-ECF users:

      none

Dated:  June 5, 2008

                                            /s/Todd M. Brandel_____
                                            Todd M. Brandel