# Group Exhibit A



77 West Washington Street
Suite 1402
Chicago, Illinois 60602

**Werman**
LAW OFFICE P.C.

Tel: (312) 419-1008
Fax: (312) 419-1025
www.flsalaw.com

May 20, 2008

***Via Facsimile & Electronic Mail***
Todd M. Brandel
Krasnow Saunders Cornblath, LLP
500 N. Dearborn Street, Second Floor
Chicago, IL 60610

      Re:    *Garibay, et al. v. Garden Fresh*

Dear Mr. Brandel:

      This is a follow-up to our telephone conversation yesterday about your request for Rodrigo Alvarenga's deposition. I explained that based on the Rule 34 request for documents attached to the Notice of Deposition, neither Mr. Alvarenga nor any other witness would be produced until the parties either agree, or the Court resolves, the scope of any inquiry that relates to or bears upon immigration status. I appreciate your comments that the documents requested in the Rider are not intended to intimidate or harass Mr. Alvarenga. At the same time, the Rider does not ask for any documents related to his employment, the hours he worked for Defendants, or the wages he was paid.

      The immigration status of Plaintiffs in this case – whatever that may be – is not a relevant issue in an action seeking to recover unpaid wages under the Fair Labor Standards Act. *E.g. Patel v. Quality Inn South*, 846 F.2d 700, 705-706 (11th Cir. 1988), cert. denied, 489 U.S. 1011 (1989); *In re Reyes*, 814 F.2d 168, 170 (5th Cir. 1987)(granting mandamus to overturn a district court motion to compel), *cert. denied*, 487 U.S. 1235, 108 S.Ct. 2901, 101 L.Ed.2d 934 (1988); *Ponce v. Tim's Time Inc.*, No. 03 C 6123, 2006 WL 941963 (N.D. Ill. March 16, 2006); *Galaviz-Zamora v. Brady Farms*, 230 F.R.D. 499 (W.D. Mich. 2005); *Renteria v. Italia Foods, Inc.*, 2003 WL 21995190 (N.D. Ill. Aug. 2, 2003); *Flores v. Amigon*, 233 F. Supp. 2d 462 (E.D.N.Y. 2002); *Zeng Liu v. Donna Karen International, Inc.*, 207 F. Supp. 2d 191 (S.D.N.Y. 2002) (citing *In Re Reyes*, 814 F.2d 168 (5th Cir. 1987)); *Flores v. Albertsons, Inc.*, No. CV0100515AHM(SHX), 2002 WL 1163623, at *4-5 (C.D. Cal. April 9, 2002); *Singh v. Jutla*, 214 F. Supp. 2d 1056 (N.D. Cal. 2002); *Cortez v. Medina's Landscaping*, No. 00 C 6320, 2002 U.S. Dist. LEXIS 18831 (N.D. Ill. Sept. 30, 2002).

      Undocumented workers are "employees" under the Fair Labor Standards Act. *Patel v. Quality Inn South*, 846 F.2d 700, 705-06 (11th Cir. 1988); *Vega v. Contract Cleaning Maintenance, Inc.*, No. 03-9130, slip op. at 10 (N.D. Ill. Jan. 31, 2005). Thus, courts have granted plaintiffs in FLSA cases protection from inquiries that touch on immigration status because they recognize the chilling effect that such discovery can exercise on the very workers who are most likely to need the protection of the Fair Labor Standards Act. *Flores v. Amigon*,

233 F. Supp. 2d at 464; *Liu*, 207 F. Supp. 2d at 193. In *Bernal v. A.D. Willis Company, Inc.*, No. SA-03-CA-196-OG (W.D. Tex., San Antonio Div., April 1, 2004 order denying motion to compel), the Court explained:

> In addition, discovery into the plaintiffs' immigration status poses a serious risk of injury to Plaintiffs outweighing any need for disclosure. As the court in *Liu* noted: "Even if the parties were to enter into a confidentiality agreement restricting the disclosure of such discovery..., there would still remain 'the danger of intimidation, the danger of destroying the cause of action' and would inhibit the plaintiffs in pursuing their rights." *Liu*, 207 F. Supp. 2d at 193 (quoting *Ansoumana v. Gristedes Operating Corp.*, 201 F.R.D. 81 (S.D.N.Y. 2001)(granting plaintiffs' motion disallowing deposition questions as to plaintiffs' immigration status) [unpub. Order hearing tr. attached at 10-13]. *Accord Flores v. Amigon* 233 F. Supp. 2d at 463-464.

Other courts have invoked the very same concerns in protecting Plaintiffs from similar discovery in cases involving Title VII claims. *E.g. Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1064 (9th Cir. 2004); *EEOC v. The Restaurant Co.*, 448 F. Supp. 2d 1085, at 1086-88 (D. Minn. 2006); *EEOC v. City of Joliet*, 239 F.R.D. 490 (N.D. Ill. 2006).

