**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CRISTOBAL GARIBAY, RODRIGO ALVARENGA, and CARLOS GONZALEZ, on behalf of themselves and all other similarly situated persons, known and unknown, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 08 C 636 |
| GARDEN FRESH - MOUNT PROSPECT, INC., GARDEN FRESH – ARLINGTON HEIGHTS, INC. GARDEN FRESH FRUIT MARKET, INC. and ADI MOR, individually, | ) Judge Guzman ) ) ) ) |
| Defendants. | ) ) |

## INDEX OF ATTACHMENTS

Proposed Protective Order ........................................................................................A

Order entered by Magistrate Judge Denlow on April 9, 2008............................. B

Notice of Deposition for Plaintiff Rodrigo Alvarenga ...................................... C

Plaintiffs' Counsel's May 20, 2008 correspondence to Defendants' Counsel .................D

Notice of Deposition for Cristobal Garibay ...................................................... E

Plaintiffs' Counsel's June 9, 2008 correspondence to Defendants' Counsel .....................F

*Bernal v. A.D. Willis Company, Inc.*, No. SA-03-CA-196-OG (W.D. Tex. April 1, 2004)G

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CRISTOBAL GARIBAY, RODRIGO ALVARENGA, and CARLOS GONZALEZ, on behalf of themselves and all other similarly situated persons, known and unknown, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 08 C 636 |
| GARDEN FRESH - MOUNT PROSPECT, INC., GARDEN FRESH – ARLINGTON HEIGHTS, INC. GARDEN FRESH FRUIT MARKET, INC. and ADI MOR, individually, | ) ) ) ) ) | Judge Guzman |
| Defendants. | ) | |

**ORDER**

The Court has considered Plaintiffs' Motion for Protective Order, together with the submissions and arguments presented by all parties. The Court is of the opinion that the Motion for Protective Order should be GRANTED.

**I.      Information Plaintiffs Shall be Protected from Disclosure**

It is therefore ORDERED, pursuant to Fed. R. Civ. P. 26(c), Plaintiffs shall be protected from disclosure of the following information:

1)      All state and federal identification cards, including social security cards, driver's licenses, resident alien cards, birth certificates, and state identification cards;

2)      All documents relating to their immigration status;

3)      Federal, state, and local tax returns under all their identities;

4)      Federal, state, and local W-2, W-4, or 1099 forms and bank statements under all of their identities;

5)   Any documents or information likely to lead to the discovery of Plaintiffs' immigration status;

6)   Information regarding the Plaintiffs' work history outside the time period they claim to have worked for Defendants;

## II.   Information Plaintiffs Shall Disclose

1)   Plaintiffs will provide Defendants with each name and social security number that appears on any work record of any plaintiff for work performed for Defendants, in order that any such work record can be located.

2)   Plaintiffs will identify every employer for whom they were employed during the time period they claim to have worked for Defendants.  Defendants will be prohibited from seeking any information from or providing any information to any such employer (or any other person or entity) that could lead to the discovery of the immigration status of any Plaintiff or disclosure of any Plaintiffs' involvement in this litigation.  Defendants may however, contact the other employers identified by the Plaintiffs (as provided above) in order to verify the alleged dates of employment.

Entered this _____ day of _____, 2008.

_____
Ronald A. Guzman,
United States District Judge

2

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARIA GUADALUPE ACEVEDO and | ) | |
| MARIA CECILIA ACEVEDO, on behalf | ) | |
| of themselves and on behalf of all other | ) | |
| persons similarly situated known and | ) | |
| unknown, | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.  07 C 4091 |
| v. | ) | |
| | ) | Judge Coar |
| ACE COFFEE BAR, INC., and | ) | |
| RODNEY D. CAVITT, individually, | ) | Magistrate Judge Denlow |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court has considered the Plaintiffs' Motion to Quash the subpoenas Defendants served on

Illinois Secretary of State Driver Services, Illinois State Police Bureau of Identification, Kane

County Sheriff's Department, Cook County Sheriff's Police Department, the DuPage County

Sheriff's Department, Taco Bell, Inc. and Grayhill, Inc. and Plaintiffs' Motion for Protective

Order, together with the submissions and arguments presented by all parties. The Court is of the

opinion that the Motions should be GRANTED.

