**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CRISTOBAL GARIBAY, RODRIGO ALVARENGA, and CARLOS GONZALEZ, on behalf of themselves and all other similarly situated persons, known and unknown, | ) ) ) ) | |
| | ) | Case No. 08 C 636 |
| Plaintiffs, | ) | |
| | ) | Hon. Ronald A. Guzman |
| v. | ) | Judge Presiding |
| | ) | |
| GARDEN FRESH – MOUNT PROSPECT, INC., GARDEN FRESH – ARLINGTON HEIGHTS, INC., GARDEN FRESH FRUIT MARKET, INC. and ADI MOR, individually, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER**

This dispute is over the discoverability of the Plaintiffs' immigration status. Certainly immigration status is irrelevant to a plaintiff's right of recovery under the FLSA. And the majority of cases have held that an undocumented worker can be an adequate class representative.

However, Plaintiffs' proposed Protective Order is too broad because it prevents the disclosure of: (1) <u>any</u> of Plaintiff Alvarenga's identification information; (2) <u>any</u> of Plaintiff Alvarenga's financial records; and (3) Plaintiffs' immigration status for the purpose of impeaching their credibility based on misstatements made in their employment applications. Although Defendants recognize that a limited protective order is appropriate, Plaintiffs' proposed Protective Order should be modified.

### I.    Defendants Should Be Allowed To Discover Plaintiff Alvarenga's Identity

Plaintiff Rodrigo Alvarenga's identity is the central issue of his claim. Specifically, Plaintiff Alvarenga claims Defendants "required" him to work under separate aliases (Kelvin Alvarenga, Jesus Peralta, Adrian Celaya, and Kelvin Alvarrayoa) in order to avoid paying him overtime by splitting his checks. (Defendants have thus far been unable to locate any record of Rodrigo Alvarenga or Kelvin Alvarrayoa ever being employed, although Defendants were able to locate records for Kelvin Alvarenga, Jesus Peralta, and Adrian Celaya.) Clearly, Rodrigo Alvarenga's identity is germane to whether he has a viable claim for unpaid overtime wages.

Thus, Defendants should be entitled to discover information related to his identity, such as any state or federal identification cards, social security cards, driver's licenses, or other form of identification that reveals his identity. Plaintiffs' proposed Protective Order would prohibit such disclosure.

Defendants concede that personal identity information is not normally relevant to determining liability for unpaid wages under the FLSA. But, none of the cases cited by Plaintiffs in support of their motion for protective order involved situations in which a Plaintiff claimed he or she was "required" to work (or did work and was paid) under separate aliases. Because Plaintiff Alvarenga's identity is at the core of his claim, it would be prejudicial to allow him to claim he worked and was paid under separate aliases, and then deny Defendants the opportunity to rebut his claim.

The information sought does not disclose Plaintiff Alvarenga's immigration status. To the extent Plaintiff Alvarenga is concerned that such identification information could be used to further investigate his immigration status, a confidentiality agreement

restricting the use of this information for this purpose is appropriate.[1]

## II.   Defendants Should Be Allowed To Discover Plaintiff Alvarenga's Financial Records

Similarly, Plaintiff Alvarenga[2] claims he was issued (and presumably cashed or deposited) paychecks made out to separate aliases, placing his financial records at issue. Who cashed the check made out to Jesus Peralta (Ex. D to Plaintiffs' Complaint) that Plaintiff Alvarenga alleges was issued to him? Into whose bank account was that check deposited? These inquiries into the factual allegations have nothing to do with immigration status, and can only be answered through the discovery of Plaintiff Alvarenga's financial records.

Consequently, Plaintiffs' proposed Protective Order is too broad to the extent it limits inquiry into Plaintiff Alvarenga's tax returns and bank statements under all of his alleged identities.

## III.   The Protective Order Should Only Be Temporary

Plaintiffs' proposed Protective Order is also too broad to the extent it precludes the disclosure of immigration status throughout the course of this litigation, rather than just at the "class certification" stage of discovery. If this Court certifies Plaintiffs' collective action under Section 216(b), Defendants should be entitled to question the credibility of Plaintiffs and other employees who "opt-in" based on whether they truthfully completed their employment applications, which ask if applicants are legally eligible to be employed in the United States. (See Carlos Gonzalez's employment application for Garden Fresh – Arlington Heights, Inc., attached as Exhibit 1).

---

[1] Plaintiffs Garibay and Gonzalez have not placed their identities at issue, and thus none of their personal identification information is needed at this stage.

[2] Plaintiffs Garibay and Gonzalez have not placed their financial records at issue, and thus none of their financial records are needed at this stage.

3

The possible prejudicial effect that some courts have attached to the disclosure of immigration status does not outweigh the probative value of determining Plaintiffs' credibility, especially if the allegations of Plaintiffs' complaint boil down to factual disagreements in which credibility will be the determining factor for the factfinder.

