IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRISTOBAL GARIBAY, RODRIGO ALVARENGA, and CARLOS GONZALEZ, on behalf of themselves and all other similarly situated persons, known and unknown, ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 08 C 636 |
| GARDEN FRESH - MOUNT PROSPECT, INC., GARDEN FRESH – ARLINGTON HEIGHTS, INC. GARDEN FRESH FRUIT MARKET, INC. and ADI MOR, individually, ) ) ) ) ) | Judge Guzman |
| Defendants. ) | |

**REPLY IN SUPPORT OF
PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER**

In support of their motion for a protective order barring disclosure of immigration status, income tax records, certain financial records, and work history outside their period of employment with Defendants, Plaintiffs file this reply, and state as follows:

I.  **ARGUMENT**

Defendants acknowledge, as they must, that immigration status is not relevant to the claims made by Plaintiffs in this wage and hour lawsuit. Defs.' Resp. at 1. They likewise acknowledge that the weight of authority holds that immigration status does not preclude an individual from acting as an adequate representative in a class action.

Notwithstanding these acknowledgements, Defendants insist that they are entitled to discovery on the subject of immigration status: not now, but at some future time in the litigation. Defendants also claim that Plaintiffs' proposed protective order (attached as

1

Exhibit A to their motion) is too broad because it precludes disclosure of identification information and financial records of Plaintiff Alvarenga.

Defendants are not entitled to discovery regarding immigration status, now or in the future. Further, Plaintiffs' proposed protective order is sufficiently broad to permit discovery by Defendants of relevant information and documents sufficient to conduct their defense, such as it may be. Accordingly, Plaintiffs ask that the Court grant their motion and enter their proposed order.

### A. Discovery Related to Immigration Status Is Not Relevant, Now or In The Future

Defendants acknowledge that immigration status is not relevant to a wage and hour or similar cases. Defs.' Resp. at 1. They seem to acknowledge the many cases cited by Plaintiffs wherein discovery regarding immigration status was barred. *See* Pls.' Mot. Protective Order, at 5-7. Notwithstanding the single voice with which courts have spoken on this issue, and the compelling reasons for barring status discovery, Defendants argue that it is only in the class certification stage of the litigation that such discovery should be barred, not throughout the litigation. Defs.' Resp. at 3.

Defendants provide no case law for such an extraordinary proposition, and indeed, such a contention would be the exception swallowing the rule. The potential for intimidation, the chilling effect on the exercise of rights under remedial legislation, the manifold reasons that these courts have determined auger against such disclosure; yet Defendants do not explain how those reasons, the *in terrorem* effect, would bar discovery of immigration status in the early stages of litigation, but permit it in the later stages.

2

Defendants assert that "the possible prejudicial effect that some courts have attached to the disclosure of immigration status does not outweigh the probative value of determining Plaintiffs' credibility . . .." *Id.* at 4. Such a statement, also without citation, reflects an ignorance of the plight of undocumented workers that is breathtaking.

The potential consequences of such disclosures exceed, to an inestimable degree, the insignificant probative value regarding an individual's credibility, and stretch beyond the resolution of this case. "The chilling effect such discovery could have on the bringing of civil rights actions unacceptably burdens the public interest." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1065 (9th Cir. 2004). Discovery of immigration status is not proper at any stage in litigation, and consequently must be barred throughout the pendency of this litigation.

### B. Plaintiffs' Proposed Protective Order Is Sufficiently Broad To Permit Defendants to Develop Facts Necessary for Any Relevant Defense

Defendants assert that Plaintiff Alvarenga's identity and financial records are "germane" to whether he has a claim for unpaid wages. Defs.' Resp. at 2.

As Defendants concede, *id.*, a person's identity is not relevant to determining whether his employer paid him his lawfully earned wages. Indeed, Defendants actually seem to be concerned with establishing that Plaintiff Alvarenga is the person that worked under two different names.

Plaintiffs' proposed protective order provides that Plaintiffs will identify the names that they were known by while employed by Defendants, and the associated Social Security Numbers. If Defendants request that Plaintiffs provide them with an image of

3

Plaintiff Alvarenga, so that they may show it to supervisors and co-workers and confirm Plaintiff Alvarenga is indeed the person who worked under the names so identified, then Plaintiffs will do so. For his part, Plaintiff Alvarenga will be able to give deposition testimony as to the details of his employment at the two different locations.

Similarly, Plaintiff Alvarenga's allegation that he was required to work under two separate names does not implicate his financial records. Such records simply have no logical relevance to his claims.

## II. CONCLUSION

Plaintiffs ask the Court to grant their motion for a protective order, enter the proposed order attached to their motion as Exhibit A, and grant all other relief deemed just and proper.

Respectfully submitted,

Dated: June 26, 2008

s/Jamie G. Sypulski
Douglas M. Werman (ARDC #6204740)
Maureen A. Bantz (ARDC#6289000)
Werman Law Office, P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Jamie G. Sypulski
Law Office of Jamie G. Sypulski
122 South Michigan Avenue
Suite 1720
Chicago, Illinois 60603
312/360-0960

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the following **Reply In Support of Plaintiffs' Motion for a Protective Order** was served via electronic mail on June 26, 2008 on:

Todd M. Brandel
Krasnow Saunders Cornblath, LLP
500 North Dearborn Street
Second Floor
Chicago, Illinois 60606

Lawrence R. Miller
Garden Fresh Market
7150 Capitol Drive
Wheeling, IL 60090

s/Jamie G. Sypulski
Jamie G. Sypulski