

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRISTOBAL GARIBAY, RODRIGO ALVARENGA, and CARLOS GONZALEZ, on behalf of themselves and all other similarly situated persons, known and unknown,<br><br>Plaintiff,<br><br>v.<br><br>GARDEN FRESH - MOUNT PROSPECT, INC., GARDEN FRESH - ARLINGTON HEIGHTS, INC., GARDEN FRESH FRUIT MARKET, INC. and ADI MOR, individually,<br><br>Defendants. | No. 08-cv-00636<br><br>Judge Ronald A. Guzmán |

## ORDER

This lawsuit alleges violations of the Fair Labor Standards Act, 29 U.S.C. §201 (FLSA), and the Illinois Minimum Wage Law, 820 I. LCS 105/1 et seq. (IMWL) for failure to pay overtime wages. Plaintiffs seek to represent a class of similarly situated workers. Plaintiffs' move the court for a protective order. For the reasons given below, plaintiffs' motion is granted in part and denied in part. This ruling also addresses many of the issues raised in defendants' pending motion to compel discovery; to the extent it does so, that motion is moot. Any issues remaining may be presented by the parties at the next status hearing.

Plaintiffs seek to bar all discovery relating to plaintiffs' immigration status. The defendants concede that immigration status is not directly relevant to the plaintiffs' FLSA and IMWL claims, but assert that said status is relevant in several other respects. Initially defendants argued that a lack of legal immigration status disqualifies the plaintiff as a class representative. In their response to plaintiff's brief, however, defendants concede that the majority of cases have held that an undocumented worker can be an adequate class representative. See cases cited in plaintiffs' *Motion for a Protective Order*. Indeed, the majority of courts have so held and for good reason. Lack of documentation does not in any way affect the strength of the plaintiff's case against the defendant. Further, the possibility that the plaintiff may be undocumented and that this undocumented status will at some time in the future lead to deportation proceedings which may, also further in the future, ultimately lead to deportation itself, is entirely too speculative to be considered a serious impediment to class representation. Even if a plaintiff were to find himself under deportation proceedings at some time in the future – assuming *arguendo* that there is in fact some basis for initiating such a procedure - deportation proceedings can be stayed for a variety of reasons. In a case such as this, where the request would be to accommodate litigation involving enforcement of a statute embodying a national policy aimed at protecting American workers in general, one would think that a request for such a stay would be seriously considered. Thus, as defendants apparently concede, plaintiffs' immigration status is not a basis for challenging his capacity as class representative in this case and, therefore, discovery aimed at plaintiffs' immigration status is not necessary, at least not for this reason. Under Fed.R.Civ.P. 26(c) the court may limit discovery in order to protect a party from annoyance, embarrassment,

oppression or undue burden or expense. In this case, barring discovery of plaintiffs" immigration status is necessary to avoid oppression, unnecessary delay and expense.

Defendants also contend that discovery of plaintiffs" immigration status is relevant because it may lead to evidence which can be used to impeach plaintiffs' credibility by showing that plaintiffs' deliberately lied in their applications for employment. But, in this case, in which one plaintiff at least specifically alleges that he was required to work under separate aliases, the probative value of proving that plaintiff may have lied about other portions of his employment application is greatly attenuated. Clearly, plaintiff himself is admitting that he used false names while working for the defendants. He further claims that defendants actually required him to do so. Proof that the original identity he presented to the defendants is also false would be of limited value under these circumstances. The probative value of such evidence is easily outweighed by the obvious chilling effect that immigration related discovery would have on the plaintiffs' motivation to continue with the litigation. No illegal worker would ever venture to complain about FLSA violations if it were known that upon doing so he would expose himself to even a likelihood of arrest and deportation.

Defendants also argue that information regarding plaintiff's finances is necessary in order to rebut his allegations of working under different names. The Court agrees. This demand goes directly to the heart of the plaintiff's case. Apparently one or more plaintiffs claim they were required to work under different identities, but the hours worked under these different identities were never totaled to establish overtime worked. If so, then as to any plaintiff claiming he

worked under different identities, proof that the same person was working under these various identities is crucial to plaintiff's case and to defendant's defense. Plaintiffs' offer to provide the names they were known by while employed with the defendants and the associated social security numbers as well as an image of plaintiff Alvarenga and his deposition testimony regarding the details of his employment at the two different locations. However, defendants are also entitled to verify through plaintiff's financial records that he actually received the checks for the hours he claims he worked. If there is no record of being paid at all, then that is one piece of evidence tending to show that the plaintiff may not actually have worked the hours he is claiming to have worked under this alternative identity. Similarly, as to any defendant claiming to have worked for defendants under more than one identity, defendants are entitled to the production of any identification held by the plaintiffs in the various names they claim to have used while working for defendant; including state identification cards, social security cards, , W-2, W-4 or 1099 forms, bank statements and driver's licenses. The absence of such documentation may arguably be evidence that the plaintiff did not in fact work under that particular name or identity at all. The existence of such documentation is arguably evidence of the fact that the person possessing it did in fact work under that name. Thus, such documentation is clearly relevant. Documentation regarding plaintiffs' immigration status, however, for the reasons stated above, need not be produced - this includes resident alien cards, passports, birth certificates and visas.

Defendants also seek records related to any arrests or convictions of the plaintiffs within the last 10 years. Because Rule 609 of the Federal Rules of Evidence provides that a witness may be impeached by proof of prior convictions, this request will be allowed, but only as to

information regarding prior convictions, not arrests.

Dated: July 8, 2008

**SO ORDERED**        **ENTER:**

*Ronald A. Guzmán*

**RONALD A. GUZMÁN**
**District Judge**