IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CRISTOBAL GARIBAY, RODRIGO ALVARENGA, and CARLOS GONZALES, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 08 C 636 |
| GARDEN FRESH – MOUNT PROSPECT, INC., GARDEN FRESH – ARLINGTON HEIGHTS, INC., GARDEN FRESH FRUIT MARKET, INC., and ADI MOR, | ) ) ) ) ) | Hon. Ronald A. Guzman Judge Presiding |
| Defendants. | ) | |

**SUBPOENA RESPONDENTS'
MOTION TO QUASH OR MODIFY SUBPOENAS**

Subpoena Respondents Garden Fresh – Crystal Lake, Inc., Garden Fresh – Mundelein, L.L.C., Garden Fresh Produce, Inc., Garden Fresh – Skokie, Inc., Garden Fresh – Naperville, Inc., Garden Fresh – Northbrook, Inc., and Garden Fresh – Round Lake Beach, Inc., (the "Subpoenaed Entities") move pursuant to Fed. R. Civ. P. 45(c)(3) to quash or modify the subpoenas served on them. This motion is based on the following:

1.  This action was brought by three individuals who were never employed by any of the Subpoenaed Entities. They allege that their employers failed to pay them overtime wages as required by the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Joined to the FLSA claim is a state-law claim under the Illinois Minimum Wage Law ("ILMW"), 820 ILCS 105/1, *et seq.*

2. Plaintiffs' counsel served essentially identical subpoenas on the Subpoenaed Entities, seeking volumes of information from each, including (a) the time records and complete personnel file of all employees of each Subpoenaed Entity from January 1, 2005 to the present; (b) all documents relating to all computer software used by all of the Subpoenaed Entities to track or record employee wages; and (c) each Subpoenaed Entity's Articles of Incorporation, Bylaws, and all documents about its organizational structure. (Exhibit A is a copy of the subpoena issued to Garden Fresh – Crystal Lake, Inc.)

3. Since the Subpoenaed Entities are not defendants and are not even alleged to have employed any of the named plaintiffs or violated any of their rights, none of the requested information has any bearing on plaintiffs' claims. In fact, since the plaintiffs have not even *moved* for provisional certification of their proposed FLSA collective action, at this point much of the information requested of the Subpoenaed Entities would not even be discoverable from the defendants.

4. In *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550 (N.D. Ill. 2008) (Denlow, Mag. J.), the court severely restricted a discovery request made of the defendant that was far less invasive than the subpoenas in the instant case. In *Acevedo*, the plaintiff had asked the defendants to identify each employee who was either (a) paid on an hourly basis, or (b) performed the same or similar job duties as plaintiff, and provide for each employee, his or her: name, home address and telephone number, dates of employment, locations of employment, and employee number. The court allowed discovery only as to those employees

who performed the <u>same or similar job</u> as the named plaintiffs <u>at the same facility</u>. In a footnote, the Court noted:

> This does not preclude Plaintiffs from seeking the names, addresses and telephone numbers of all hourly employees at future stages in this litigation. It is simply premature to allow broad discovery prior to conditional class certification, given the lack of evidence demonstrating a particular need for such an expansive group.

*Id.* at 556 n.3. If pre-certification discovery from a named defendant is so severely restricted, it seems that discovery from non-parties should be even more restricted, or disallowed altogether.

5. Similarly, courts from other jurisdictions have limited discovery at the pre-certification stage to only the individual store or entity at which the named Plaintiffs worked. For instances, in *Montgomery v. Wal-Mart Stores, Inc.*, No. 3:03cv539, 2007 WL 2783348 (S.D. Miss. 2007), seventeen plaintiffs who worked at ten different Wal-Mart stores in Mississippi sought information related to all hourly employees of every Wal-Mart and Sam's Club Store in Mississippi to facilitate the 216(b) opt-in notice. The court held that allegations concerning only ten stores did not justify proceeding against <u>all</u> Mississippi Wal-Mart and Sam's Club stores, and required disclosure only of information regarding individuals employed at the stores at which plaintiffs' FLSA violations allegedly occurred.

6. Although plaintiff obviously would want notice to be sent to all employees of all the Subpoenaed Entities, no plaintiff has alleged either of the two prerequisites for joint employer liability – i.e., that he was employed by any of the Subpoenaed Entities and that it violated their rights. *Kaplun v. Lipton*, No. 06-20320-CIV, 2007 WL 707383 (S.D. Fla. 2007). Consequently, none of the

information requested from the Subpoenaed Entities will uncover evidence capable of finding joint employer liability.

    7.    If this Court denies this motion in whole or in part, it should nonetheless enter a protective order to safeguard the privacy and confidentiality of any information required from the Subpoenaed Entities. In *Acevedo*, for example, the court entered an order that employee information could be used only by Plaintiff's counsel in that litigation. A similar order should be entered in this case if disclosure of employee contact information is ordered. Likewise, a protective order may be necessary to protect the confidentiality of the Subpoenaed Entities' employee handbooks, personnel policies, documents relating to corporate structure, etc., to the extent those are held to be discoverable.

    FOR THE FOREGOING REASONS the Subpoenaed Entities request that this Court:

    a.    Quash the subpoenas, without prejudice to plaintiffs' right to reissue subpoenas seeking some or all of the same information if a factual showing is made that a plaintiff was employed by one of the Subpoenaed Entities and not properly compensated for overtime, or

    b.    In the event any discovery is ordered from the Subpoenaed Entities, enter a protective order to safeguard the confidentiality and privacy rights of the Subpoenaed Entities and their employees.

> Garden Fresh – Crystal Lake,
> Inc., Garden Fresh – Mundelein,
> L.L.C., Garden Fresh Produce,
> Inc., Garden Fresh – Skokie, Inc.,

        Garden Fresh – Naperville, Inc.,
Garden Fresh – Northbrook, Inc.,
and Garden Fresh – Round Lake
Beach, Inc.,

By: s/ Colby M. Green, Esq.
ARDC No. 6229351
838 Park Avenue
River Forest, Illinois  60305
(708) 772-0237
(866) 616-8508 (facsimile)
Law@ColbyMGreen.com

## CERTIFICATE OF SERVICE

I certify that I served the foregoing Subpoena Respondents' Motion to Quash or Modify Subpoena on the following parties, in the manner indicated below, before 5:00 PM Central time on July 11, 2008:

    Douglas M. Werman – via ECF
    Maureen A. Bantz – via ECF
    Todd M. Brandel – via ECF
    Henry C. Krasnow – via facsimile (312) 755-5720

        s/ Colby M. Green, Esq.