AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

Cristobal Garibay, et al.

V.

Garden Fresh - Mount Prospect, Inc., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 08 C 636

TO: Garden Fresh - Crystal Lake, Inc.
c/o Registered Agent - Stanley H. Feather
666 Dundee Road, Suite 401
Northbrook, IL 60062

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See attached Rider.

| PLACE | DATE AND TIME |
|---|---|
| Werman Law Office, P.C.<br>77 W. Washington Street, Suite 1402, Chicago, IL 60602 | 6/5/2008 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 5/12/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Douglas M. Werman, Werman Law Office, P.C.
77 W. Washington Street, Suite 1402, Chicago, IL 60602, (312) 419-1008

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 5/12/2008 | 77 W. Washington Street, Suite 1402<br>Chicago, IL 60602 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Garden Fresh - Crystal Lake, Inc. | certified mail, return receipt requested |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Adriana P. Rodriguez | Paralegal |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    5/12/2008
                  DATE

*(signature)* Adriana Rodriguez
SIGNATURE OF SERVER

77 W. Washington Street, Suite 1402
ADDRESS OF SERVER

Chicago, IL 60602

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**PLAINTIFFS REQUEST THAT WHERE AVAILABLE ALL RESPONSIVE LISTS AND INFORMATION, INCLUDING ALL TIME AND PAYROLL INFORMATION, BE PRODUCED IN AN ELECTRONIC AND IMPORTABLE FORMAT (I.E., MICROSOFT EXCEL (.XLS), OR SYMBOLIC LINK (SYLK)(.SLK), OR IN COMMA SEPARATED VALUE (.CSV).**

**Definitions: The term "you" or "your" means the subpoena respondent.**

## REQUEST NO. 1

All employee handbooks, personnel policies, human resources guides, recruitment materials given to, or governing the employment of your employees.

## DOCUMENT REQUEST NO. 2

All communications between you, on the one hand, and the Illinois Department of Labor and/or U. S. Department of Labor on the other hand, between January 1, 2004 to the present, relating to your payment of, or failure to pay, overtime pay or wages.

## DOCUMENT REQUEST NO. 3

All Documents relating to or reflecting complaints (whether formal or informal) by any employee regarding overtime pay.

## DOCUMENT REQUEST NO. 4

With respect to all persons employed by you from January 1, 2005 to the present, all records or documents identifying the following:

    a.    The employee's full name as used for record-keeping purposes and, on the same record, the employee's identifying symbol or number if it is used in place of the name on any time, work, or payroll records;

    b.    The employee's home address, including zip code;

    c.    The employees' complete personnel file;

    d.    The time of day and day of the week on which the employee's work week begins;

    e.    The regular hourly rate of pay for any work week in which overtime compensation is or was due; an explanation of the basis of pay showing the monetary amount paid on either a (i) per hour, (ii) per day, (iii) per piece, (iv) job rate, (v) commission on sales, (vi) or other basis; and the amount and nature of each payment that is excluded from the regular rate;

    f.    The total number of hours each person worked in each individual work week;

    g.    The total daily or weekly straight-time earnings or wages due for hours worked during the workday or week, exclusive of premium overtime compensation;

    h.    The total premium paid over and above straight-time earnings for overtime hours;

    i.    The total additions to or deductions from wages paid each pay period, including employee purchase orders or wage assignments. The individual employee records must also include the dates, amounts, and nature of items that make up the total additions and deductions;

    j.    The total wages paid each pay period;

    k.    The date of payment and the pay period covered by the payment;

    l.    The date and amount of any bonus or other compensation paid.

**DOCUMENT REQUEST NO. 5**

All documents relating to or describing any computer software utilized by you since January 1, 2004, that allows you to track or record the amount of wages paid to Plaintiffs and the

IMWL Proposed Class, including manuals for such software.

## DOCUMENT REQUEST NO. 6

All documents regarding any (a) claims filed in any administrative agency, or state or federal courts against you, or (b) investigations by the state or federal Department of Labor, concerning your failure to pay overtime or other compensation to its employees since January 1, 2003 to the present. Such documents should include, but not be limited to, all internal memorandum and other notes regarding your internal investigations into such claims, and/or complaints and all pleadings and settlement documents related to Case No, 2004 CH 11421, filed in the Circuit Court of Cook County, and Case No. 05 C 643, filed in the Northern District of Illinois.

## DOCUMENT REQUEST NO. 7

All management or supervisory manuals used by you in the prior five (5) years.

## DOCUMENT REQUEST NO. 8

Your Articles of Incorporation and Bylaws.

## DOCUMENT REQUEST NO. 9

All documents describing your corporate organizational structure, from officers and directors, to Store Managers to lowest level manager for the period January 1, 2005 to the present. Such documents should include, but not be limited to each division or department, the job titles within each store, and the persons holding board, officer or management positions

within your operations.

**DOCUMENT REQUEST NO. 10**

A list, in electronic and importable format, of each person who worked one or more days for you between January 1, 2005 to the present.

**DOCUMENT REQUEST NO. 11**

A list, in electronic and importable format of all persons employed as upper management to those identified in response to Request No. 10, including their name, address, telephone number, dates of employment, locations of employment, and employee number.

**DOCUMENT REQUEST NO. 12**

All documents that identify or describe all efforts taken by you to determine whether or not you were in compliance with the Fair Labor Standards Act or other wage and hour laws.

**DOCUMENT REQUEST NO. 13**

All messages or other electronic documents in your email systems from January 1, 2005 to the present in which the words "wage," "overtime," "hours," or "split check," or "pay" appears.