Case 1:08-cv-00636     Document 58-3     Filed 07/11/2008     Page 1 of 4

Westlaw.

Slip Copy                                            FOR EDUCATIONAL USE ONLY                                                    Page 1
Slip Copy, 2007 WL 2783348 (S.D.Miss.)
**(Cite as: 2007 WL 2783348 (S.D.Miss.))**

Montgomery v. Wal-Mart Stores, Inc.
S.D.Miss.,2007.
Only the Westlaw citation is currently available.
United States District Court,S.D. Mississippi,Jackson Division.
Valerie Payton MONTGOMERY, et al., Plaintiffs
v.
WAL-MART STORES, INC., et al., Defendants.
**Civil Action No. 3:03cv539 HTW-LRA.**

Sept. 24, 2007.

Chokwe Lumumba, Attorney, Delano Funches, Funches & Associates, Jackson, MS, Franklin D. Azar PHV, Kenneth B. Pennywell-PHV, Nathan J. Axvig-PHV, Franklin D. Azar & Associates, PC, Aurora, CO, for Plaintiffs.
Barry Wayne Ford, Jon Randall Patterson, Clarence Lee Lott, III, Jennifer Ann Harris, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Jackson, MS, Frank S. James-PHV, III, Wesley Clyde Redmond-PHV, Baker, Donelson, Bearman, Caldwell & Berkowitz, Birmingham, AL, Amy M. Stipe-PHV, Sidney G. Dunagan-PHV, Gable & Gotwals, Oklahoma City, OK, for Defendants.

### ORDER

HENRY T. WINGATE, Chief United States District Judge.
**\*1** Before this court are plaintiff's motions to expedite ruling on motion to certify **[docket # 138]**, motion to facilitate 216(b) notice **[docket # 142]**, and plaintiff's summary of similar cases **[docket # 153, incorrectly filed as a motion]**. Also before the court are defendants' motions to strike plaintiffs' supplemental brief **[docket # 146]** and motion for review **[docket # 150].**

### Jurisdiction

Plaintiffs bring their claims pursuant to the provisions of the Fair Labor Standards Act of 1938 ("FLSA"), Title 29 U.S.C. § 201 et seq.[FN1] Accordingly, this court has federal question jurisdiction here under Title 28 U.S.C. § 1331.[FN2]

> FN1.Title 29 U.S.C. § 207 provides that, "[e]xcept as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

> FN2.Title 28 U.S.C. § 1331 provides in pertinent part that the district courts shall have original jurisdiction of all civil cases arising under the Constitution, laws, or treaties of the United States.

### Factual and Procedural Background

Plaintiffs filed this action in state court on December 31, 2002, against Wal-Mart, Sam's Club, and an additional 72 individual defendants who are alleged to be current or former employees of the corporate defendants. Plaintiffs allege that corporate policies reward "understaffing" and provide incentives for management to require employees to work "off-clock" hours in addition to their regular hours. Seventeen plaintiffs from ten or more different Wal-Mart or Sam's Club stores in Mississippi[FN3] submitted sworn declarations that corporate policies and practices created a work environment where understaffing, denial of overtime, and pressure to complete unreasonable work assignments led management to require hourly employees to work off-clock without compensation.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2007 WL 2783348 (S.D.Miss.)
**(Cite as: 2007 WL 2783348 (S.D.Miss.))**

Case 1:08-cv-00636  Document 58-3  Filed 07/11/2008  Page 2 of 4

FOR EDUCATIONAL USE ONLY

Page 2

> FN3. It is not apparent from the declarations submitted whether the various plaintiffs claiming prior employment at Jackson, Greenville, and Columbus Wal-Mart stores are speaking of the same stores or other ones within that same city.

After an FLSA claim was added, defendants removed this action to this federal forum on April 16, 2003. Plaintiffs filed a motion to facilitate § 216(b) notice on December 21, 2004. The upshot of this motion is to declare that all the plaintiffs, current and former Wal-Mart employees, are similarly situated, and to acquire court permission to conduct discovery relating to alleged overtime pay violations.

