IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRISTOBAL GARIBAY, RODRIGO ALVARENGA, and CARLOS GONZALEZ, on behalf of themselves and all other similarly situated persons, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>GARDEN FRESH - MOUNT PROSPECT, INC., GARDEN FRESH – ARLINGTON HEIGHTS, INC., GARDEN FRESH FRUIT MARKET, INC., and ADI MOR, individually,<br><br>Defendants. | Case No. 08 C 636<br><br>Judge Guzman |

**PLAINTIFFS' MOTION TO EXTEND THE DEADLINE TO
TAKE DISCOVERY ON THE CLASS ISSUES**

Plaintiffs, by their counsel, hereby move this Court to extend the date to take discovery on the class related issues, and in support of this Motion state as follows:

1. The Complaint in this action alleges, *inter alia,* violations of the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq,* and the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq.* Plaintiffs seek to represent classes of similarly-situated persons under both statutes; a collective action under the FLSA, 29 U.S.C. § 216(b), Compl., Count I; and a Rule 23 class action under the IMWL, Compl., Count II. The Court ordered the parties to complete discovery on the class certification issues on or before August 8, 2008.

2. Plaintiffs allege that Defendants commonly operate eight grocery stores operating under the brand name "Garden Fresh." Plaintiffs allege that Defendants denied employees overtime wages by, among other things, splitting employee paychecks among multiple store locations to

1

avoid the payment of overtime wages. Plaintiffs further allege that Defendants are a "joint employer," as that term is expansively defined by the FLSA, and therefore Defendants are jointly and severally liable under the FLSA for the Garden Fresh stores' common violation.

3. Plaintiffs served discovery requests on the named Defendants, Garden Fresh – Mt. Prospect, Inc., Garden Fresh – Arlington Heights, Inc., Garden Fresh Market, Inc., and Adi Mor, on May 12, 2008. On that same date, May 12, 2008, Plaintiffs also served subpoenas on the other corporations commonly operating under the "Garden Fresh" brand name, including Garden Fresh- Crystal Lake, Inc.; Garden Fresh – Mundelein LLC; Garden Fresh Produce, Inc.; Garden Fresh- Skokie, Inc.; Garden Fresh Naperville, Inc.; Garden Fresh – Northbrook, Inc.; and Garden Fresh – Round Lake Beach, Inc. (collectively "subpoenaed entities").

4. At a status hearing held on June 17, 2008, the Court indicated that the subpoenaed entities would be required to respond to the subpoenas, however, the Court further indicated he would entertain a motion to quash the subpoenas if the subpoenaed entities retained separate counsel.

5. On July 11, 2008, the subpoenaed entities filed a Motion to Quash or Modify Subpoenas. Based upon concerns raised by the Court at the July 15, 2008 motion hearing, Plaintiffs withdrew the subpoenas and stated in open court that they would seek leave to amend the Complaint to add the other Garden Fresh entities as party Defendants to this lawsuit.

6. Plaintiffs, contemporaneously herewith, seek leave to their file First Amended Complaint adding additional Garden Fresh entities as Defendants and also adding additional Plaintiffs who worked at multiple Garden Fresh locations and were not paid overtime pay.

7. The parties require additional time to take class discovery because, provided that Plaintiffs are granted leave to file a First Amended Complaint, Plaintiffs require time to obtain

documents from the new Garden Fresh Defendants (previously the subject of Plaintiffs' subpoenas) and Defendants will require time to answer the First Amended Complaint and to take discovery from the two newly named Plaintiffs. As of the date of this motion, Defendants have not provided Plaintiffs time and payroll documents for the proposed Class of employees allegedly owed overtime pay.

8. This motion is brought in good faith, will not cause undue prejudice to Defendant and is not brought to delay these proceedings for any improper purpose.

9. Defendants do not oppose this motion.

WHEREFORE, Plaintiffs respectfully request that this Court grant their motion to extend the date to take discovery on the class related issues.

Respectfully submitted,

Dated: August 5, 2008

s/Douglas M. Werman
Douglas M. Werman (ARDC #6204740)
Maureen A. Bantz (ARDC#6289000)
Werman Law Office, P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Jamie G. Sypulski
Law Office of Jamie G. Sypulski
122 South Michigan Avenue
Suite 1720
Chicago, Illinois 60603
312/360-0960

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the following **Plaintiffs' Motion to Extend the Deadline to Take Discovery on the Class Issues** was served via electronic mail on August 5, 2008 on:

Todd M. Brandel
Krasnow Saunders Cornblath, LLP
500 North Dearborn Street
Second Floor
Chicago, Illinois 60606

Lawrence R. Miller
Garden Fresh Market
7150 Capitol Drive
Wheeling, IL 60090

s/Douglas M. Werman
Douglas M. Werman