## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CRISTOBAL GARIBAY, RODRIGO ALVARENGA, CARLOS GONZALEZ, and JOSE OBREGON, on behalf of themselves and all other similarly situated persons, known and unknown, and EVA GONZALEZ, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 08 C 636 |
| | ) | Judge Guzman |
| GARDEN FRESH - MOUNT PROSPECT, INC., GARDEN FRESH – ARLINGTON HEIGHTS, INC., GARDEN FRESH FRUIT MARKET, INC., GARDEN FRESH MUNDELEIN LLC, GARDEN FRESH – NORTHBROOK, INC., GARDEN FRESH – CRYSTAL LAKE, INC., GARDEN FRESH PRODUCE, INC., GARDEN FRESH – NAPERVILLE, INC., GARDEN FRESH – ROUND LAKE BEACH, INC., and ADI MOR, individually, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

Plaintiffs Cristobal Garibay, Rodrigo Alvarenga, Carlos Gonzalez, Jose Obregon, and Eva Gonzalez, on behalf of themselves and all other similarly situated persons, known and unknown, through their attorneys, for their Complaint against Defendants Garden Fresh – Mt. Prospect, Inc., Garden Fresh – Arlington Heights, Inc., Garden Fresh Fruit Market, Inc., Garden Fresh Mundelein LLC, Garden Fresh – Northbrook, Inc., Garden Fresh – Crystal Lake, Inc., Garden Fresh Produce, Inc., Garden Fresh – Naperville, Inc., Garden Fresh – Round Lake Beach, Inc., and Adi Mor, individually, (collectively "Defendants") state as follows:

## NATURE OF PLAINTIFFS' CLAIMS

1.    This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C.§ 201, *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS §105/1, *et seq.* ("IMWL"), for Defendants' failure to pay all overtime wages to Plaintiffs and other similarly-situated persons for all time worked in excess of forty (40) hours in individual workweeks. A copy of Plaintiffs' consent forms to act as representative Plaintiffs in this collective action under the FLSA are attached hereto as Group Exhibit A.

2.    Defendants own and operate at least 8 grocery stores in the Chicago metropolitan area.  Plaintiffs and the class they represent are hourly employees who work for Defendants in excess of forty (40) hours in individual work weeks, but are not paid state and federal overtime wages required by 820 ILCS 105/1, *et seq.* and 29 U.S.C. §201, *et seq.*

## THE PARTIES

3.    At all material times hereto, Plaintiffs were "employee(s)" of Defendants as that term is defined in the FLSA and the IMWL.

4.    Plaintiffs reside in and are domiciled within this judicial district.

5.    Within the prior three years, Plaintiffs were employed by Defendants as "employee(s)" as defined by Section 3(d) of the IMWL, 820 ILCS 105/3, and Section 3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1).

6.    At all relevant times, Defendants were Plaintiffs' "employers" subject to the IMWL, 820 ILCS §105/3(c), and the FLSA, 29 U.S.C. §203(d).

7.    During the course of their employment, Plaintiffs handled goods that moved in interstate commerce and were not exempt from the maximum hour provisions of the FLSA, 29 U.S.C. §207, or the IMWL, 820 ILCS 105/1 *et seq.*

2

8.    Defendant Garden Fresh – Mt. Prospect, Inc. is an Illinois corporation doing business within this judicial district. Defendant Garden Fresh – Mt. Prospect, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

9.    Defendant Garden Fresh – Arlington Heights, Inc. is an Illinois corporation doing business within this judicial district. Defendant Garden Fresh – Arlington Heights, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

10.    Defendant Garden Fresh Fruit Market, Inc. is an Illinois corporation doing business within this judicial district. Defendant Garden Fresh Fruit Market, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

11.    Defendant Garden Fresh Mundelein LLC is an Illinois corporation doing business within this judicial district. Defendant Garden Fresh Mundelein LLC is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

12.    Defendant Garden Fresh – Northbrook, Inc. is an Illinois corporation doing business within this judicial district. Defendant Garden Fresh – Northbrook, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an

enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

13.    Defendant Garden Fresh – Crystal Lake, Inc. is an Illinois corporation doing business within this judicial district. Defendant Garden Fresh – Crystal Lake, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

14.    Defendant Garden Fresh Produce, Inc. is an Illinois corporation doing business within this judicial district. Defendant Garden Fresh Produce, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

15.    Defendant Garden Fresh – Naperville, Inc. is an Illinois corporation doing business within this judicial district. Defendant Garden Fresh – Naperville, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

16.    Defendant Garden Fresh – Round Lake Beach, Inc. is an Illinois corporation doing business within this judicial district. Defendant Garden Fresh – Round Lake Beach, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

17.    Defendant Adi Mor is involved in the day-to-day business operations of Defendants.   Among other things, Defendant Adi Mor has the authority and exercises the authority to hire and fire employees, to direct and supervise the work of the employees, sign on the checking accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures.

