IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRISTOBAL GARIBAY, RODRIGO ALVARENGA, CARLOS GONZALEZ, and JOSE OBREGON, on behalf of themselves and all other similarly situated persons, known and unknown, and EVA GONZALEZ,<br><br>    Plaintiffs,<br><br>v.<br><br>GARDEN FRESH - MOUNT PROSPECT, INC., GARDEN FRESH – ARLINGTON HEIGHTS, INC., GARDEN FRESH FRUIT MARKET, INC., GARDEN FRESH MUNDELEIN LLC, GARDEN FRESH – NORTHBROOK, INC., GARDEN FRESH – CRYSTAL LAKE, INC., GARDEN FRESH PRODUCE, INC., GARDEN FRESH – NAPERVILLE, INC., GARDEN FRESH – ROUND LAKE BEACH, INC., and ADI MOR, individually,<br><br>    Defendants. | Case No. 08 C 636<br><br>Judge Guzman |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO COMPLETELY ANSWER PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiffs move this court for an Order compelling Defendants Garden Fresh – Mount Prospect, Inc., Garden Fresh – Arlington Heights, Inc., Garden Fresh Fruit Market, Inc., and Adi Mor to produce documents responsive to certain requests contained in Plaintiff Cristobal Garibay's First Request for Production of Documents to Defendants. In support of this Motion, Plaintiffs state as follows:

1

I. **INTRODUCTION**

This lawsuit asserts <u>class action claims</u> arising under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and collective action claims arising under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), for Defendants' failure to lawfully pay Plaintiffs and other similarly-situated individuals overtime pay. Plaintiffs allege that a chain of at least eight Garden Fresh Market grocery stores, all of which are located in the Chicago metropolitan area, utilized a common policy and practice to deny employees their owed overtime wages. Among other schemes, Plaintiffs allege that Defendants split employee payroll checks between different store locations to avoid the payment of overtime pay. See First Amended Complaint ¶ 21(b) (Dckt # 67).

Plaintiffs allege that the Garden Fresh Market grocery stores are commonly controlled and operated, and therefore, they qualify as a single "joint employer" as that term is expansively defined under the FLSA and IMWL. Plaintiffs further allege that as a single "joint employer," Defendants are jointly and severally liable under the IMWL for failing to pay Plaintiffs and a class of similarly-situated persons employed by the Garden Fresh grocery stores overtime pay. *Fegley v. Higgins*, 19 F.3d 1126, 1131 (6th Cir. 1994). Plaintiffs bring this action on behalf of themselves and all other persons employed by Defendants who have worked in excess of forty (40) hours in individual work weeks between January 2005 and the present and who were denied overtime pay.

The parties are currently taking discovery on the collective and class action issues, and the Court has ordered Plaintiffs to file their Motion for Class Certification on or before September 22, 2008.

I. **INTRODUCTION**

This lawsuit asserts <u>class action claims</u> arising under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and collective action claims arising under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), for Defendants' failure to lawfully pay Plaintiffs and other similarly-situated individuals overtime pay. Plaintiffs allege that a chain of at least eight Garden Fresh Market grocery stores, all of which are located in the Chicago metropolitan area, utilized a common policy and practice to deny employees their owed overtime wages. Among other schemes, Plaintiffs allege that Defendants split employee payroll checks between different store locations to avoid the payment of overtime pay. See First Amended Complaint ¶ 21(b) (Dckt # 67).

Plaintiffs allege that the Garden Fresh Market grocery stores are commonly controlled and operated, and therefore, they qualify as a single "joint employer" as that term is expansively defined under the FLSA and IMWL. Plaintiffs further allege that as a single "joint employer," Defendants are jointly and severally liable under the IMWL for failing to pay Plaintiffs and a class of similarly-situated persons employed by the Garden Fresh grocery stores overtime pay. *Fegley v. Higgins*, 19 F.3d 1126, 1131 (6th Cir. 1994). Plaintiffs bring this action on behalf of themselves and all other persons employed by Defendants who have worked in excess of forty (40) hours in individual work weeks between January 2005 and the present and who were denied overtime pay.

The parties are currently taking discovery on the collective and class action issues, and the Court has ordered Plaintiffs to file their Motion for Class Certification on or before September 22, 2008.

## II. DISCOVERY STATUS AND THE PARTIES' EFFORTS TO RESOLVE THIS DISCOVERY DISPUTE

On August 11, 2008, Plaintiffs' Counsel sent Defendants' Counsel a correspondence identifying the deficiencies in Defendants' responses to Plaintiffs' discovery requests. See Plaintiffs' Counsel's August 11, 2008 correspondence, attached hereto as Exhibit A. The following day, on August 12, 2008, Counsel for the parties held a discovery conference pursuant to Local Rule 37.2. During that conference, the parties were able to resolve most but not all of the issues raised in Plaintiffs' letter. The parties have made good faith attempts to resolve the remaining issues in dispute, but have been unable to reach an accord with respect to Defendants' answers to Document Request No. 6 and Document Request No. 14. The parties have fulfilled the requirements of Local Rule 37.2.

## III. DISCOVERY STANDARD

Pursuant to Fed. R. Civ. P. 26, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense... relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

## IV. THE AT-ISSUE DISCOVERY REQUESTS

In Document Request No. 6, Plaintiffs requested that Defendants produce the time and payroll records Defendants are required to maintain pursuant to the Federal Regulations, 29 C.F.R. 516.2, for Plaintiffs and the potential IMWL class members. See Plaintiff Cristobal Garibay's First Request for Production of Documents to Defendants, attached hereto as Exhibit B.

