## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **CRISTOBAL GARIBAY, RODRIGO ALVARENGA, and CARLOS GONZALEZ, on behalf of themselves and all other similarly situated persons, known and unknown,** | ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **Case No. 08 C 636** |
| **GARDEN FRESH - MOUNT PROSPECT, INC., GARDEN FRESH – ARLINGTON HEIGHTS, INC. GARDEN FRESH FRUIT MARKET, INC and ADI MOR, individually,** | ) ) ) ) ) | **Judge Guzman** |
| **Defendants.** | ) ) | |

## INDEX OF EXHIBITS

Plaintiffs' Counsel's August 11, 2008 correspondence......................................................A

Plaintiff Cristobal Garibay's First Request for Production of Documents to Defendants ...........................................................................................................................B

Defendants' answers to Document Request No. 6 and No. 14..........................................C

# EXHIBIT A

77 West Washington Street
Suite 1402
Chicago, Illinois 60602

**Werman**
LAW OFFICE P.C.

Tel: (312) 419-1008
Fax: (312) 419-1025
www.flsalaw.com

August 11, 2008

*Via Electronic Mail*
Todd M. Brandel
Krasnow Saunders Cornblath, LLP
500 N. Dearborn Street, Second Floor
Chicago , IL 60610

Re:     *Garibay, et al. v. Garden Fresh*

Dear Mr. Brandel:

Pursuant to Local Rule 37.2, we have agreed to have a telephonic conference tomorrow, August 12, 2008, to discuss the deficiencies in Defendant Garden Fresh- Mount Prospect, Inc.'s, Defendant Garden Fresh – Arlington Heights, Inc.'s, Defendant Garden Fresh Fruit Market, Inc.'s and Adi Mor's answers to Plaintiff Garibay's First Request for Production of Documents and First Set of Interrogatories. Those deficiencies are identified below.

**Document Request No. 6**

This request seeks documents and information relating to the hours Plaintiffs and similarly- situated persons worked and the manner in which they were paid. Defendants are obligated to maintain employees' time and payroll records pursuant to the federal labor regulations. See 29 C.F.R. 516.2. Defendants objected to responding to this request, to the extent is relates to similarly-situated employees, because the court had not yet ruled on Defendants' motion to strike the IMWL class allegations and because the Court had not yet approved the issuance of Notice. To the extent Defendants object to producing time and pay information because the court has not yet ruled on Defendants' motion to strike, that objection is moot. The Court denied Defendants' motion to strike the class allegations on July 23, 2008. Defendants' second objection also fails because the Court's approval of Notice is not a condition precedent to obtaining discovery relating to the class issues. Instead, the opposite is true. The time and pay records for similarly-situated employees are directly relevant at this stage in the litigation, before notice is issued, because they are relevant as to whether the proposed class meets the requirements set forth in Fed. R. Civ. P. 23. *Montoya v. SCCP Painting Contractors, Inc.,* 530 F. Supp. 2d 746, 748 (D. Md. 2008) (compelling production of documents reflecting the wages of all putative class members because the documents are relevant to the issues of numerosity and commonality).   Accordingly, Plaintiffs request that Defendants supplement their document production by producing time and payroll information for similarly situated employees.

In addition, Defendants' answer is deficient with respect to the Named Plaintiffs in a few respects. First, Defendants have failed to produce Plaintiff Garibay's and Plaintiff Alvarenga's

personnel files. Defendants also failed to produce Plaintiff Garibay's time cards for the pay periods ending: 9/16/08; 9/24/07; 11/4/07; 11/11/07; 11/18/07; 11/25/07; and 12/2/07. Defendants also failed to produce Plaintiff Gonzalez's time cards for the Mt. Prospect location for the pay periods ending: 9/24/07; 10/14/07; 11/4/07; 11/11/07; 11/18/07; 11/25/07; 12/2/07; 12/9/07; 12/16/07; and 12/30/07. Also, Defendants refused to produce Plaintiff Alvarenga's time and pay records on the grounds that Plaintiff Rodrigo Alvarenga has not established that he was employed and compensated under the identities of "Kelvin Alvarenga, Jesus Peralta, and Adrian Celaya." However, whether Plaintiff Alvarenga worked under such identities, and is entitled to overtime pay, is what is in dispute with respect to Plaintiff Alvarenga's claims. Accordingly, the time and payroll records for the identities Plaintiff Alvarenga worked under are relevant to his claims and are discoverable under Fed. R. Civ. P. 26(b). Defendants simply have no basis to refuse to produce such documents, which are integral to Plaintiff Alvarenga's overtime claims.

