IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRISTOBAL GARIBAY, RODRIGO ALVARENGA, CARLOS GONZALEZ, and JOSE OBREGON, on behalf of themselves and all other similarly situated persons, known and unknown, and EVA GONZALEZ,<br><br>    Plaintiffs,<br><br>v.<br><br>GARDEN FRESH - MOUNT PROSPECT, INC., GARDEN FRESH – ARLINGTON HEIGHTS, INC., GARDEN FRESH FRUIT MARKET, INC., GARDEN FRESH MUNDELEIN LLC, GARDEN FRESH – NORTHBROOK, INC., GARDEN FRESH – CRYSTAL LAKE, INC., GARDEN FRESH PRODUCE, INC., GARDEN FRESH – NAPERVILLE, INC., GARDEN FRESH – ROUND LAKE BEACH, INC., and ADI MOR, individually,<br><br>    Defendants. | Case No. 08 C 636<br><br>Judge Guzman |

**AGREED MOTION TO EXTEND THE DATE FOR PLAINTIFFS TO FILE THEIR MOTION FOR CLASS CERTIFICATION**

The parties hereby move this Court to extend the September 22, 2008 date for Plaintiffs to file their Motion for Class Certification. In support of this Motion, the parties state as follows:

1. The First Amended Complaint in this action alleges violations of the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*, and the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq*. Plaintiffs seek to represent similarly-situated persons through a collective action under the FLSA, 29 U.S.C. § 216(b), First Amd. Compl., Count I; and a Rule 23 class action under the IMWL. *Id.*, Count II.

2. Plaintiffs allege that Defendants commonly operate eight grocery stores under the

1

brand name "Garden Fresh." Plaintiffs allege that Defendants denied employees overtime wages by, among other things, splitting employee paychecks among multiple store locations to avoid the payment of overtime wages. Plaintiffs further allege that Defendants constitute a "joint employer," as that term is expansively defined by the FLSA, and therefore Defendants are jointly and severally liable under the FLSA for the Garden Fresh stores' common violation. Defendants deny Plaintiffs allegations.

3. On August 26, 2008, the Court granted Plaintiffs' Motion to Compel certain time and payroll documents from Defendants. The documents and information are directly relevant to Plaintiffs' class action claims that Defendants' failed to pay overtime pay and are a common enterprise inasmuch as, among other things, they share workers.

4. The documents and other information Ordered by the Court, including electronic information, were due to be produced from Defendants on or before September 5, 2008. Because of the voluminous amount of documents, Defendants worked diligently but were unable to produce responsive documents or before that date.

5. On September 9, 2008, Defendants' counsel informed Plaintiffs' counsel that responsive documents in hardcopy, not in digital form, had been compiled and were available for inspection at Defendants' warehouse. Defendants' counsel has represented that over 30,000 pages of documents are available for inspection. With respect to the production of digital time and payroll information, Defendants' counsel has been unable to commit to a date that such information will be produced, because Defendants are still trying to determine whether time and payroll data is available in digital form.

6. Plaintiffs had noticed Defendants' Rule 30(b)(6) deposition on time and payroll information for September 12, 2008, anticipating the Defendants' production of documents on or

2

before September 5, 2008. Plaintiffs are unable to proceed with the Rule 30(b)(6) deposition on that date because they need to first review the documents made available at Defendants' warehouse.

7.　　As a result, the parties have agreed to continue the Rule 30(b)(6) deposition and instead, Plaintiffs will begin their review of documents in Wheeling on September 12, 2008.

8.　　Defendants are still investigating whether the electronic information requested by Plaintiffs and Ordered by the Court to be produced is actually available in electronic form. If available, the electronic information will greatly facilitate Plaintiffs' discovery of facts related to the class certification, including the number of putative class members, the number of employees who worked at multiple Garden Fresh locations in the same work week and number of hours they worked in such weeks, and the amount of unpaid overtime, if any.

9.　　In light of the unintentional delay in Defendants' production of responsive documents and delay in the production of electronic time and payroll data, the parties are in agreement that it is necessary to request that the date to file Plaintiffs' motion for class certification be extended.

10.　　This is an agreed motion and neither party will be prejudiced by an extension.

WHEREFORE, the parties respectfully request that this Court grant their motion to extend the date for Plaintiffs to file their Motion for Class Certification.

Respectfully submitted,

By: s/Douglas M. Werman　　　　　　　By: s/Todd M. Brandel
One of the Attorneys for Plaintiffs　　　　One of the Attorneys for Defendants

Douglas M. Werman　　　　　　　　　　Henry C. Krasnow, Esq. (ARDC #1525166)
Maureen A. Bantz　　　　　　　　　　　Todd M. Brandel, Esq. (ARDC #6285806)
Werman Law Office, P.C.　　　　　　　　Krasnow Saunders Cornblath, LLP
77 W. Washington, Suite 1402　　　　　　500 North Dearborn Street, 2nd Floor
Chicago, Illinois 60602　　　　　　　　　Chicago, Illinois 60610
(312) 419-1008　　　　　　　　　　　　Tel (312) 755-5700

Jamie G. Sypulski
Law Office of Jamie G. Sypulski
122 South Michigan Avenue, Suite 1720
Chicago, Illinois 60603
312/360-0960

Dated:  September 12, 2008                    Dated: September 12, 2008

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the following **Agreed Motion to Extend the Date for Plaintiffs to File Their Motion for Class Certification** was served via electronic mail on September 12, 2008 on:

Todd M. Brandel
Krasnow Saunders Cornblath, LLP
500 North Dearborn Street
Second Floor
Chicago, Illinois 60606

Lawrence R. Miller
Garden Fresh Market
7150 Capitol Drive
Wheeling, IL 60090

s/Douglas M. Werman
Douglas M. Werman