To my knowledge, no court has allowed discovery on the kinds of information contained in your document requests. *See, e.g., Galaviz-Zamora v. Brady Farms, Inc.*, 230 F.R.D. 499 (W.D. Mich. 2005)(barring discovery on immigration status, tax information, identification documents, residency information, including the dates and time Plaintiffs entered the United States); *Montoya v. S.C.C.P. Painting Contractors, Inc.*, 530 F. Supp. 2d 746 (D. Md. January 14, 2008)(barring discovery on immigration status and tax information); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81 (S.D.N.Y. 2001)(barring discovery on immigration status); *Martinez v. Mecca Farms, Inc.*, 213 F.R.D. 601 (S.D. Fla. 2002)(same).

Attached is a protective order we recently obtained in another case in which similar discovery was sought by the employer. We will agree to a similar protective order in this case. Please let me know if we can agree, or if we need to seek protection from the Court.

Very truly yours,

Douglas M. Werman

DMW/ms
Enclosure

cc.    Jamie Sypulski

# Todd Brandel

| | |
|---|---|
| **From:** | Todd Brandel |
| **Sent:** | Friday, June 06, 2008 5:41 PM |
| **To:** | 'Douglas M. Werman' |
| **Cc:** | 'Maureen Bantz'; 'Jamie Sypulski' |
| **Subject:** | Garibay et al. v. Garden Fresh - Mount Prospect, Inc. et al. |
| **Attachments:** | Notice of Deposition - Garibay.pdf |

Dear Counsel,

Attached is a Notice of Deposition and Rider for Cristobal Garibay. We would like to take the depositions of the three named Plaintiffs as soon as possible. Please advise us of available dates for each Plaintiff, and whether any of the Plaintiffs will require interpreters.

We understand from your previous communications and our discussion with Ms. Bantz that the Rider causes concern. While we recognize and agree that immigration status is irrelevant as to whether a Plaintiff can recover under the FLSA, we feel that immigration status is indeed relevant as to whether a Plaintiff is an adequate class representative. It is our position that a representative Plaintiff who could be deported at any time does not adequately represent the unnamed class members. Furthermore, the named Plaintiffs' immigration status is relevant to whether their employment applications (which ask if the applicant is legally eligible for employment in the United States) were truthfully completed. Thus, we believe we are entitled to discover the immigration status of the named Plaintiffs for those purposes, and not for whether they are entitled to relief under the FLSA.

I'll be in court Monday morning, but will be free to discuss these matters later in the day. Have a nice weekend.

Todd

Todd M. Brandel | Krasnow Saunders Cornblath, LLP
500 N. Dearborn Street, Second Floor | Chicago, IL 60610
t: 312.832.7881 | f: 312.755.5720
tbrande@ksc-law.com | www.ksc-law.com



500 NORTH DEARBORN STREET
SECOND FLOOR
CHICAGO, ILLINOIS 60610
(312) 755-5700
FAX: (312) 755-5720
WWW.KSC-LAW.COM

June 9, 2008

**VIA FAX AND E-MAIL**

Douglas M. Werman
Maureen A. Bantz
Werman Law Office, P.C.
77 West Washington Street
Suite 1402
Chicago, IL 60602

Jamie G. Sypulski
Law Offices of Jamie G. Sypulski
122 S. Michigan Avenue
Suite 1720
Chicago, IL 60603

Re:   *Garibay, et al. v. Garden Fresh – Mountain Prospect, Inc., et al.*
      No. 08 C 636

Dear Counsel:

    To reiterate and elaborate on my email of June 6, 2008, we are insisting on taking the depositions of the named Plaintiffs right away because we believe that their testimony and the uncontestable facts will establish that none has a valid claim. Therefore, please advise us by this Thursday (June 12th) of available dates for each Plaintiff to be deposed during the week of June 16th.

    We know that you desire that a notice be sent to all employees. However, there is no need for such notice if no Plaintiff has a claim.

    As I said in my prior email, I understand your concern over the Rider, but we have a valid basis for requesting your clients' immigration information. I would suggest that rather than holding your clients hostage pending an agreement on the scope of the Rider, you produce your clients for deposition with the documents you are willing to produce and we can later argue, if necessary, about the documents you did not produce.

Very truly yours,

Todd M. Brandel



77 West Washington Street
Suite 1402
Chicago, Illinois 60602

**Werman**
LAW OFFICE P.C.

Tel: (312) 419-1008
Fax: (312) 419-1025
www.flsalaw.com

June 9, 2008

*Via Electronic Mail*
Todd M. Brandel
Krasnow Saunders Cornblath, LLP
500 N. Dearborn Street, Second Floor
Chicago, IL 60610

Re: *Garibay, et al. v. Garden Fresh*

Dear Mr. Brandel:

This is a follow-up to the conversation Doug Werman and I had with you earlier this afternoon. We continue to object to Defendants' efforts to take discovery bearing on Plaintiffs' immigration status. We agreed that we were at impasse with respect to this issue. Accordingly, we will move for entry of a Protective Order, and will produce our clients for depositions after the Court resolves the contested issues. I understand that you will contact us if your position changes with respect to Defendants' insistence on taking discovery relating to Plaintiffs' immigration status.

In addition, we also agree that we are at impasse with respect to the subpoenas Plaintiffs issued to the Garden Fresh entities. Accordingly, we will move to enforce those subpoenas.

Very truly yours,

Maureen A. Bantz

MAB/ms

cc. Douglas M. Werman
Jamie Sypulski