It is therefore ORDERED,

Pursuant to Fed. R. Civ. P. 26(c) Plaintiffs shall be protected from disclosure of the following

information:

1) That pursuant to Fed. R. Civ. P. 45, the subpoenas served on Illinois Secretary of State
   Driver Services, Illinois State Police Bureau of Identification, Kane County Sheriff's
   Department, Cook County Sheriff's Police Department, the DuPage County Sheriff's
   Department, Taco Bell, Inc. and Grayhill, Inc., are quashed; and

   a)    All identification documents and information regarding work authorization status,

         alien status, social security cards, passports, voter registration cards, visas,

         national origin, and alien identification;

      i)    Plaintiffs have and will provide Defendants with each name and social

            security number that appears on any work record of any plaintiff for work

performed for Defendants, in order that any such work record can be located.

2) Federal, state, and local tax returns under all their identities;
3) Federal, state, and local W-2, W-4, or 1099 forms and bank statements under all of their identities;
4) Any documents or information likely to lead to the discovery of Plaintiffs' immigration status;
5) Information regarding the Plaintiffs' work history outside the time period they claim to have worked for Defendants;

    a) Plaintiffs will identify every employer for whom they were employed during the time period they claim to have worked for Defendants. Defendants will be prohibited from seeking any information from or providing any information to any such employer (or any other person or entity) that could lead to the discovery of the immigration status of any Plaintiff or disclosure of any Plaintiffs' involvement in this litigation. Defendants may however, contact the other employers' identified by the Plaintiffs (as provided above) in order to verify the alleged dates of employment.

6. Plaintiffs shall not answer Requests to Admit Nos. 8 and 9 to Maria C. Acevedo and Requests to Admit Nos. 9, 10, 11, 12,13, 14, and 15 to Maria G. Acevedo.

7. Plaintiffs' request for an award of their reasonable attorneys' fees and costs for preparing, filing and presenting their motion to quash and for a protective order is denied without prejudice.

Entered this 9th day of April, 2008.

Morton Denlow,
United States Magistrate Judge

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CRISTOBAL GARIBAY, RODRIGO ALVARENGA, and CARLOS GONZALEZ, on behalf of themselves and all other similarly situated persons, known and unknown, | ) ) ) ) | |
| | ) | Case No. 08 C 636 |
| Plaintiffs, | ) ) | |
| | ) | Hon. Ronald A. Guzman |
| v. | ) | Judge Presiding |
| | ) | |
| GARDEN FRESH – MOUNT PROSPECT, INC., GARDEN FRESH – ARLINGTON HEIGHTS, INC., GARDEN FRESH FRUIT MARKET, INC. and ADI MOR, individually, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF DEPOSITION

To:   Douglas M. Werman             Jamie G. Sypulski
      Marueen A. Bantz              Law Offices of Jamie G. Sypulski
      Werman Law Office, P.C.       122 S. Michigan Avenue
      77 West Washington Street,    Suite 1720
      Suite 1402                    Chicago, Illinois 60603
      Chicago, Illinois 60602


Please take notice that we will take the deposition of Rodrigo Alvarenga on May 23, 2008 at 9:00 a.m. by oral examination before an officer authorized by law to take depositions, at the offices of Krasnow Saunders Cornblath, LLP, 500 North Dearborn Street, Second Floor, Chicago, Illinois, 60610, at which time and place you may appear. The depositions will be recorded by stenographic means. The deponent is requested to produce the documents described in the attached Rider.

**Rider**

1. All of Rodrigo Alvarenga's State and Federal identification cards, including a Social Security Card, Driver's License, Resident Alien Card, Birth Certificate, and State Identification Card;

2. All documents related to Rodrigo Alvarenga's immigration status;

3. All State and Federal identification cards, including a Social Security Card, Driver's License, Resident Alien Card, Birth Certificate, and State Identification Card for Kelvin Alvarenga, Jesus Peralta, Adrian Celaya, and Kelvin Alvarrayoa.

4. All documents related to the immigration status of Kelvin Alvarenga, Jesus Peralta, Adrian Celaya, and Kelvin Alvarrayoa.