For instance, Plaintiff Gonzalez claims he was "jointly employed" by Garden Fresh – Arlington Heights, Inc. and Garden Fresh – Mount Prospect, Inc. While working for Garden Fresh – Mount Prospect, Inc., he independently applied for a job and was hired by Garden Fresh – Arlington Heights, Inc. Whether Plaintiff Gonzalez disclosed that he also worked for Garden Fresh – Mount Prospect, Inc. will likely be a determining factor as to whether the two entities were his "joint employer". Plaintiff Gonzalez may testify that he informed managers at Garden Fresh – Arlington Heights, Inc. that he worked for both entities. If Defendants dispute this claim, the only way to resolve such a factual dispute may be through credibility determinations, and the extent to which Plaintiff Gonzalez accurately completed his employment application (which asks both if he is legally eligible to work in the United States as well as whether he has ever been employed by other Garden Fresh entities) will be probative.

Likewise, a factual dispute is likely to arise over Plaintiff Garibay's wage rate. He claims he was paid his regular straight-time wage of $10.00 per hour for the entire workweek of October 21, 2007 in which he worked 46 hours. Defendants claim that his regular straight-time wage rate was $7.50 per hour, and his rate was $10.00 during weeks in which he worked overtime to account for the extra time he worked, actually resulting in an overpayment. The credibility of Plaintiff Garibay may be important in determining his true wage rate. Like Plaintiff Gonzalez, Plaintiff Garibay completed the same

employment application that asks if he is legally eligible to work in the United States.

The truthfulness of his employment application may be one of the only means for

Defendants to inquire into his credibility.

Consequently, a Protective Order that precludes Defendants from <u>ever</u> inquiring

into the immigration status of Plaintiffs is premature. This Court may later determine that

such information should or should not be discoverable, but that decision should be left for

another day. Thus, Plaintiffs' proposed Protective Order should be limited to only apply

during the "class certification" stage of discovery.

### IV.     Modification of Plaintiffs' Proposed Protective Order

Defendants propose the following modifications to Plaintiffs' proposed Protective

Order: [3]

### I.     Information of Plaintiffs Garibay and Gonzalez That Shall Be Protected From Disclosure

Plaintiffs Garibay and Gonzalez shall be protected from disclosure of the

following information:

1) All documents relating to their immigration status;

2) Federal, state, and local tax returns under all their identities;

3) Bank statements under all of their identities;

4) Information regarding the Plaintiffs' work history outside the time period they

claim to have worked for Defendants;

---

[3] Plaintiffs' proposed Protective Order seeks to prevent the disclosure of Federal, state, and local W-2, W-4, or 1099 forms. Because Defendants prepared these forms for Plaintiffs, and these forms are already in Defendants' possession, including these documents in the Protective Order appears superfluous.

**II.      Information of Plaintiff Alvarenga That Shall Be Protected From Disclosure**

Plaintiff Alvarenga shall be protected from disclosure of the following information:

1) All documents related to his immigration status;

2) Information regarding the Plaintiff's work history outside the time period he claims to have worked for Defendants;

**III.      Information of Plaintiffs That Shall Be Disclosed**

1) Plaintiffs will provide Defendants with documents that confirm their identity or identities under which they worked for Defendants.

2) Plaintiffs will provide Defendants with each name and social security number that appears on any work record of any plaintiff for work performed for Defendants, in order that any such work record can be located.

3) Plaintiffs will identify every employer for whom they were employed during the time period they claim to have worked for Defendants. Defendants will be prohibited from seeking any information from or providing any information to any such employer (or other person or entity) regarding the immigration status of any Plaintiff. Defendants may however, contact the other employers whether or not identified by the Plaintiffs (as provided above) to determine the dates and hours of employment.

**IV.      Expiration**

This Protective Order shall expire upon a ruling by this Court as to the certification of the collective action and/or class action under Section 216(b) of the FLSA and/or Rule 23.

**GARDEN FRESH – MOUNT PROSPECT, INC.,
GARDEN FRESH – ARLINGTON HEIGHTS,
INC.,  GARDEN FRESH FRUIT MARKET, INC.
and ADI MOR**


By:/s/Todd M. Brandel_____
       One of their Attorneys

Dated: June 19, 2008

Henry C. Krasnow, Esq. (ARDC # 1525166)
Todd M. Brandel, Esq. (ARDC # 6285806)
KRASNOW SAUNDERS CORNBLATH, LLP
500 North Dearborn Street, Second Floor
Chicago, IL  60610
(312) 755-5700
(312) 755-5720 (facsimile)

7

## <u>CERTIFICATE OF SERVICE</u>

I declare under penalty of perjury that the foregoing document was served today, by ECF as to filing Users and by U.S. mail as to the following non-ECF users:

Dated: June 19, 2008

/s/Todd M. Brandel_____
Todd M. Brandel