Wal-Mart's response, filed February 2, 2005, asserts that each store manager functions independently to make staffing decisions and payroll expenditures, and that the wide variation in management practices and employee duties prevents a finding that the employees are similarly situated. Wal-Mart also asserts in its defense several shared corporate policies that ban "off-clock" work by employees.

*Law and Analysis*

Collective actions under § 216(b) FN4 are designed to facilitate efficient resolution in one proceeding of claims arising from a common alleged discriminatory action. *Hoffman-La Roche, Inc. v. Sperling,* 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). A district court should manage proposed collective actions proactively, setting contours at the outset and monitoring the preparation and distribution of notice to ensure it is "timely, accurate, and informative." *Id.* at 171-72.

> FN4. An action to recover unpaid minimum wages or overtime compensation from an employer may be brought by "any one or more employees for or in behalf of himself or themselves and other employees similarly situated."Written consent must be filed with the court for an employee to become a party plaintiff, making this an "opt-in" rather than "opt-out" action such as a Rule 23 class action suit.

*"Similarly Situated" Analysis*

The statutory "similarly situated" requirement is most often evaluated under a two-step process. *Lusardi v. Xerox Corp.,* 118 F.R.D. 351 (D.N.J.1987). The first step does not require a finding that the prospective plaintiffs are similarly situated, only that they have presented a modest factual showing that present and potential plaintiffs were victims of a "common policy or plan" that violated the law; after such a showing, the court may certify a conditional class. *Hunter v. Sprint Corp.,* 346 F.Supp.2d 113, 117 (D.D.C.2004). The second step comes at the close of discovery, when the court makes a determination as to whether the similarly situated requirement has been met; at this time, defendants may move for a decertification of the conditional class.*Id.*

*2 Defendants cite to *Basco v. Wal-Mart,* 2004 WL 1497709 at *5 (E.D.La.), not reported in F.Supp.2d, for a higher standard, but the court in that case found that substantial discovery had been completed and addressed both steps at once, imposing the higher standard for the second step determination. Plaintiffs assert that the Basco standard does not apply unless substantial discovery has commenced, and contend that the depositions taken thus far do not take this case past the preliminary stages of discovery. Plaintiffs submit an affidavit from proposed expert Dr. Martin M. Shapiro to demonstrate what additional data would be needed for discovery. The affidavit merely illustrates to the court how an expert can calculate off-clock hours and is not submitted as proof of anything in this case.

The evidence of nearly identical allegations from ten or more different stores, each under different management but subject to the same general corporate policies, provides the modest factual show-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

ing of a common policy or plan. The court does not find, however, that evidence implicating these individual stores justifies proceeding against all Mississippi Wal-Mart and Sam's Club Stores. If discovery results in credible evidence of alleged similar wrongdoing by other Mississippi stores, plaintiffs may seek leave of the court to expand the suit to include those as yet unnamed stores. This case remains in the preliminary stages of discovery, so that application of the higher standard identified with the second step of the Lusardi analysis would be premature.

*Management Concerns*

Defendants next argue that the size of the potential collective class makes it unmanageable and inappropriate for a § 216(b) action. The potential numbers of corroborative witnesses, the vast amount of factual evidence to be presented, and the need to challenge the testimony of each plaintiff individually would potentially require "thousands" of mini trials.

Plaintiffs counter with numerous cites to case law to show that representative testimony is well established under the FLSA, which when coupled with expert testimony will make the case "more than manageable."

*Crafting of Notice and Proposed Consent Forms*

District courts have discretion to permit collective notice to potential plaintiffs, which plaintiffs in this case contend would be those current or former Wal-Mart or Sam's Club hourly employees who were employed during the maximum three year period of liability. *Hofmann-La Roche Inc. v. Sperling,* 493 U.S. 165, 169, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989).

Defendants claim that the notice form submitted by plaintiffs is overbroad and misleading, implying legal determinations have been made. Defendants submit their own proposed notice form, attached as Exhibit A to their motion in opposition, which they believe is more appropriately neutral.