18.    Defendant Adi Mor resides and is domiciled in this judicial district.

## BACKGROUND FACTS

19.    Defendants operate multiple grocery stores throughout the Chicago metropolitan area that operate under the name "Garden Fresh Market," including the following:

    a.    Garden Fresh Market - Chicago
          5701 West Belmont Ave.

    b.    Garden Fresh Market - Wheeling
          1786 Hintz Rd.

    c.    Garden Fresh Market - Mundelein
          400 Townline Rd.

    d.    Garden Fresh Market - Northbrook
          275 Skokie Blvd.

    e.    Garden Fresh Market - Mt. Prospect
          1145 Mt. Prospect Plaza

    f.    Garden Fresh Market - Arlington Heights
          600 East Rand Rd.

    g.    Garden Fresh Market - Round Lake Beach
          965 East Rollins Rd.

    h.    Garden Fresh Market - Naperville
          955 W 75th Street

    i.    Garden Fresh Market – Crystal Lake
          5625 Northwest Hwy

20.    All the stores identified in paragraph 19, above, operate as a unified operation and a common enterprise, with a common business purpose. Among other things:

a.    Plaintiff Carlos Gonzalez worked for Defendants at both their Mt. Prospect and Arlington Heights stores;

b.    Plaintiff Obregon worked for Defendants at their Mount Prospect, Mundelein, Northbrook, Wheeling, Crystal Lake and Round Lake Beach stores;

c.    Plaintiff Eva Gonzalez worked for Defendants at their Mundelein and Northbrook stores;

d.    Other similarly-situated persons employed by Defendants likewise worked for various Garden Fresh Market locations operated by Defendants;

e.    Employee payroll is prepared at a common location by the same employees;

f.    The stores use the same vendors and suppliers;

g.    The stores have the same business purpose;

h.    Defendant stores are commonly owned by Adi Mor and/or certain other unknown partners and/or other shareholders;

i.    Defendant stores are commonly operated by Adi Mor and Dan O'Neil;

j.    Defendants have, from time to time, shared and continued to share managers, supervisors, and employees;

k.    Each store utilizes the same payroll practices that are alleged herein to violate the FLSA and IMWL.

21.    Defendants failed to compensate Plaintiffs, and failed to compensate other employees, at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks. For example, Defendants:

a.    Pay employees their straight-time regular rate of pay for all time worked, including time worked in excess of forty (40) hours. For the workweek ending October 21, 2007, Plaintiff Garibay worked 46 hours, but Garibay

was paid his regular straight rate of pay ($10.00) for all 46 hours, without overtime wages. See Exhibit B, attached hereto.

b.    Split employee payroll checks between different store locations to avoid the payment of overtime pay. To illustrate, Plaintiff Carlos Gonzalez worked at the Arlington Heights and Mt. Prospect stores during the work week ending December 23, 2007. Gonzalez worked for Defendants a total of 72 hours during this work week: 49.5 hours at the Arlington Heights location and 22.50 hours at the Mt. Prospect location. Defendants paid Gonzalez with two paychecks for this work week, one check from the Arlington Heights location in the amount of 49.5 hours (40 hours straight-time and 9.5 hours of overtime) and a second check from the Mt. Prospect location in the amount of 22.5 hours at his straight-time regular rate of pay. Thus, Plaintiff Gonzalez was paid only 9.5 hours of overtime pay, instead of the 32 hours of overtime that he actually worked for Defendants. See Exhibit C, attached hereto. As an additional example, Plaintiff Eva Gonzalez worked a total of 62.5 hours for Defendants during the work week ending June 15, 2008, and was paid for those 62.5 hours all at her regular rate of pay. See Exhibit D, attached hereto, showing Plaintiff Eva Gonzalez was paid for 39.5 hours from the Mundelein location and was paid for 23 hours from the Northbrook location during the work week ending June 19, 2008, all at her straight-time regular rate of pay. Defendants also denied Plaintiff Jose Obregon his earned overtime wages by splitting his checks between different store locations. See Exhibit E, attached hereto, showing Defendants issued Plaintiff Obregon one check from the Wheeling location and one check from the Mundelein location.