In Document Request No. 14, Plaintiffs requested the production of an electronic list identifying those persons who worked for the Garden Fresh entities located in Chicago, Wheeling,

3

Mundelein, Northbrook, Mount Prospect, Arlington Heights, Round Lake Beach, Naperville, Skokie, and Crystal Lake. See Exhibit B.

Defendants answered Document Request No. 6 and Document Request No. 14 by providing the following objections to those requests:

> Defendants object to Request No. [6 & 14] as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant evidence to the extent it requests information related to employees other than the three Plaintiffs, because the court has not yet ruled upon Defendant's motion to strike the IMWL class allegations. Furthermore, Plaintiffs are not yet entitled to the information requested related to employees other than the three Plaintiffs because no Notice has been approved by the court to send to such employees. Documents related to the named Plaintiffs, to the extent they exist and were able to be located, are enclosed. See Defendants' answers to Document Request No. 6 and No. 14, attached hereto as Exhibit C.

## V. ARGUMENT

Plaintiffs seek the identity of individuals who worked for Defendants' eight Garden Fresh locations, and in addition, they seek the time and payroll records for those potential putative class members. Defendants objected to producing such documents on a class-wide basis for two reasons: 1) the court has not yet ruled upon Defendant's motion to strike the IMWL class allegations, and 2) the Court has not yet approved the issuance of Notice to employees. With respect to Defendants' first reason for not producing documents on a class basis, it is moot. The Court denied Defendants' Motion to strike the IMWL class allegations on July 23, 2008, and the parties are currently taking discovery on whether this action is appropriately suited for class action treatment. Accordingly, Defendants' first reason for not answering Document Request No. 6 and No. 14 is without merit.

Defendants' second reason also fails because, as held by the United States Supreme Court, the Court does not need to approve the issuance of Notice as a precondition to Plaintiffs obtaining discovery on the identity of similarly-situated employees. See *Hoffman-La Roche, Inc. v. Sperling,*

493 U.S. 165 (1989). In *Hoffman-La Roche,* the U.S. Supreme Court upheld the district court's decision to compel the defendant company to produce the names and addresses of potential opt-in plaintiffs prior to the certification of the plaintiffs' claims. *Id.* at 170. Applying *Hoffman,* the district court in *Acevedo v. Ace Coffee Bar, Inc.,* Case No. 07 C 4091, 2008 U.S. Dist. LEXIS 13948, at *17-18 (N.D. Ill. Feb. 25, 2008), granted Plaintiffs request to compel the identification of similarly-situated employees, by address and telephone number, prior to certification of the plaintiffs' FLSA collective action claims. A number of other courts have likewise compelled the production of the names and contact information for similarly-situated employees prior to the certification of FLSA collective action claims because that information is relevant to determining who may be similarly-situated to the Plaintiffs and who, therefore, may be entitled to receive future opt-in or class notice notice. *See Planner v. Bennett Auto Supply, Inc.,* No. 05-80982, 2006 U.S. Dist. LEXIS 96952, at *7 (S.D. Fla. Feb. 24, 2006) ("Information relating to similarly situated employees at each of Defendant's [twenty-three] stores is relevant to determining the appropriate scope of a future opt-in notice."); *Morden v. T-Mobile USA, Inc.,* Case No. C05-2112, 2006 U.S. Dist. LEXIS 42047, at *9-10 (W.D. Wash. June 22, 2006); *Hammond v. Lowe's Home Ctrs., Inc.,* 216 F.R.D. 666, 673-74, (D. Kan. 2003).

Plaintiffs are also entitled to the production of the potential opt-in and potential class members' time and payroll information because those documents are relevant to whether Plaintiffs and the putative class members are in fact similarly-situated. *Hammond,* 216 F.R.D. at 673 (compelling the production of payroll information for potentially similarly-situated employees). Moreover, the manner in which other potential putative class members were paid, and whether they were properly compensated for all of the overtime hours they worked, is relevant to determining whether Plaintiffs can establish the elements necessary to maintain a class action on their IMWL

5

class claim under Fed. R. Civ. P. 23. *Montoya v. SCCP Painting Contractors, Inc.*, 530 F. Supp. 2d 746, 748 (D. Md. 2008) (compelling the production of documents reflecting the wages paid to potential class members prior to class certification because such documents were relevant to whether plaintiffs could satisfy the numerosity and commonality requirement under Fed. R. Civ. P. 23).

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs request that their Motion to Compel be granted, and that Defendants be compelled to produce the following documents, on a class-wide basis, within ten (10) days of the Court's order:

A. The time and payroll records Defendants are required to maintain pursuant to 29 C.F.R. 516.2, as set forth in Document Request No. 6, for all IMWL Proposed Class members for the IMWL Class Period; and

B. An electronic or other list identifying, by name and address, those individuals who worked for the Garden Fresh entities located in Chicago, Wheeling, Mundelein, Northbrook, Mount Prospect, Arlington Heights, Round Lake Beach, Naperville, Skokie, and Crystal Lake.

Respectfully submitted,

Dated: August 22, 2008

s/Douglas M. Werman
Douglas M. Werman (ARDC #6204740)
Maureen A. Bantz (ARDC#6289000)
Werman Law Office, P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Jamie G. Sypulski
Law Office of Jamie G. Sypulski
122 South Michigan Avenue
Suite 1720
Chicago, Illinois 60603
312/360-0960

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the following **Plaintiffs' Motion to Compel Defendants to Completely Answer Plaintiffs' First Request for Production of Documents** was served via electronic mail on August 22, 2008 on:

Todd M. Brandel
Krasnow Saunders Cornblath, LLP
500 North Dearborn Street
Second Floor
Chicago, Illinois 60606

Lawrence R. Miller
Garden Fresh Market
7150 Capitol Drive
Wheeling, IL 60090

<u>s/Douglas M. Werman</u>
Douglas M. Werman