In addition, Plaintiffs request that Defendants supplement their answer to this request by producing the time and payroll records for Plaintiff Jose Obregon and Plaintiff Eva Gonzalez.

### Interrogatory No. 7 and Document Request No. 16

These requests seek information and documents identifying whether Defendants engaged in any analysis or review to determine the lawfulness of any compensation plan used by Defendants. Defendants' answers to these requests were non-responsive. We ask that Defendants identify whether Defendants engaged in any analysis to determine the lawfulness of their compensation plan, and if their answer is yes, to describe the analysis performed and to produce responsive documents.

### Interrogatory Nos. 8, 9, 10, 11, 12

Defendants' answers to these requests were non-responsive. Defendants objected to answering these interrogatories based on the claim that Plaintiffs exceeded the maximum permissible number of interrogatories set forth in Fed. R. Civ. P. 33(a)(1). That is untrue. Under Rule 33, a party may serve on any other party up to 25 written interrogatories. Interrogatories containing multiple subparts relating to a single common theme do not count as separate interrogatories. *McDonald v. Alton & Southern Railway Co.*, 2008 U.S. Dist. LEXIS 53310, at *3-4 (July 11, 2008, S.D. Ill.); *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006); *Swackhammer v. Sprint Corp PCS*, 225 F.R.D. 658, 665 (D. Ka. 2004). Plaintiffs have served Defendants with only 12 Interrogatories, well below the limit of 25. In addition, the interrogatories containing subparts, contain subparts that relate to a single common theme and do not count as separate interrogatories. See *McDonald, supra*. Plaintiffs request that Defendants supplement their answers to Interrogatories Nos. 8-12.

### Document Request No. 7

Plaintiffs requested that Defendants provide them with documents relating to or describing the computer software Defendants use to track or record the amount of wages paid to Plaintiffs and members of the Proposed IMWL Class, including manuals for such software.

Defendants' answer is not responsive to this request. Plaintiffs request that Defendants supplement their answer to this request and produce responsive documents.

### Document Request No. 12

This request asks Defendants to produce the Articles of Incorporation and Bylaws for the 10 entities operating "Garden Fresh" stores. Defendants objected to producing responsive documents on the grounds that the documents are a matter of public record. This answer is not responsive to Plaintiffs' request. Plaintiffs request that Defendants supplement their answer and produce responsive documents.

### Document Request No. 14

This request seeks documents identifying persons who worked for Defendants. Those individuals are potential witnesses in this lawsuit and their identity is discoverable.[1] Defendants provided the same objections they provided in their answer to Document Request No. 3. As discussed above, with respect to Document Request No. 6, Defendants' objections are invalid. Plaintiffs request that Defendants supplement their answer to this request.

### Document Request No. 15

This request seeks documents identifying persons who worked for Defendants in management positions. As discussed above, with respect to Document Request No. 6 and Document Reuqest No. 14, Defendants' objections are invalid. Plaintiffs request that Defendants supplement their answer to this request.

### Document Request No. 17

This request seeks documents that identify, describe, or support any claim that Defendants method of compensating the proposed IMWL Class was made with a good faith reasonable belief that Defendants were complying the FLSA. Defendants' answer was non-responsive. Plaintiffs request that Defendants produce responsive documents, or if none exist, Plaintiffs request that Defendants state so.