5. All records related to the arrest or conviction of Rodrigo Alvarenga for any crime or misdemeanor within the last ten (10) years.

6. All records related to the arrest or conviction of Kelvin Alvarenga, Jesus Peralta, Adrian Celaya, and Kelvin Alvarrayoa for any crime or misdemeanor within the past ten (10) years.

# EXHIBIT D

77 West Washington Street
Suite 1402
Chicago, Illinois 60602

**Werman**
LAW OFFICE P.C.

Tel: (312) 419-1008
Fax: (312) 419-1025
www.flsalaw.com

May 20, 2008

*Via Facsimile & Electronic Mail*
Todd M. Brandel
Krasnow Saunders Cornblath, LLP
500 N. Dearborn Street, Second Floor
Chicago , IL 60610

Re:   *Garibay, et al. v. Garden Fresh*

Dear Mr. Brandel:

    This is a follow-up to our telephone conversation yesterday about your request for Rodrigo Alvarenga's deposition. I explained that based on the Rule 34 request for documents attached to the Notice of Deposition, neither Mr. Alvarenga nor any other witness would be produced until the parties either agree, or the Court resolves, the scope of any inquiry that relates to or bears upon immigration status. I appreciate your comments that the documents requested in the Rider are not intended to intimidate or harass Mr. Alvarenga. At the same time, the Rider does not ask for any documents related to his employment, the hours he worked for Defendants, or the wages he was paid.

    The immigration status of Plaintiffs in this case – whatever that may be – is not a relevant issue in an action seeking to recover unpaid wages under the Fair Labor Standards Act.  *E.g. Patel v. Quality Inn South*, 846 F.2d 700, 705-706 (11th Cir. 1988), cert. denied, 489 U.S. 1011 (1989); *In re Reyes*, 814 F.2d 168, 170 (5th Cir. 1987)(granting mandamus to overturn a district court motion to compel), *cert. denied*, 487 U.S. 1235, 108 S.Ct. 2901, 101 L.Ed.2d 934 (1988); *Ponce v. Tim's Time Inc.*, No. 03 C 6123, 2006 WL 941963 (N.D. Ill. March 16, 2006); *Galaviz-Zamora v. Brady Farms*, 230 F.R.D. 499 (W.D. Mich. 2005); *Renteria v. Italia Foods, Inc.*, 2003 WL 21995190 (N.D. Ill. Aug. 2, 2003); *Flores v. Amigon*, 233 F. Supp. 2d 462 (E.D.N.Y. 2002); *Zeng Liu v. Donna Karen International, Inc.*, 207 F. Supp. 2d 191 (S.D.N.Y. 2002) (citing *In Re Reyes*, 814 F.2d 168 (5th Cir. 1987)); *Flores v. Albertsons, Inc.*, No. CV0100515AHM(SHX), 2002 WL 1163623, at *4-5 (C.D. Cal. April 9, 2002); *Singh v. Jutla*, 214 F. Supp. 2d 1056 (N.D. Cal. 2002); *Cortez v. Medina's Landscaping*, No. 00 C 6320, 2002 U.S. Dist. LEXIS 18831 (N.D. Ill. Sept. 30, 2002).

    Undocumented workers are "employees" under the Fair Labor Standards Act.  *Patel v. Quality Inn South*, 846 F.2d 700, 705-06 (11th Cir. 1988);  *Vega v. Contract Cleaning Maintenance, Inc.*, No. 03-9130, slip op. at 10 (N.D. Ill. Jan. 31, 2005).  Thus, courts have granted plaintiffs in FLSA cases protection from inquiries that touch on immigration status because they recognize the chilling effect that such discovery can exercise on the very workers who are most likely to need the protection of the Fair Labor Standards Act.  *Flores v. Amigon*,

233 F. Supp. 2d at 464; *Liu*, 207 F. Supp. 2d at 193. In *Bernal v. A.D. Willis Company, Inc.*, No. SA-03-CA-196-OG (W.D. Tex., San Antonio Div., April 1, 2004 order denying motion to compel), the Court explained:

> In addition, discovery into the plaintiffs' immigration status poses a serious risk  of injury to Plaintiffs outweighing any need for disclosure.  As the court in *Liu* noted: "Even if the parties were to enter into a confidentiality agreement  restricting the disclosure of such discovery…, there would still remain 'the danger of intimidation, the danger of destroying the cause of action' and would inhibit the plaintiffs in pursuing their rights." *Liu*, 207 F. Supp. 2d at 193 (quoting *Ansoumana v. Gristedes Operating Corp.*, 201 F.R.D. 81 (S.D.N.Y. 2001)(granting plaintiffs' motion disallowing deposition questions as to plaintiffs'immigration status) [unpub. Order hearing tr. attached at 10-13]. *Accord Flores v. Amigon* 233 F. Supp. 2d at 463-464.