The parties also have submitted their own proposed consent form. Defendants would require that potential plaintiffs, upon opting in, swear under penalty of perjury that information given is true and correct to the best of their knowledge.

*Equitable Tolling*

**\*3** Plaintiffs also ask that the court consider tolling the statute of limitations. Defendants respond that plaintiffs in a § 216(b) action, unlike a Rule 23 class action, lack standing to request tolling of the limitations period for non-plaintiffs. See *Cameron-Grant v. Maxim Healthcare Services, Inc.,* 347 F.3d 1240 (11th Cir.2003). Further, the Fifth Circuit has held that equitable tolling is appropriate only in exceptional circumstances, such as when the defendant has actively misled or otherwise prevented the plaintiff from asserting his rights. *Felder v. Johnson,* 294 F.3d 168, 179-71 (5th Cir.1998). Plaintiffs have not alleged any misleading or obstructive conduct by the defendants. Equitable tolling is not justified where an applicant has failed diligently to pursue his rights. *Caldwell v. Dretke,* 429 F.3d 521, 530 n. 23 (5th Cir.2005) (citing *Larry v. Dretke,* 361 F.3d 890, 897 (5th Cir.2004). Plaintiffs allege that the aftermath of Hurricane Katrina has made communication and notice more problematic. This fact alone does not provide a basis for equitable tolling.

CONCLUSION

Having considered the briefing and arguments of counsel at the court's hearings on May 10, 2006, and June 1, 2006, the court hereby **ORDERS** as follows:

1. Plaintiffs' motion to certify a collective class of persons "similarly situated" pursuant to Title 29 U.S.C. 216(b)**[docket # s 138, 142]** is **GRANTED IN PART,** for the limited purposes of notice and

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2007 WL 2783348 (S.D.Miss.)
**(Cite as: 2007 WL 2783348 (S.D.Miss.))**

Case 1:08-cv-00636    Document 58-3    Filed 07/11/2008    Page 4 of 4

FOR EDUCATIONAL USE ONLY

Page 4

discovery only. At this preliminary stage, insufficient evidence exists to warrant a determination that plaintiffs are "similarly situated" for purposes of class certification; additional discovery will guide the court in determining whether a collective action is appropriate at all, and if so, whether the prospective class should be expanded or further limited.

Plaintiffs may send notice to all individuals who were employed during the past three years as hourly associates at any Wal-Mart Store, Wal-Mart SuperCenter, or Sam's Club in Mississippi for whom current plaintiffs have asserted a claim brought under the Fair Labor Standards Act ["FLSA"].

Notice shall be limited to FLSA claims and shall not include any state law causes of action.

2. Defendants are ordered to provide in a computer-readable data file the names, social security numbers, and last known telephone numbers and mailing addresses of all individuals who were employed as hourly associates during the past three years at any Wal-Mart Store, Wal-Mart SuperCenter, or Sam's Club in Mississippi against whom FLSA claims currently have been alleged.

Defendants are not required to furnish plaintiffs with any additional discovery until the period for responding to the opt-in notice has expired and the parties have identified which current or former employees have opted-in and what discovery will need to be collected.

3. The Parties shall submit to the court, on or before October 8, 2007, an agreed form of the appropriate notice to be sent to prospective plaintiffs; if the parties cannot agree completely on the form of the Notice, each party shall submit a Proposed Notice and this court will determine the appropriate language to be used in the form.

**\*4** 4. Defendants' motion to strike plaintiffs' supplemental brief **[docket # 146]** is **DENIED.** Defendants' concern that consideration of this additional evidence may be prejudicial is noted; accordingly, defendants' motion for review of defendants' response to plaintiffs' supplemental brief **[docket # 150]** is likewise **GRANTED.**

6. Plaintiffs' summary of similar cases **[docket # 153]** is merely a submitted document, incorrectly identified as a motion, and is therefore **TERMINATED.**

**SO ORDERED.**

S.D.Miss.,2007.
Montgomery v. Wal-Mart Stores, Inc.
Slip Copy, 2007 WL 2783348 (S.D.Miss.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.