d.    Split employee payroll checks between an employee and a pseudonym. Defendant required Plaintiff Rodrigo Alvarenga to work under two names in the same work week. Defendants then "split" Plaintiff Alvarenga's compensation between two weekly payroll checks, to avoid the payment of overtime pay. For example, in one work week, Plaintiff Alvarenga was paid with a payroll check made payable to (i) Kelvin Alvarenga reflecting the hours Plaintiff Rodrigo Alvarenga worked up to forty (40) hours per week, and (ii) a payroll check made payable to Jesus Peralta reflecting the hours Plaintiff Rodrigo Alvarenga worked over forty (40) in the work week. See Exhibit F, attached hereto. At different times, Plaintiff Rodrigo Alvarenga was required to work under the names Kelvin Alvarenga, Jesus Peralta, Adrian Celaya and Kelvin Alvarrayoa.

22.    Other employees likewise worked in excess of forty (40) hours in individual work weeks, but were not paid their earned overtime wages.

7

23.    Defendants have previously been sued in the state and federal courts for their failure to pay overtime wages. See, for example, Case No, 2004 CH 11421, filed in the Circuit Court of Cook County, and Case No. 05 C 643, filed in the Northern District of Illinois.

## JURISDICTION AND VENUE

24.    This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, rising under 29 U.S.C. §216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

## CLASS ACTION ALLEGATIONS

25.    With respect to the IMWL claim, Plaintiffs seek to represent a class that is comprised of and defined as:

> all persons who have been employed by Defendants or their predecessors since January, 2005, through and including the present, and who have not been paid overtime wages at a rate of one and one half times their regular rate for all the time they worked over forty (40) hours in individual work weeks (herein "IMWL Class")

26.    Plaintiffs seek certification of this lawsuit as a class action, in order that the rights of Plaintiffs and the IMWL Class, including all overtime wages due, punitive damages, prejudgment interest, and any other damages due, be resolved.

27.    This action is brought as a class action, Fed. R. Civ. P. 23, because the IMWL Class is so numerous that joinder of all class members is impracticable.

28.    The Named Plaintiffs and the IMWL Class have been equally affected by the maximum hour violations of Defendants and their failure to pay overtime wages. While the precise number the IMWL Class has not been determined at this time, Plaintiffs believe that Defendants have employed in excess of 100 persons during the IMWL Class Period. The Named

Plaintiffs and the IMWL Class have been equally affected by Defendants' failure to pay overtime wages to Plaintiffs and the class.

29.    Furthermore, the IMWL Class members still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

30.    The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations which may exist between members of the class, if any.

31.    The Named Plaintiffs and the IMWL Class, and Defendants have a commonality of interest in the subject matter and remedy sought.

32.    The Named Plaintiffs are able to fairly and adequately represent and protect the interests of the IMWL Class. Plaintiffs' Counsel is competent and experienced in litigating large wage and hour and other employment class actions.

33.    If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the IMWL Class, to the Court, and to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

34.    The books and records of Defendants are material to Plaintiffs' case as they disclose the hours worked by the IMWL Class and what each member of the IMWL Class was paid for that work.

**COUNT I**
**Violation of the Fair Labor Standards Act - Overtime Wages**
**(Collective Action)**

Plaintiffs hereby reallege and incorporate paragraphs 1 through 24 of this Complaint, as if fully set forth herein.

35.    This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, in failing to pay overtime wages to Plaintiffs and similarly-situated employees for all time worked in excess of forty (40) hours in individual work weeks.

36.    Plaintiffs were directed by Defendants to work, and worked, in excess of forty (40) hours per week.

37.    Pursuant to 29 U.S.C. § 207, Plaintiffs were entitled to be compensated at a rate of one and one-half times their regular hourly rate for all time worked in excess of forty (40) hours in individual workweeks.