---

[1] See *Kane v. Gage Merch. Servs., Inc.*, 138 F. Supp. 2d 212 (D. Mass. 2001) (plaintiff's motion seeking an order directing defendant to provide names and addresses of its employees granted); *Tucker v. Labor Leasing, Inc.*, 155 F.R.D. 687 (M.D. Fla. 1994) (plaintiff's motion to compel names of employees granted); *Barton v. The Pantry, Inc.*, 2006 WL 2568462, *2 (M.D.N.C. Aug. 31, 2006) ("The Court recognizes that the named Plaintiffs (including opt-ins to this date) have a present discovery need for the names of potential witnesses who may have information relevant to their individual claims"); *Koo v. Rubio's Rest., Inc.*, 109 Cal. App. 4th 719, 736 (2003) ("[A]s a general rule, before class certification has taken place, all parties are entitled to 'equal access to persons who potentially have an interest in or relevant knowledge of the subject of the action, but who are not yet parties'") (quoting *Atari, Inc. v. Superior Court*, 166 Cal. App. 3d 865, 869 (Cal. Ct. App. 1985)).

Todd Brandel
August 11, 2008
Page 4

     We hope to resolve these discovery issues with you during our Rule 37.2 conference. However, if we are unable to resolve these issues, we will seek the assistance of the Court.

Very truly yours,

Maureen A. Bantz

MAB/ms

cc.

     Henry Krasnow
     Douglas M. Werman
     Jamie Sypulski

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CRISTOBAL GARIBAY, RODRIGO )
ALVARENGA, and CARLOS GONZALEZ, on )
behalf of themselves and all other similarly situated )
persons, known and unknown, )
                                )
         Plaintiffs, )
                                )
         v. )   Case No. 08 C 636
                                )
GARDEN FRESH - MOUNT PROSPECT, INC., )   Judge Guzman
GARDEN FRESH – ARLINGTON HEIGHTS, INC. )
GARDEN FRESH FRUIT MARKET, INC and )
ADI MOR, individually, )
                                )
         Defendants. )

### PLAINTIFF CRISTOBAL GARIBAY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

Plaintiff Cristobal Garibay, by his undersigned counsel, requests that the Defendants produce, within thirty (30) days of service, all documents in its possession, whether in hard copy or in electronic form, as follows. The Definitions and Instructions attached to the Plaintiff Garibay's First Set of Interrogatories apply herein.

### DEFINITIONS

A.     "THE IMWL RELEVANT TIME PERIOD" means January 1, 2005 to the present.

B.     "THE IMWL PROPOSED CLASS" means the proposed Class defined in Paragraph 19 of the Complaint.

C.     The term "DOCUMENT(S)" means any kind of written, typewritten, printed, or recorded material whatsoever, including but not limited to, any notes, memoranda, charges, complaints, claims, affidavits, statements, papers, files, forms, data, tapes (audio, video, or

1

other), printouts, letters, reports, communications, contracts, agreements, computer discs, video

discs, laser discs, electronic mail (e-mail), telegrams, records, correspondence, diaries, calendars,

recordings and transcripts of recordings, information retrievable from computers, photographs,

diagrams, or any other writing, however produced or reproduced, and further includes, without

limitation, originals, all file copies, all other copies, no matter how prepared, and all drafts

prepared in connection with such DOCUMENTS whether or not used, within the possession,

custody, and/or control of DEFENDANTS or any of them, and/or their agents, attorneys,

accountants, physicians, psychologists, counselors, and/or any other person who may act on their

behalf, excepting only those DOCUMENTS which are privileged or otherwise protected from

discovery, as to which the claim of privilege or protection is specifically stated by written notice

to Plaintiff.

F.     "DEFENDANTS" and the pronoun "YOU" refer to all Defendants names in the

Complaint and its subsidiaries, affiliates, agents, employees, representatives, and unless

privileged, attorneys, as well as any predecessor, successor, entity, agency, or committee formed,

controlled by or otherwise affiliated with Defendant.