Other courts have invoked the very same concerns in protecting Plaintiffs from similar discovery in cases involving Title VII claims.  *E.g. Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1064 (9th Cir. 2004); *EEOC v. The Restaurant Co.*, 448 F. Supp. 2d 1085, at 1086-88 (D. Minn. 2006); *EEOC v. City of Joliet*, 239 F.R.D. 490 (N.D. Ill. 2006).

To my knowledge, no court has allowed discovery on the kinds of information contained in your document requests.  *See, e.g., Galaviz-Zamora v. Brady Farms, Inc.*, 230 F.R.D. 499 (W.D. Mich. 2005)(barring discovery on immigration status, tax information, identification documents, residency information, including the dates and time Plaintiffs entered the United States); *Montoya v. S.C.C.P. Painting Contractors, Inc.*, 530 F. Supp. 2d 746 (D. Md. January 14, 2008)(barring discovery on immigration status and tax information); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81 (S.D.N.Y. 2001)(barring discovery on immigration status); *Martinez v. Mecca Farms, Inc.*, 213 F.R.D. 601 (S.D. Fla. 2002)(same).

Attached is a protective order we recently obtained in another case in which similar discovery was sought by the employer.  We will agree to a similar protective order in this case. Please let me know if we can agree, or if we need to seek protection from the Court.

Very truly yours,

Douglas M. Werman

DMW/ms
Enclosure


cc.    Jamie Sypulski

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARIA GUADALUPE ACEVEDO and MARIA CECILIA ACEVEDO, on behalf of themselves and on behalf of all other persons similarly situated known and unknown, ) ) ) ) ) ) | |
| Plaintiffs, ) | |
| ) | Case No.  07 C 4091 |
| v. ) | |
| ) | Judge Coar |
| ACE COFFEE BAR, INC., and ) | |
| RODNEY D. CAVITT, individually, ) | Magistrate Judge Denlow |
| ) | |
| Defendants. ) | |

## ORDER

The Court has considered the Plaintiffs' Motion to Quash the subpoenas Defendants served on

Illinois Secretary of State Driver Services, Illinois State Police Bureau of Identification, Kane

County Sheriff's Department, Cook County Sheriff's Police Department, the DuPage County

Sheriff's Department, Taco Bell, Inc. and Grayhill, Inc.  and Plaintiffs' Motion for Protective

Order, together with the submissions and arguments presented by all parties.  The Court is of the

opinion that the Motions should be GRANTED.

It is therefore ORDERED,

Pursuant to Fed. R. Civ. P. 26(c) Plaintiffs shall be protected from disclosure of the following

information:

1) That pursuant to Fed. R. Civ. P. 45, the subpoenas served on Illinois Secretary of State
   Driver Services, Illinois State Police Bureau of Identification, Kane County Sheriff's
   Department, Cook County Sheriff's Police Department, the DuPage County Sheriff's
   Department, Taco Bell, Inc. and Grayhill, Inc., are quashed; and

    a)      All identification documents and information regarding work authorization status,

           alien status, social security cards, passports, voter registration cards, visas,

           national origin, and alien identification;

        i)       Plaintiffs have and will provide Defendants with each name and social

                 security number that appears on any work record of any plaintiff for work

performed for Defendants, in order that any such work record can be located.

2) Federal, state, and local tax returns under all their identities;
3) Federal, state, and local W-2, W-4, or 1099 forms and bank statements under all of their identities;
4) Any documents or information likely to lead to the discovery of Plaintiffs' immigration status;
5) Information regarding the Plaintiffs' work history outside the time period they claim to have worked for Defendants;

    a) Plaintiffs will identify every employer for whom they were employed during the time period they claim to have worked for Defendants. Defendants will be prohibited from seeking any information from or providing any information to any such employer (or any other person or entity) that could lead to the discovery of the immigration status of any Plaintiff or disclosure of any Plaintiffs' involvement in this litigation. Defendants may however, contact the other employers' identified by the Plaintiffs (as provided above) in order to verify the alleged dates of employment.