38.    Pursuant to 29 U.S.C. § 207, other similarly-situated employees were entitled to be compensated at a rate of one and one-half times their regular hourly rate for all time worked in excess of forty (40) hours in individual workweeks.

39.    Defendants' failure and refusal to pay Plaintiffs overtime wages for time worked in excess of forty (40) hours per week violated the Fair Labor Standards Act, 29 U.S.C. § 207.

40.    Defendants' failure to pay Plaintiffs overtime wages for time worked in excess of forty (40) hours per week violated the Fair Labor Standards Act, 29 U.S.C. § 207.

41.    Defendants' failure to pay other similarly-situated employees overtime wages for time worked in excess of forty (40) hours per week violated the Fair Labor Standards Act, 29 U.S.C. § 207.

42.    Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiffs and other similarly-situated employees overtime wages for time worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.   a judgment in the amount of one and one-half times Plaintiffs' and similarly situated employees' hourly wage rate for all time which Plaintiffs worked in excess of forty (40) hours per week;

B.   liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.   reasonable attorneys' fees and costs incurred in filing this action; and

D.   such other and further relief as this Court deems appropriate and just.

### COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (Class Action)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 34 of this Complaint, as if fully set forth herein.

43.   This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

44.   The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiffs bring this class action pursuant to 820 ILCS 105/12(a) and Fed. R. Civ. P. 23.

45.   Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiffs and the IMWL Class worked in excess of forty (40) hours, Plaintiffs and the IMWL Class are entitled to be compensated at one and one-half times their regular hourly rates of pay for time worked in excess of forty (40) hours per week.

46.    Defendants violated the IMWL by refusing to compensate Plaintiffs and the IMWL Class at one and one-half times their regular hourly rate of pay for time worked in excess of forty (40) hours per week.

47.    Pursuant to 820 ILCS 105/12(a), Plaintiffs and the IMWL Class are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs and the IMWL Class pray for a judgment against Defendants as follows:

A.    a judgment in the amount of one and one-half times Plaintiffs' and the IMWL Class' hourly rate for all time which Plaintiffs worked in excess of forty (40) hours in individual work weeks;

B.    punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.    reasonable attorneys' fees and costs incurred in filing this action; and

D.    such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated:  August 4, 2008

s/Douglas M. Werman
Douglas M. Werman (ARDC #6204740)
Maureen A. Bantz (ARDC#6289000)
Werman Law Office, P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Jamie G. Sypulski
Law Office of Jamie G. Sypulski
122 South Michigan Avenue
Suite 1720
Chicago, Illinois 60603
312/360-0960

Attorneys for Plaintiffs

# EXHIBIT A

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
## COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by Garden Fresh Mt. Prospect, or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendants time in excess of forty (40) hours in individual work weeks, and have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: _Cristobal Garibay_      (Print your name)

Signature: _____

Date on which I signed this Notice: _12/6/07_
                                                (Today's date)

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
## COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by Garden Fresh Mt. Prospect, Inc, or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendants time in excess of forty (40) hours in individual work weeks, and have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: _Rodrigo Alvarenga._   (Print your name)

Signature: _Rdt Alvarenga_

Date on which I signed this Notice: _01 - 18 - 08_

(Today's date)

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
## COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by Garden Fresh, or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendant time in excess of forty (40) hours in individual work weeks, and have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: _CARLOS  GONZALEZ_     (print your name)


Signature: _____


Date on which I signed this Notice: _____01/16/08_____
                                            (today's date)

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by Garden Fresh Mt. Prospect, Inc. or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendant time in excess of forty (40) hours in individual work weeks, and have not been paid all of the overtime and minimum wages owed to me pursuant to 29 U.S.C. §201, et. seq. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: _____Jose OBREGON_____ (print your name)

Signature: _____

Date on which I signed this Notice: ___08-01-88___
(today's date)

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by Garden Fresh Mt. Prospect, Inc. or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendant time in excess of forty (40) hours in individual work weeks, and have not been paid all of the overtime and minimum wages owed to me pursuant to 29 U.S.C. §201, et. seq. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: _Eva. Gonzalez_  (print your name)

Signature: _Eva. Gonzalez_

Date on which I signed this Notice: _08/ 01 / 08_
(today's date)