**PLAINTIFFS REQUEST THAT WHERE AVAILABLE ALL RESPONSIVE LISTS AND CLASS INFORMATION, INCLUDING ALL TIME AND PAYROLL INFORMATION, BE PRODUCED IN ELECTRONIC AND IMPORTABLE FORMAT (I.E., MICROSOFT EXCEL (.XLS), OR SYMBOLIC LINK (SYLK)(.SLK), OR IN COMMA SEPARATED VALUE (.CSV).**

**DOCUMENT REQUEST NO. 1**

For each Plaintiff, all documents related to their employment with Defendants including,

but not limited to,

        a.       Their personnel files;

        b.       Records pertaining to their job duties and job responsibilities;

2

    c.      Job description(s);

    d.      Weekly work schedules;

    e.      Name and address of each work site they were assigned to work and the dates such assignments were made;

    f.      Time sheets, time cards, or punch cards or other documents showing the number of hours worked in each week.

## DOCUMENT REQUEST NO. 2

All employee handbooks, personnel policies, human resources guides, recruitment materials given to, or governing the employment of Defendants' employees.

## DOCUMENT REQUEST NO. 3

All communications between Defendants, on the one hand, and the Illinois Department of Labor and/or U. S. Department of Labor on the other hand, during the IMWL Relevant Time Period relating to Defendants' payment of, or failure to pay, overtime pay or wages.

## DOCUMENT REQUEST NO. 4

All Documents relating to or reflecting complaints (whether formal or informal) by any member of the IMWL Potential Class regarding overtime pay.

## DOCUMENT REQUEST NO. 5

All documents describing Defendants' document retention/destruction policy (e.g., when such policies were implemented, what changes have occurred since that time, etc.).

## DOCUMENT REQUEST NO. 6

With respect to each IMWL Proposed Class member who worked for Defendants during

3

the IMWL Class Period, all records or documents identifying the following:

    a.    The employee's full name as used for record-keeping purposes and, on the same record, the employee's identifying symbol or number if it is used in place of the name on any time, work, or payroll records;

    b.    The employee's home address, including zip code;

    c.    The employees' complete personnel file;

    d.    The time of day and day of the week on which the employee's work week begins;

    e.    The regular hourly rate of pay for any work week in which overtime compensation is or was due; an explanation of the basis of pay showing the monetary amount paid on either a (i) per hour, (ii) per day, (iii) per piece, (iv) job rate, (v) commission on sales, (vi) or other basis; and the amount and nature of each payment that is excluded from the regular rate;

    f.    The total number of hours each person worked in each individual work week;

    g.    The total daily or weekly straight-time earnings or wages due for hours worked during the workday or week, exclusive of premium overtime compensation;

    h.    The total premium paid over and above straight-time earnings for overtime hours;

    i.    The total additions to or deductions from wages paid each pay period, including employee purchase orders or wage assignments. The individual employee records must also include the dates, amounts, and nature of items that make up the total additions and deductions;

    j.    The total wages paid each pay period;

    k.    The date of payment and the pay period covered by the payment;

    l.    The date and amount of any bonus or other compensation paid.

4

## DOCUMENT REQUEST NO. 7

All documents relating to or describing any computer software utilized by Defendant since January 1, 2004, that allows Defendant to track or record the amount of wages paid to Plaintiffs and the IMWL Proposed Class, including manuals for such software.

## DOCUMENT REQUEST NO. 8

All documents regarding any (a) claims filed in any administrative agency, or state or federal courts against Defendant, or (b) investigations by the state or federal Department of Labor, concerning Defendant's failure to pay overtime or other compensation to its employees in the six (6) years prior to Plaintiffs filing their Complaint. Such documents should include, but not be limited to, all internal memorandum and other notes regarding Defendants' internal investigations into such claims and/or complaints and all pleadings and settlement documents related to Case No, 2004 CH 11421, filed in the Circuit Court of Cook County, and Case No. 05 C 643, filed in the Northern District of Illinois.

## DOCUMENT REQUEST NO. 9

All management or supervisory manuals used by Defendant in the five (5) years prior to Plaintiffs filing their Complaint.