6. Plaintiffs shall not answer Requests to Admit Nos. 8 and 9 to Maria C. Acevedo and Requests to Admit Nos. 9, 10, 11, 12, 13, 14, and 15 to Maria G. Acevedo.

7. Plaintiffs' request for an award of their reasonable attorneys' fees and costs for preparing, filing and presenting their motion to quash and for a protective order is denied without prejudice.

Entered this 9th day of April, 2008.

_Morton Denlow_

Morton Denlow,
United States Magistrate Judge

2

# EXHIBIT E

**YAHOO!** SMALL BUSINESS
CLASSIC

Print - Close Window

| | |
|---|---|
| **From:** | "Todd Brandel" <TBrandel@ksc-law.com> |
| **To:** | "'Douglas M. Werman'" <dwerman@flsalaw.com> |
| **CC:** | "'Maureen Bantz'" <mbantz@flsalaw.com>, "'Jamie Sypulski'" <jsypulski@sbcglobal.net> |
| **Date:** | Fri, 6 Jun 2008 17:40:56 -0500 |
| **Subject:** | Garibay et al. v. Garden Fresh - Mount Prospect, Inc. et al. |

Dear Counsel,

Attached is a Notice of Deposition and Rider for Cristobal Garibay. We would like to take the depositions of the three named Plaintiffs as soon as possible. Please advise us of available dates for each Plaintiff, and whether any of the Plaintiffs will require interpreters.

We understand from your previous communications and our discussion with Ms. Bantz that the Rider causes concern. While we recognize and agree that immigration status is irrelevant as to whether a Plaintiff can recover under the FLSA, we feel that immigration status is indeed relevant as to whether a Plaintiff is an adequate class representative. It is our position that a representative Plaintiff who could be deported at any time does not adequately represent the unnamed class members. Furthermore, the named Plaintiffs' immigration status is relevant to whether their employment applications (which ask if the applicant is legally eligible for employment in the United States ) were truthfully completed. Thus, we believe we are entitled to discover the immigration status of the named Plaintiffs for those purposes, and not for whether they are entitled to relief under the FLSA.

I'll be in court Monday morning, but will be free to discuss these matters later in the day. Have a nice weekend.

Todd

**Todd M. Brandel | Krasnow Saunders Cornblath, LLP**
500 N. Dearborn Street, Second Floor |  Chicago , IL 60610
t: 312.832.7881 | f: 312.755.5720
tbrande@ksc-law.com| www.ksc-law.com

TO COMPLY WITH CERTAIN U.S. TREASURY REGULATIONS, WE INFORM YOU THAT ANY TAX INFORMATION OR TAX ADVICE CONTAINED IN THIS COMMUNICATION OR IN ANY ATTACHMENT HERETO IS NOT INTENDED OR WRITTEN TO BE USED, AND CANNOT BE USED, BY ANY PERSON FOR THE PURPOSE OF (I) AVOIDING ANY PENALTIES THAT MAY BE IMPOSED BY ANY GOVERNMENTAL TAXING AUTHORITY OR AGENCY OR (II) PROMOTING, MARKETING OR RECOMMENDING TO ANOTHER PERSON ANY TRANSACTION OR MATTER ADDRESSED HEREIN.

THIS MESSAGE (INCLUDING ANY ATTACHMENTS) IS CONFIDENTIAL AND MAY BE PRIVILEGED. IF YOU HAVE RECEIVED IT BY MISTAKE PLEASE NOTIFY THE SENDER BY RETURN E-MAIL AND DELETE THIS MESSAGE FROM YOUR SYSTEM. ANY UNAUTHORIZED USE OR DISSEMINATION OF THIS MESSAGE IN WHOLE OR IN PART IS STRICTLY PROHIBITED.