# EXHIBIT B

GARDEN FRESH MT PROSPECT INC
MT PROSPECT IL 60056

| EARNINGS | | | TAXES | DEDUCTIONS | YEAR TO DATE |
|---|---|---|---|---|---|
| REGULAR | 46.00 | 10.0000 | 460.00 | | FICA |
| | | | | | MEDICA |
| | | | | | STATE |
| Totals | 46.00 | | 460.00 | 42.07 | 0.00 | 0054574 | 417.9 |

# EXHIBIT C



| 0027 | CARLOS GONZALES | | | GARDEN FRESH MT PROSPECT INC |
|---|---|---|---|---|
| 0349 | 0002 | | XXX-XX-9013 | 1148 MT PROSPECT PLAZA |
| DEC 17, 2007 | DEC 23, 2007 | DEC 27, 2007 | H 01 | MT PROSPECT, IL 60056 |

| EARNINGS | | | TAXES | DEDUCTIONS | YEAR TO DATE | |
|---|---|---|---|---|---|---|
| REGULAR | 22.50 | 8.5000 | 191.25 | FICA 11.86 | | GROSS 12063.2 |
| | | | | MEDFICA 2.78 | | FICA 747.92 |
| | | | | IL 2.28 | | MEDFICA 174.9 |
| | | | | | | STATE 381.9 |
| Totals | 22.50 | | 191.25 | 16.92 | 0.00   0055303 | ******174.33 |

| 0802 | CARLOS GONZALES | | | GARDEN FRESH ARLINGTON HTS INC |
|---|---|---|---|---|
| 0349 | 0002 | | | 600 E RAND  HC |
| DEC 17, 2007 | | | | ARLINGTON HTS, IL 60004 |

| EARNINGS | | | TAXES | DEDUCTIONS | YEAR TO DATE |
|---|---|---|---|---|---|
| | 49.50 | | | | |
| Totals | 49.50 | | 474.69 | 59.56 | 0.00   0055393   ******415.1 |

# EXHIBIT D

**0537   EVA GONZALEZ**

**GARDEN FRESH NORTHBROOK**
275 SKOKIE BLVD
NORTHBROOK, IL 60062

| 0276 | 0006 | | |
|---|---|---|---|
| JUN 9, 2008 | JUN 15, 2008 | JUN 19, 2008 | |

| EARNINGS | | | | TAXES | | DEDUCTIONS | | YEAR TO DATE |
|---|---|---|---|---|---|---|---|---|
| REGULAR | 23.00 | 8.0000 | 184.00 | FICA | 11.41 | | GROSS | 4184.80 |
| | | | | MEDFICA | 2.67 | | FICA | 211.86 |
| | | | | IL | 2.06 | | MEDFICA | 62.68 |
| | | | | | | | STATE | 98.54 |

| Totals | 23.00 | | 184.00 | | 16.14 | 0.00 | 001264 | 477.86 |

---

**0164   EVA GONZALEZ**

**GARDEN FRESH MUNDELEIN LLC**
MUNDELEIN, IL 60060

| 0277 | 0006 | | |
|---|---|---|---|
| JUN 9, 2008 | JUN 15, 2008 | JUN 19, 2008 | |

| EARNINGS | | | | TAXES | | DEDUCTIONS | | YEAR TO DATE |
|---|---|---|---|---|---|---|---|---|
| REGULAR | 39.50 | 8.0000 | 316.00 | FICA | 19.28 | MED 125 | 5.00 | GROSS | |
| | | | | MEDFICA | 4.50 | | | FICA | |
| | | | | IL | 4.71 | | | MEDFICA | |
| | | | | | | | | STATE | |
| | | | | | | | | MED 125 | |

| Totals | 39.50 | | 316.00 | | 28.49 | 5.00 | 001540 | |

# EXHIBIT E

**GARDEN FRESH MUNDELIEN LLC**
340 TOWNE LINE RD
MUNDELEIN, IL 60060

Company Name & Address

| Employee Name | | |
|---|---|---|
| JOSE O. OBREGON | | |

| Employee No.# | Dept | Div |
|---|---|---|
| 0012 | 0277 | 0002 |

| Class # | |
|---|---|
| FEB 27, 2006 | MAR 5, 2006 |

| Period Ending | Check Date |
|---|---|
| MAR 5, 2006 | MAR 9, 2006 |

| Fed. S 04 | ST. S 04 |
|---|---|

## EARNINGS

| DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|
| SALARY | | | 565.00 |