## DOCUMENT REQUEST NO. 10

All handbooks, manuals, policies and documents describing or concerning the procedure, custom, practice, or policy for keeping track of a employee's hours that Defendant has used, published, relied on, or distributed since January 1, 2005.

5

## DOCUMENT REQUEST NO. 11

All handbooks, manuals, policies and documents describing or concerning the issue of docking, or the circumstances under which an employee's pay may be docked or subject to reduction, or policies, procedures, customs, or practices concerning the docking or reduction of an employee's pay that Defendant has used, published, relied on, or distributed since January 1, 2005.

## DOCUMENT REQUEST NO. 12

Articles of Incorporation and Bylaws for:

     a.     Garden Fresh Market – Chicago;

     b.     Garden Fresh Market – Wheeling;

     c.     Garden Fresh Market – Mundelein, LLC;

     d.     Garden Fresh Market – Northbrook, Inc;

     e.     Garden Fresh - Mt. Prospect, Inc;

     f.     Garden Fresh - Arlington Heights, Inc., Inc.;

     g.     Garden Fresh - Round Lake Beach, Inc.;

     h.     Garden Fresh – Naperville, Inc.;

     i.     Garden Fresh – Skokie, Inc.;

     j.     Garden Fresh – Crystal Lake, Inc.

## DOCUMENT REQUEST NO. 13

All documents describing the corporate organizational structure of each of the Garden Fresh entities identified above in Request No 12, above, from Store Manager to lowest level

6

manager at each store during the three (3) years prior to the Complaint being filed in this case. Such documents should include, but not be limited to each division or department, the job titles within each store, and the persons holding board, officer or management positions within the Defendants' operations.

## DOCUMENT REQUEST NO. 14

A list, in electronic and importable format (i.e., Microsoft Excel (.xls), or Symbolic Link (SYLK)(.slk)), of each person who worked on one or more days for each of the Garden Fresh entities identified above in Request No 12, above.

## DOCUMENT REQUEST NO. 15

A list, in electronic and importable format (i.e., Microsoft Excel (.xls), or Symbolic Link (SYLK)(.slk)) or Comma Separated Value (.csv) of all persons employed as upper management to those identified in response to Request No. 12, including their name, address, telephone number, dates of employment, locations of employment, and employee number.

## DOCUMENT REQUEST NO. 16

All documents that identify or describe all efforts taken by Defendants to determine whether or not they were in compliance with the Fair Labor Standards Act or other wage and hour laws.

## DOCUMENT REQUEST NO. 17

All documents that identify, describe or support any claim or assertion by Defendants method of compensating the IMWL Proposed Class was performed with a good faith reasonable belief that Defendants were complying with the Fair Labor Standards Act., 29 U.S.C. 201, *et seq.*

7

**DOCUMENT REQUEST NO. 18**

All messages or other electronic documents in Defendants' email systems from January 1, 2002 to the present in which the words "wage," "overtime," "hours," or "split check," or "pay" appears.

**DOCUMENT REQUEST NO. 19**

All Documents, including databases, prepared or compiled in responding to Plaintiff Garibay's First Set of Interrogatories.

Respectfully submitted,

Dated:  May 12, 2008

DOUGLAS M. WERMAN
MAUREEN A. BANTZ
Werman Law Office, P.C.
77 W. Washington, Suite 1402
Chicago, Il 60602
(312) 419-1008

Attorneys for Plaintiff

8

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that true and correct copies of the following **Plaintiff Cristobal Garibay's First Request for Production of Documents to Defendants and Plaintiff Cristobal Garibay's First Set of Interrogatories to Defendants** were served via regular U.S. mail on May 12, 2008 on:

Jeffrey E. Schiller
David J. Ben-Dov
Deutsch, Levy & Engel, Chartered
225 West Washington Street, Suite 1700
Chicago, Illinois 60606