**Attachments**

Files:

📎 **Notice_of_Deposition___Garibay.pdf** (7k)

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CRISTOBAL GARIBAY, RODRIGO ALVARENGA, and CARLOS GONZALEZ, on behalf of themselves and all other similarly situated persons, known and unknown, | ) ) ) ) | |
| | ) | Case No. 08 C 636 |
| Plaintiffs, | ) ) | Hon. Ronald A. Guzman |
| v. | ) ) | Judge Presiding |
| | ) | |
| GARDEN FRESH – MOUNT PROSPECT, INC., GARDEN FRESH – ARLINGTON HEIGHTS, INC., GARDEN FRESH FRUIT MARKET, INC. and ADI MOR, individually, | ) ) ) ) ) | |
| Defendants. | ) ) | |

### <u>NOTICE OF DEPOSITION</u>

To:    Douglas M. Werman          Jamie G. Sypulski
        Marueen A. Bantz           Law Offices of Jamie G. Sypulski
        Werman Law Office, P.C.     122 S. Michigan Avenue
        77 West Washington Street,    Suite 1720
        Suite 1402               Chicago, Illinois 60603
        Chicago, Illinois 60602

       Please take notice that we will take the deposition of Cristobal Garibay on June 16, 2008 at 9:00 a.m. by oral examination before an officer authorized by law to take depositions, at the offices of Krasnow Saunders Cornblath, LLP, 500 North Dearborn Street, Second Floor, Chicago, Illinois, 60610, at which time and place you may appear. The depositions will be recorded by stenographic means. The deponent is requested to produce the documents described in the attached Rider.

## Rider

1. All of Cristobal Garibay's State and Federal identification cards, including a Social Security Card, Driver's License, Resident Alien Card, Birth Certificate, and State Identification Card;

2. All documents related to Cristobal Garibay's immigration status;

3. All records related to the arrest or conviction of Cristobal Garibay for any crime or misdemeanor within the last ten (10) years.

# EXHIBIT F



77 West Washington Street
Suite 1402
Chicago, Illinois 60602

**Werman**
LAW OFFICE P.C.

Tel: (312) 419-1008
Fax: (312) 419-1025
www.flsalaw.com

June 9, 2008

***Via Electronic Mail***
Todd M. Brandel
Krasnow Saunders Cornblath, LLP
500 N. Dearborn Street, Second Floor
Chicago , IL 60610

Re:     *Garibay, et al. v. Garden Fresh*

Dear Mr. Brandel:

This is a follow-up to the conversation Doug Werman and I had with you earlier this afternoon. We continue to object to Defendants' efforts to take discovery bearing on Plaintiffs' immigration status. We agreed that we were at impasse with respect to this issue. Accordingly, we will move for entry of a Protective Order, and will produce our clients for depositions after the Court resolves the contested issues. I understand that you will contact us if your position changes with respect to Defendants' insistence on taking discovery relating to Plaintiffs' immigration status.

In addition, we also agree that we are at impasse with respect to the subpoenas Plaintiffs issued to the Garden Fresh entities. Accordingly, we will move to enforce those subpoenas.

Very truly yours,

Maureen A. Bantz

MAB/ms

cc.    Douglas M. Werman
       Jamie Sypulski

# EXHIBIT G

Case 1:08-cv-00636   Document 46-2   Filed 06/16/2008   Page 23 of 25
Case 1:07-cv-04091   Document 58   Filed 04/07/2008   Page 44 of 56
Case 5:03-cv-00196-OLG   Document 30   Filed 04/01/2004   Page 1 of 3

**FILED**

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS,
### SAN ANTONIO DIVISION

APR 0 1 2004

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

JUAN ANTONIO BERNAL, ADOLFO §
CAPILLA, JESUS R. DELGADO, JOSE G. §
GALVAN, JOSE ANTONIO GASPARIANO, §
PEDRO GUERRA, DANIEL JALVAN, §
ADAN A. LOPEZ, DAMIAN MARTINEZ, §
JOSE L. MORENO, ROSAURO G. PEREZ, §
RAMON PEREZ GALVAN, and REYNALDO §
DE HOYOS TRON, §
           Plaintiffs, §
§
§
v. §     CAUSE NO. SA-03-CA-196-OG
§
A.D. WILLIS COMPANY, INC., HUNT §
CONSTRUCTION GROUP, ARENA §
PROJECT DEVELOPER, L.L.C., and §
THE SAN ANTONIO SPURS, L.L.C., §
           Defendants. §

## ORDER DENYING DEFENDANT A.D. WILLIS COMPANY'S MOTION TO COMPEL DISCOVERY ANSWERS

Before the Court is defendant A.D. Willis Company, Inc.'s ("Willis") motion for order

compelling discovery answers. (Docket no. 25.) The answers Willis seeks to compel inquire into

the plaintiffs' immigration and residency status, deportation history, and visa information. The

motion will be denied.