| TOTAL | $ | 565.00 |
|---|---|---|

## TAXES

| DESCRIPTION | AMOUNT |
|---|---|
| FICA | 35.03 |
| MEDFICA | 8.19 |
| FED WTH | 31.96 |
| IL | 12.33 |

| TOTAL $ | 87.51 |
|---|---|

## DEDUCTIONS

| DESCRIPTION | AMOUNT |
|---|---|

| TOTAL $ | 0.00 |
|---|---|

## YEAR TO DATE

| DESCRIPTION | AMOUNT |
|---|---|
| GROSS | 5763.00 |
| FICA | 357.31 |
| MEDFICA | 83.56 |
| FED WTH | 336.55 |
| STATE | 126.69 |

| Check No. | NET PAY |
|---|---|
| 0004435 | ******477.49 |

**GARDEN-FRESH FOOD MARKET INC**
1786 HINTZ RD
WHEELING, IL 60090

JOSE OBREGON

| | |
|---|---|
| 0143 | |
| 0278 | |
| FEB 27, 2006 | |

Check # 0002

MAR 5, 2006    MAR 9, 2006

Peo. S 05
ST. S 05

## EARNINGS

| DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|
| REGULAR | 9.50 | 10.2500 | 97.38 |
| **TOTAL** | 9.50 | $ | 97.38 |

## TAXES

| DESCRIPTION | AMOUNT |
|---|---|
| FICA | 6.04 |
| MEDFICA | 1.41 |
| **TOTAL $** | 7.45 |

## DEDUCTIONS

| DESCRIPTION | AMOUNT |
|---|---|
| **TOTAL $** | 0.00 |

## YEAR TO DATE

| DESCRIPTION | AMOUNT |
|---|---|
| GROSS | 543.2F |
| FICA | 33.68 |
| MEDFICA | 7.68 |

Check No. 0004022

NET PAY *******89.93

# EXHIBIT F

CASE No 2007 L 012345    PRODUCED BY    ELEC DOC ID 2145

| Punch Number | Employee Name | | | GARDEN FRESH MT PROSPECT INC |
|---|---|---|---|---|
| 0244 | KELVIN ALVARENGA | | | 2145 MT PROSPECT PLAZA |
| 0349 | 0002 | | 3278 | MT PROSPECT, IL 60056 |
| NOV 26, 2007 | DEC 2, 2007 | DEC 6, 2007 | | |

| EARNINGS | | | | TAXES | | DEDUCTIONS | YEAR TO DATE | |
|---|---|---|---|---|---|---|---|---|
| REGULAR | 40.00 | 7.5000 | 300.00 | FICA | 18.60 | | GROSS | 9079.70 |
| | | | | MEDFICA | 4.35 | | FICA | 562.70 |
| | | | | | 4.38 | | MEDFICA | 131.66 |
| | | | | | | | FED WTH | 89.90 |
| | | | | | | | STATE | 145.67 |
| Totals | 40.00 | | 300.00 | | 27.33 | 0.00 | 0055065 | *****272.67 |

| Punch Number | Employee Name | | | GARDEN FRESH MT PROSPECT INC |
|---|---|---|---|---|
| 0218 | ESO JUHANA | | | 2145 MT PROSPECT PLAZA |
| 0349 | | | | MT PROSPECT, IL 60056 |
| NOV 26, 2007 | DEC 2, 2007 | DEC 6, 2007 | | |

| EARNINGS | | | | TAXES | | DEDUCTIONS | YEAR TO DATE | |
|---|---|---|---|---|---|---|---|---|
| REGULAR | | | | | | | GROSS | |
| | | | | | | | FICA | |
| | | | | | | | MEDFICA | |
| | | | | | | | FED WTH | |
| | | | | | | | STATE | |
| Totals | 23.50 | | 176.25 | | 15.32 | 0.00 | 0055071 | *****160.93 |

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the following **Plaintiffs' First Amended Complaint** was served via electronic mail on August 7, 2008 on:

Todd M. Brandel
Krasnow Saunders Cornblath, LLP
500 North Dearborn Street
Second Floor
Chicago, Illinois 60606


Lawrence R. Miller
Garden Fresh Market
7150 Capitol Drive
Wheeling, IL 60090


s/Douglas M. Werman
Douglas M. Werman