Lawrence R. Miller
Garden Fresh Market
7150 Capitol Drive
Wheeling, IL 60090

Douglas M. Werman

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CRISTOBAL GARIBAY, RODRIGO          )
ALVARENGA, and CARLOS GONZALEZ, on  )
behalf of themselves and all other similarly )
situated persons, known and unknown, )
                                     )    Case No. 08 C 636
            Plaintiffs,              )
                                     )    Hon. Ronald A. Guzman
      v.                             )    Judge Presiding
                                     )
GARDEN FRESH – MOUNT PROSPECT, INC., )
GARDEN FRESH – ARLINGTON HEIGHTS,    )
INC., GARDEN FRESH FRUIT MARKET, INC. )
and ADI MOR, individually,           )
                                     )
            Defendants.              )

## DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST
## REQUEST FOR PRODUCTION OF DOCUMENTS

## DOCUMENT REQUEST NO. 1

For each Plaintiff, all documents related to their employment with Defendants including, but not limited to,

a.     Their personnel files;
b.     Records pertaining to their job duties and job responsibilities;
c.     Job description(s);
d.     Weekly work schedules;
e.     Name and address of each work site they were assigned to work and the dates such assignments were made;
f.     Time sheets, time cards, or punch cards or other documents showing the number of hours worked in each week.

## RESPONSE:

Documents responsive to Request No. 1, to the extent they exist and were able to be located,

are enclosed.

## DOCUMENT REQUEST NO. 2

All employee handbooks, personnel policies, human resources guides, recruitment materials given to, or governing the employment of Defendants' employees.

**RESPONSE:**

Documents responsive to Request No. 2, to the extent they exist and were able to be located, are enclosed.

**DOCUMENT REQUEST NO.3**

All communications between Defendants, on the one hand, and the Illinois Department of Labor and/or U. S. Department of Labor on the other hand, during the IMWL Relevant Time Period relating to Defendants' payment of, or failure to pay, overtime pay or wages.

**RESPONSE:**

Documents responsive to Request No. 3, to the extent they exist and were able to be located, are enclosed.

**DOCUMENT REQUEST NO. 4**

All Documents relating to or reflecting complaints (whether formal or informal) by any member of the IMWL Potential Class regarding overtime pay.

**RESPONSE:**

Documents responsive to Request No. 4, to the extent they exist and were able to be located, are enclosed.

**DOCUMENT REQUEST NO.5**

All documents describing Defendants' document retention/destruction policy (e.g., when such policies were implemented, what changes have occurred since that time, etc.).

**RESPONSE:**

Documents responsive to Request No. 5, to the extent they exist and were able to be located, are enclosed.

**DOCUMENT REQUEST NO. 6**

With respect to each IMWL Proposed Class member who worked for Defendants during the IMWL Class Period, all records or documents identifying the following:

a.     The employee's full name as used for record-keeping purposes and, on the same

record, the employee's identifying symbol or number if it is used in place of the
name on any time, work, or payroll records;

b.    The employee's home address, including zip code;

c.    The employees' complete personnel file;

d.    The time of day and day of the week on which the employee's work week begins;

e.    The regular hourly rate of pay for any work week in which overtime
compensation is or was due; an explanation of the basis of pay showing the
monetary amount paid on either a (i) per hour, (ii) per day, (iii) per piece, (iv) job
rate, (v) commission on sales, (vi) or other basis; and the amount and nature of
each payment that is excluded from the regular rate;

f.    The total number of hours each person worked in each individual work week;

g.    The total daily or weekly straight-time earnings or wages due for hours worked
during the workday or week, exclusive of premium overtime compensation;

h.    The total premium paid over and above straight-time earnings for overtime hours;

i.    The total additions to or deductions from wages paid each pay period, including
employee purchase orders or wage assignments. The individual employee records
must also include the dates, amounts, and nature of items that make up the total
additions and deductions;

j.    The total wages paid each pay period;

k.    The date of payment and the pay period covered by the payment;

l.    The date and amount of any bonus or other compensation paid.