Willis relies primarily on Hoffman Plastic Compounds, Inc. v. NLRB, 535 U.S. 137

(2002). There the Court vacated the NLRB's award of reinstatement and back pay to an

undocumented alien for years of work "not performed" following the alien's termination from

employment. The Court held that undocumented workers cannot receive back pay awards if the

awards would "unduly trench upon explicit statutory prohibitions critical to federal immigration

policy, as expressed in the Immigration Reform and Control Act of 1986 ('IRCA')." Id. at 147.

*30*

Case 1:08-cv-00636 1 Document 46-2 Filed 06/16/2008 Page 24 of 25
Case 1:07-cv-04091 Document 58 Filed 04/07/2008 Page 45 of 56
Case 5:03-cv-00196-OLG Document 30 Filed 04/01/2004 Page 2 of 3

The Supreme Court held that the National Labor Relations Board could not award back pay to an undocumented worker because such an award would represent wages that the worker could not legally have earned. Id. at 149. The Court also held that because an illegal alien would be unable to obtain employment lawfully, it would be impossible for the worker to mitigate his damages following the termination. Id. at 151.

Here the plaintiffs do not seek back pay for work not performed. Rather, they have sued for work performed, that is, the difference in the wages they were paid for their work and the wages they allege they should have been paid. Further, because plaintiffs are suing for wages allegedly already earned, they have no duty to mitigate their damages. Thus, Hoffman Plastic is distinguishable from the present case. See Flores v. Amigon, 233 F.Supp.2d 462, 463-64 (E.D. N.Y. 2002) (discovery of immigration status of plaintiff seeking unpaid wages for work performed is not relevant); Flores v. Albertsons, Inc., No. CV 01-00515 AHM (SHX), 2002 WL 1163623 at *5 (C.D. Cal. April 9, 2002) (Hoffman Plastic does not hold that undocumented employee is barred from recovering unpaid wages for work actually performed); Liu v. Donna Karan Intern., Inc., 207 F.Supp.2d 191, 192 (S.D. N.Y. 2002) (immigration status not discoverable in cases seeking unpaid wages brought under the FLSA). Pre-Hoffman Plastic cases were in accord. See Patel v. Quality Inn South, 846 F.2d 700, 705-06 (11th Cir. 1988) (undocumented plaintiff was "entitled to the full range of available remedies under the FLSA without regard to his immigration status because he was not attempting to recover back pay but for work already performed."); Del Rey Tortilleria, Inc. v. NLRB, 976 F.2d 1115, 1122 n. 7 (7th Cir. 1992) (distinguishing its decision that undocumented workers could not receive back pay for unperformed labor with the holding in Patel that undocumented workers were entitled to

2

maintain an action for unpaid wages and damages under the FLSA); In re Reyes, 814 F.2d 168,

170 (5th Cir. 1987) (granting mandamus overturning district court decision which allowed

inquiry into documentation of alien petitioners for purposes of determining coverage under the

FLSA).

In addition, discovery into the plaintiffs' immigration status poses a serious risk of injury

to the plaintiffs outweighing any need for disclosure. As the court in Liu noted: "Even if the

parties were to enter into a confidentiality agreement restricting the disclosure of such

discovery..., there would still remain 'the danger of intimidation, the danger of destroying the

cause of action' and would inhibit plaintiffs in pursuing their rights." Liu, 207 F.Supp.2d at 193

(quoting Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81 (S.D. N.Y. 2001)). Accord

Flores v. Amigon, 233 F.Supp.2d at 463-64.

The motion to compel (docket no. 25) is DENIED.

SIGNED this 31 day of _March_, 2004.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE

3