## RESPONSE:

Defendants object to Request No. 6 as overly broad, unduly burdensome, and not

reasonably calculated to lead to the discovery of relevant evidence to the extent it requests

information related to employees other than the three Plaintiffs, because the court has not yet ruled

upon Defendant's motion to strike the IMWL class allegations. Furthermore, Plaintiffs are not yet

entitled to the information requested related to employees other than the three Plaintiffs because

no Notice has been approved by the court to send to such employees. Documents related to the

named Plaintiffs, to the extent they exist and were able to be located, are enclosed.

## DOCUMENT REQUEST NO.7

All documents relating to or describing any computer software utilized by
Defendant since January 1, 2004, that allows Defendant to track or record the amount of
wages paid to Plaintiffs and the IMWL Proposed Class, including manuals for such software.

## RESPONSE:

Defendants object to Document Request No. 7 because it is vague, overly broad, and not

3

reasonably calculated to lead to the discovery of admissible evidence.

## DOCUMENT REQUEST NO.8

All documents regarding any (a) claims filed in any administrative agency, or state or federal courts against Defendant, or (b) investigations by the state or federal Department of Labor, concerning Defendant's failure to pay overtime or other compensation to its employees in the six (6) years prior to Plaintiffs filing their Complaint. Such documents should include, but not be limited to, all internal memorandum and other notes regarding Defendants' internal investigations into such claims and/or complaints and all pleadings and settlement documents related to Case No. 2004 CH 11421, filed in the Circuit Court of Cook County, and Case No. 05 C 643, filed in the Northern District of Illinois.

## RESPONSE:

Defendants object to Document Request No. 8 because it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The file

contents of the case numbers listed above are a matter of public record. Any internal memorandum

and other notes regarding Defendants' internal investigations are protected by the attorney-client

privilege and attorney work product doctrine.

## DOCUMENT REQUEST NO. 9

All management or supervisory manuals used by Defendant in the five (5) years prior to Plaintiffs filing their Complaint.

## RESPONSE:

Documents responsive to Request No. 9, to the extent they exist and were able to be located,

are enclosed.

## DOCUMENT REQUEST NO.10

All handbooks, manuals, policies and documents describing or concerning the procedure, custom, practice, or policy for keeping track of a employee's hours that Defendant has used, published, relied on, or distributed since January I, 2005.

## RESPONSE:

Documents responsive to Request No. 10, to the extent they exist and were able to be located,

are enclosed.

4

**DOCUMENT REQUEST NO. 11**

All handbooks, manuals, policies and documents describing or concerning the issue of docking, or the circumstances under which an employee's pay may be docked or subject to reduction, or policies, procedures, customs, or practices concerning the docking or reduction of an employee's pay that Defendant has used, published, relied on, or distributed since January 1, 2005.

**RESPONSE:**

Documents responsive to Request No. 11, to the extent they exist and were able to be located,

are enclosed.

**DOCUMENT REQUEST NO. 12** - Articles of Incorporation and Bylaws for:

a.    Garden Fresh Market — Chicago;
b.    Garden Fresh Market — Wheeling;
c.    Garden Fresh Market — Mundelein, LLC;
d.    Garden Fresh Market — Northbrook, Inc;
e.    Garden Fresh - Mt. Prospect, Inc;
f.    Garden Fresh - Arlington Heights, Inc., Inc.;
g.    Garden Fresh - Round Lake Beach, Inc.;
h.    Garden Fresh —Naperville, Inc.;
i.    Garden Fresh — Skokie, Inc.;
j.    Garden Fresh — Crystal Lake, Inc.

**RESPONSE:**

Defendants object to Request No. 12 because it asks for documents that are a matter of public

record. Furthermore, Garden Fresh – Crystal Lake, Inc. does not exist.

**DOCUMENT REQUEST NO.13**

All documents describing the corporate organizational structure of each of the Garden Fresh entities identified above in Request No 12, above, from Store Manager to lowest level manager at each store during the three (3) years prior to the Complaint being filed in this case. Such documents should include, but not be limited to each division or department, the job titles within each store, and the persons holding board, officer or management positions within the Defendants' operations.

**RESPONSE:**

Documents responsive to Request No. 13, to the extent they exist and were able to be located,

are enclosed.

**DOCUMENT REQUEST NO. 14**

A list, in electronic and importable format (i.e., Microsoft Excel (.xls), or Symbolic Link (SYLK)(.slk)), of each person who worked on one or *more days* for each of the Garden Fresh entities identified above in Request No 12, above.

**RESPONSE:**

Defendants object to Request No. 14 because it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant information to the extent it requests information related to employees other than the three Plaintiffs, because the court has not yet ruled upon Defendant's motion to strike the IMWL class allegations. Furthermore, Plaintiffs are not yet entitled to the information requested related to employees other than the three Plaintiffs because no Notice has been approved by the court to send to such employees. Documents related to the named Plaintiffs, to the extent they exist and were able to be located, are enclosed.

**DOCUMENT REQUEST NO. 15**

A list, in electronic and importable format (i.e., Microsoft Excel (.xls), or Symbolic Link (SYLK)(.slk)) or Comma Separated Value (.csv) of all persons employed as upper management to those identified in response to Request No. 12, including their name, address, telephone number, dates of employment, locations of employment, and employee number.

**RESPONSE:**

Defendants object to Request No. 15 because it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant information to the extent it requests information related to employees other than the three Plaintiffs, because the court has not yet ruled upon Defendant's motion to strike the IMWL class allegations. Furthermore, Plaintiffs are not yet entitled to the information requested related to employees other than the three Plaintiffs because no Notice has been approved by the court to send to such employees.

**DOCUMENT REQUEST NO. 16**

All documents that identify or describe all efforts taken by Defendants to determine whether or not they were in compliance with the Fair Labor Standards Act or other wage and hour laws.

6

**RESPONSE:**

   Defendants object to Request No. 16 because it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant evidence.

## DOCUMENT REQUEST NO. 17

   All documents that identify, describe or support any claim or assertion by Defendants method of compensating the IMWL Proposed Class was performed with a good faith reasonable belief that Defendants were complying with the Fair Labor Standards Act., 29 U.S.C. 201, *et seq.*

**RESPONSE:**

   Defendants object to Request No. 17 because it is vague, overly broad, and not reasonably calculated to lead to the discovery of relevant evidence.

## DOCUMENT REQUEST NO. 18

   All messages or other electronic documents in Defendants' email systems from January 1, 2002 to the present in which the words "wage," "overtime," "hours," or "split check," 'or "pay" appears.

**RESPONSE:**

   Documents responsive to Request No. 18, to the extent they exist and were able to be located, are enclosed.

## DOCUMENT REQUEST NO. 19

   All Documents, including databases, prepared or compiled in responding to Plaintiff Garibay's First Set of Interrogatories.

**RESPONSE:**

   Documents responsive to Request No. 19, to the extent they exist and were able to be located, are enclosed.

7

**GARDEN FRESH – MOUNT PROSPECT, INC.,**
**GARDEN FRESH – ARLINGTON HEIGHTS, INC.,**
**GARDEN FRESH FRUIT MARKET, INC. and ADI MOR**

By: _____

One of their attorneys

Dated:  June 25, 2008

Henry C. Krasnow, Esq. (ARDC # 1525166)
Todd M. Brandel, Esq. (ARDC # 6285806)
KRASNOW SAUNDERS CORNBLATH, LLP
500 North Dearborn Street, Second Floor
Chicago, IL  60610
(312) 755-5700
(312) 755-5720 (facsimile)

8

## CERTIFICATE OF SERVICE

The undersigned declares under penalties of perjury under the laws of the United States of America that a true and correct copy of the foregoing **Defendants' Response to Plaintiff's First Request for Production of Documents** will be served on:


Douglas M. Werman
Maureen A. Bantz
Werman Law Office, P.C.
77 West Washington Street,
Suite 1402
Chicago, Illinois 60602


and

Jamie G. Sypulski
Law Offices of Jamie G. Sypulski
122 S. Michigan Avenue
Suite 1720
Chicago, Illinois 60603


via messenger delivery on June 25, 2008.


_____
Patricia Gonzales